UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

APRIL CHANDLER,

                                   Plaintiff,

v.                                                                    3:24-CV-0206
                                                                          (GTS/ML)
MARK SKIPPER a/k/a Skip Archimedes;
MICHAEL MALOY, Editor; THOMAS HARRISON,
Talent Manager; DAVID GUC, Talent Manager;
EMPIRICAL MEDIA LLC; VANGUARD MGMT.
TEAM, INC; and HARRISON THOMAS GROUP LLC,

                                   Defendants.

_____

APPEARANCES:                                         OF COUNSEL:

APRIL CHANDLER
    Plaintiff, *Pro Se*
200 Washington Avenue, #7181
Endicott, NY 13760

BURDICK LAW PLLC                                 BENJAMIN M. BURDICK, ESQ.
    Counsel for Maloy Defendants
217 S. Salina St., 6th Floor
Syracuse, NY 13202

SIMON LESSER, P.C.                                 LEONARD F. LESSER, ESQ.
    Counsel for Vanguard Defendants      NATHANIEL LEVY, ESQ.
100 Park Avenue, 16th Floor
New York, NY 10017

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this civil action filed *pro se* by April Chandler

1

("Plaintiff") against Michael Maloy and Empirical Media LLC ("Maloy Defendants"), Thomas

Harrison, David Guc, Vanguard Management Team, Inc., Mark Skipper and Harrison Thomas

Group LLC ("Vanguard Defendants"), are the following three motions: (1) the Maloy

Defendants' motion to dismiss Plaintiff's Second Amended Complaint for lack of personal

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. Civ. P.

12(b)(3), or for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); (2) the Vanguard

Defendants' motion to dismiss Plaintiff's Second Amended Complaint for lack of personal

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), to transfer venue to the United States District

Court for the Central District of California pursuant to 28 U.S.C. § 1404(a), or to dismiss

Plaintiff's Second Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6); and (3) Plaintiff's motion for default judgment against Defendant Skipper pursuant to

Fed. R. Civ. P. 55(b)(2).   (Dkt. Nos. 103, 108, 119.)   For the reasons set forth below, the Maloy

Defendants' motion is granted in part and denied in part (such that Plaintiff's copyright-

infringement claims against the Maloy Defendants are transferred to the United States District

Court for the Central District of California); the Vanguard Defendants' motion to dismiss is

granted (and their motion to transfer venue is denied as moot); and Plaintiff's motion for default

judgment is denied without prejudice.

## I.       RELEVANT BACKGROUND

### A.       Plaintiff's Claims

Generally, liberally construed, Plaintiff's Second Amended Complaint alleges that,

2

between approximately November 2022, and February 2024, in Broome County, New York,

Defendants violated Plaintiff's rights in the following manner: (1) direct copyright infringement

(public performance) in violation of 17 U.S.C. § 501; (2) direct copyright infringement

(reproduction) in violation of 17 U.S.C. § 501; (3) inducement of copyright infringement in

violation of 17 U.S.C. § 501; (4) contributory copyright infringement in violation of 17 U.S.C. §

501; (5) vicarious copyright infringement in violation of 17 U.S.C. § 501; (6) conversion in

violation of 17 U.S.C. § 501; (7) sexual harassment, gender discrimination, and hostile work

environment (constituting three claims) in violation of N.Y. Exec. Law § 290; (8) tortious

interference with contract/prospective economic advantage in violation of New York State

common law; (9) intentional interference with prospective business relations in violation of New

York State common law; (10) the "crime of abuse motivated by gender" under New York City

Administrative Code § 10-1104; (11) intentional infliction of emotional distress in violation of

New York State common law; (12) stalking/cyberstalking in violation of 18 U.S.C. § 2261A;

(13) harassment in violation of N.Y. Penal Law § 240.26; (14) online piracy under the "Law of

Nations" in violation of 18 U.S.C. § 1651; and (15) libel and slander (six different claims of

each) in violation of New York State common law.   (*See generally* Dkt. No. 99, at 20-38 [Plf.'s

Second Am. Compl.].)   Familiarity with the factual allegations supporting these claims in

Plaintiff's Second Amended Complaint is assumed in this Decision and Order, which is intended

primarily for review by the parties.   (*Id*.)

### B.     Parties' Briefing on the Motions

#### 1.     The Maloy Defendants' Motion

### a.    The Maloy Defendants' Memorandum of Law

Generally, in support of their motion to dismiss, the Maloy Defendants make three

arguments.   (Dkt. No. 103, Attach. 1.)   First, the Maloy Defendants argue that Plaintiff's

Second Amended Complaint should be dismissed for lack of personal jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(2) for the following reasons: (1) for a court to exercise specific jurisdiction

over a claim, there must be an affiliation between the forum and the underlying controversy,

principally, an activity or an occurrence that takes place in the forum state; (2) here, the Maloy

Defendants do not reside (and are not alleged to reside) in the forum state (New York); (3)

furthermore, Plaintiff identifies no action that the Maloy Defendants took in New York State

giving rise to this action; and (4) most notably, Plaintiff does not allege facts plausibly

suggesting that Michael Maloy took any action in New York State, beyond being aware that

Plaintiff resides there, and that she mailed him items from there to him in California (which is

insufficient as a matter of law).   (*Id.* at 9.)

Second, the Maloy Defendants argue that Plaintiff's Second Amended Complaint should

be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) because (1) a substantial

part of the events or omissions giving rise to the claim, as stated in the factual allegations, did not

occur in New York State, and (2) Plaintiff asserts only conclusory assertions regarding venue.

(*Id.* at 8-9, 16.)

Third, the Maloy Defendants argue that Plaintiff's Second Amended Complaint should be

dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) for the following

reasons: (1) Plaintiff does not state a copyright claim given that (a) she filed prematurely under

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC,* 586 U.S. 296, 303 (2019) ("*Fourth
Estate*"), (b) Plaintiff does not plausibly allege that she owns the copyright (in that she does not
plausibly allege that she created the film or that the film was made for hire) and (c) venue for a
copyright claim does not lie in this District; (2) Plaintiff does not state a gender discrimination
claim given that (a) the Maloy Defendants are not subject to the New York State Human Rights
Law, (b) Plaintiff pleads no facts suggesting gender discrimination, and (c) the claim is untimely
under NY CPLR § 214-j; (3) Plaintiff does not state a tortious interference claim; (4) Plaintiff
cannot state a claim for the "crime of abuse motivated by gender" under New York City law,
because (a) she alleges no facts plausibly connecting her claim with New York City, and (b) in
any event, she alleges no facts plausibly suggesting any *physical* violence, which is required by
N.Y.C. Admin. Code § 10-1104 and 1103; (5) Plaintiff fails to state an intentional infliction of
emotional distress claim; (6) Plaintiff lacks a private right of action under criminal statutes; and
(7) Plaintiff does not state a claim for defamation, libel or slander, because (a) she does not
adequately identify either the speaker or listener of the allegedly defamatory statements, and (b)
she does not adequately plead how the statements were false (much less that they were
intentionally false).   (*See generally id.*)

### b.    Plaintiff's Opposition Memorandum of Law

Generally, in response to this motion, Plaintiff makes three arguments.   (Dkt. No. 122.)
First, Plaintiff argues that there is personal jurisdiction over the Maloy Defendants for the
following reasons: (1) in cases based on diversity of citizenship, the lawsuit may be filed in the
jurisdiction where the plaintiff or the defendant resides, pursuant to 28 U.S.C. § 1332; (2) here,

the Maloy Defendants meet the requisite minimum contacts for jurisdiction in this District,
because Plaintiff has been domiciled in this District since 2022, and (while residing in New York
State) she (a) signed a written "work for hire" agreement that expressly stated that the agreement
"shall be governed by the Laws of the State of New York," and (b) mailed items (including the
raw video footage in question) to the Maloy Defendants in California from her home in New
York State; (3) furthermore, Plaintiff asserts and/or alleges that the Maloy Defendants were
managed by Defendants Vanguard, Thomas Harrison, and David Guc from their remote offices
in New York State (where Harrison spends four months per year, and Guc resides more than fifty
percent of the time); and (4) finally, Plaintiff asserts and/or alleges that Michael Maloy contacted
New York State businesses, including Plaintiff's sales agent Big Media, with falsehoods that
disrupted Plaintiff's production business in New York State.   (*Id.* at 1-2, 22, 24, 44-45.)

Second, Plaintiff argues that venue is appropriate pursuant to 28 U.S.C. § 1391 because
the Northern District of New York is the Judicial District where (1) a substantial part of the
events forming the basis of the Complaint occurred, (2) a substantial part of the evidence
involved in the subject action is situated, and (3) the majority of the witnesses to the events
forming the basis of the Complaint reside.   (*Id.* at 1-2.)

Third, Plaintiff argues that she has alleged facts to plausibly state the asserted claims for
the following reasons: (1) Defendant Michael Maloy was aware he was tortiously interfering
with Plaintiff's contract and business relationships; (2) Defendants have deliberately
misrepresented to the court Plaintiff's role in making the film in order to minimize Plaintiff's
perceived involvement; (3) Defendants do not own the Chain of Title for Plaintiff's film and

have acted with malicious intent to fraudulently acquire materials on which Plaintiff holds a

copyright; (4) Plaintiff did not prematurely file this action under *Fourth Estate*, because (a) a

month before Plaintiff filed this action, the copyright had already been filed and registered by

Defendant Maloy (a situation distinguishable from that addressed in *Fourth Estate*), (b) there is

no precedent governing when such a defendant registers a copyright fraudulently, and (c) in any

event, the United States Copyright Office registered Plaintiff's copyright on February 12, 2024

(the same day that she filed this action); (5) Plaintiff has met her burden of proof as the rightful

copyright owner; (6) Plaintiff was targeted by Defendants as easy prey and discriminated against

based on her gender; (7) Plaintiff has a right to pursue claims of workplace discrimination,

harassment, and retaliation under the New York State Human Rights Law; (8) Michael Maloy

and Mark Skipper's false statements caused Big Media to pull Plaintiff's movie, causing her

financial loss and emotional distress; (9) Plaintiff has successfully pleaded facts in support of her

legal conclusion that "Quest for Youth" was a "work made for hire"; (10) Plaintiff's claim isn't

meritless and venue in this District is appropriate pursuant to 28 U.S.C. § 1391; (11) given the

diversity of Defendants and the fact that Plaintiff is domiciled in the Northern District of New

York, this Court has proper jurisdiction; (12) the emails sent by Michael Maloy and Mark

Skipper constitute tortious inference with contract, tortious inference with prospective economic

advantage, intentional interference with prospective business relations, harassment, libel and

slanderous, and resulted in the intentional infliction of emotional distress on the Plaintiff; (13)

Defendants' statements to Big Media and others that Plaintiff is an "Attempted Murderer"

resulting in Plaintiff's deal with Big Media dissolving intentionally inflicted emotional distress

on Plaintiff and is tortious inference with contract/prospective economic advantage and

intentional interference with prospective business relations; and (14) if the Court believes

Plaintiff has failed to state a claim upon which relief can be granted or that her copyright was

filed prematurely, Plaintiff requests leave to refile her action in a format that pleases the Court.

(*See generally id.* at 1-32.)

### c.    The Maloy Defendants' Reply Memorandum of Law

Generally, in reply to this response, the Maloy Defendants make three arguments.   (Dkt.

No. 127.)   First, the Maloy Defendants argue that they are not subject to personal jurisdiction in

New York for the following reasons: (1) they have not transacted any business within New York

and (a) Plaintiff's Second Amended Complaint contains no factual allegations plausibly

suggesting that there was a work-for-hire agreement in place between Plaintiff and the Maloy

Defendants, and (b) in any event, Plaintiff reached out to Michael Maloy, a California resident,

and commissioned his services to be performed in California; (2) Plaintiff offers no reason to

believe that, even if there was a business relationship between the Maloy Defendants' and

Vanguard (which allegedly had "remote offices" in New York State), that business relationship

could not give rise to jurisdiction over the Maloy Defendants absent a more concrete nexus; and

(3) the allegedly defamatory letter sent by the Maloy Defendants from California to Big Media in

New York State does not give rise to personal jurisdiction without more concrete purposeful

activities taking place within the state.   (*Id.* at 1-3, 7-8.)

Second, the Maloy Defendants argue that venue in the Northern District of New York is

improper for the following reasons: (1) Plaintiff refuses to acknowledge that "[t]he venue of suits

for infringement of copyright is not determined by the general provision governing suits in the

federal district courts," as stated in *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923);

(2) Plaintiff ignores the specific venue statute, 28 U.S.C. § 1400(a), governing copyright actions,

which states that suit should take place "in the district in which the defendant or his agent resides

or may be found"; and (3) the Maloy Defendants concur in the analysis of personal jurisdiction

and venue set forth by Vanguard Defendants in their motion papers, so far as it applies to the

Maloy Defendants.   (*Id.* at 5.)

Third, the Maloy Defendants argue that Plaintiff has failed to state a claim for the

following reasons: (1) as explained in the Maloy Defendants' memorandum of law-in-chief,

*Fourth Estate* bars this case given that the suit was filed before the copyright registration; (2)

Plaintiff's operative pleading does not allege facts plausibly suggesting the existence of a work-

for-hire agreement; (3) Plaintiff's gender discrimination claim fails; and (4) the Court should

deny leave to amend.   (*See generally id.*)

### 2.    The Vanguard Defendants' Motion to Dismiss

### a.    The Vanguard Defendants' Memorandum of Law

Generally, in support of their motion to dismiss, the Vanguard Defendants make three

arguments.   (Dkt. No. 108, Attach. 1.)   First, the Vanguard Defendants argue that there is a lack

of personal jurisdiction over them pursuant to Fed. R. Civ. P. 12(b)(2) for the following reasons:

(1) there is not a single allegation in the Second Amended Complaint of either Harrison or Guc

acting in a personal capacity (rather than in a representative capacity for Vanguard), and

therefore jurisdiction does not extend to them; (2) Plaintiff solicited Harrison's representation in

connection with her film projects organized via her California-based production company, Mephobia; (3) Vanguard is incorporated and headquartered in Los Angeles, California, with Los Angeles being Vanguard's only office, and, therefore, general jurisdiction cannot exist pursuant to NY CPLR § 301; (4) there is no specific jurisdiction pursuant to NY CPLR § 302(a)(1), given that (a) the Second Amended Complaint does not differentiate acts purportedly taken by Harrison and Guc as individuals as opposed to Vanguard as an entity, and (b) Plaintiff does not allege that any remote employee of Vanguard had any involvement in the underlying transactions that are the basis of her putative claims; and (5) the Second Amended Complaint fails to establish personal jurisdiction over Vanguard. *(Id.)*

Second, the Vanguard Defendants argue that the Court should order a transfer of venue pursuant to 28 U.S.C. § 1404(a) for the following reasons: (1) this case could have been brought in the Central District of California given that Defendants are domiciled in Los Angeles, California, and Plaintiff maintains an active business there; and (2) the balance of equities favors transfer based on consideration of Plaintiff's choice of forum, convenience of witnesses, the location of relevant documents and proof, the convenience of parties, and the locus of operative facts. *(Id.* at 21-25.)

Third, the Vanguard Defendants argue that that Plaintiff's Second Amended Complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), because the Second Amended Complaint does not contain a single specific factual allegation against the Vanguard Defendants that could reasonably support her five copyright claims or remaining sixteen tort and criminal statute-based causes of action.  *(Id.)*

10

### b.    Plaintiff's Opposition Memorandum of Law

Generally, in response to this motion, Plaintiff makes three arguments.   (Dkt. No. 123.)

First, Plaintiff argues that personal jurisdiction exits for the following reasons: (1) Defendants make a factually incorrect claim that both Plaintiff and Defendant Michael Maloy reside in California; (2) David Guc has lived in a New York City apartment for 40 years; (3) Vanguard listed their business address in New York City in numerous company documents in 2023 and 2024; (4) David Guc is Michael Maloy's manager and the founder and president of Vanguard, and therefore is liable for the actions of Vanguard and others working for him; (5) Defendants do meet the requisite minimum contacts for jurisdiction in this District; and (6) in cases based on diversity of citizenship the lawsuit may be filed in the jurisdiction where either the Plaintiff or the Defendant resides under 28 U.S.C. § 1332. (*Id.*)

Second, Plaintiff argues that venue in this District is appropriate pursuant to 28 U.S.C. § 1391, because the Northern District of New York is the Judicial District where (1) a substantial part of the events forming the basis of the Complaint occurred, (2) a substantial part of the evidence involved in the subject action is situated, and (3) the majority of the witnesses to the events forming the basis of the Complaint reside.   (*Id.*)

Third, Plaintiff argues that she has alleged facts to sufficiently state her claims for the following reasons: (1) David Guc is Michael Maloy's manager and the founder and president of Vanguard, and he therefore is liable for the actions of Vanguard and others working for him; (2) in particular, it is the duty of David Guc to manage Maloy and ensure that Maloy is not filing fraudulent applications to the Copyright office; (3) Thomas Harrison is also liable as the vice

11

president of Vanguard and not a contracted worker; and (4) if the Court believes Plaintiff has

failed to state a claim upon which relief can be granted or that her copyright was filed

prematurely, Plaintiff requests leave to amend her claims against the Vanguard Defendants.

(*Id*.)

### c.    The Vanguard Defendants' Reply Memorandum of Law

Generally, in reply to this response, the Vanguard Defendants assert three arguments.

(Dkt. No. 128.)   First, the Vanguard Defendants argue that personal jurisdiction is lacking for

the following reasons: (1) Plaintiff's response does not dispute that general jurisdiction cannot

exist over Harrison and Guc; (2) Plaintiff falsely claims that Harrison worked out of his mother-

in-law's home in New York, and thus there is insufficient ground for specific jurisdiction; (3)

Vanguard's principal address is in Los Angeles, therefore this Court cannot exercise general

jurisdiction pursuant to § 301; and (4) there are insufficient grounds for specific jurisdiction over

Vanguard as the Second Amended Complaint is devoid of any allegation that Vanguard's New

York "Mailing Address" is connected to Plaintiff's allegations against Vanguard Defendants.

(*Id.*)

Second, the Vanguard Defendants argue that, as to venue transfer, the balance of equities

in this suit favors transfer to the United States District Court for the Central District of

California, because (a) Plaintiff admitted that her California-based production company has

employees in Los Angeles, and (b) the only non-California resident named as a defendant in this

action, Mark Skipper, has an entry of default on the docket. (*Id.*)

Third, the Vanguard Defendants argue that Plaintiff's claims must be dismissed for

failure to state a claim, for the following reasons: (1) the only claims that could arguably be associated with the two non-conclusory allegations against any of the Vanguard Defendants are the copyright causes of action and claims for tortious interference with contract and intentional interference with prospective business relations causes of action, yet no claim is legitimately pleaded; (2) the copyright causes of action should be dismissed because Plaintiff seeks to create a legal duty for Vanguard based on nothing more than a legal conclusion; and (3) the tortious interference claims should be dismissed because (a) she alleges in a merely conclusory fashion that Plaintiff signed an agreement for distribution with Big Media, (b) she does not adequately allege that Big Media breached any contract with her or her company, and (c) she fails to plead that the Vanguard Defendants aimed any activity directly toward Big Media.   (*Id.*)

### 3.    Plaintiff's Motion for Default Judgment Against Defendant Skipper

Generally, in support of her motion for default judgment against Defendant Skipper, Plaintiff asserts the following five arguments: (1) Defendant Skipper was served with a copy of summons and Second Amended Complaint on July 18, 2024; (2) on August 12, 2024, a Clerk's Certificate of Default was entered; (3) to date, Defendant Skipper has not contacted the Plaintiff or the Court; (4) Plaintiff's well-pleaded allegations set forth all facts necessary to establish Defendant Skipper's liability for all causes of action plead; and (5) Plaintiff is entitled to permanent injunction because she has sufficiently demonstrated that (a) she is likely to suffer irreparable harm, (b) monetary damages alone are inadequate, (c) the balance of hardships favors her, and (d) an injunction would benefit the public interest.   (Dkt. No. 119.)

As of the date of this Decision and Order, Defendant Skipper has filed no response to this

motion.    (*See generally* Docket Sheet.)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standard Governing a Motion to Dismiss for Lack of Personal Jurisdiction

"When a defendant moves to dismiss a complaint under Rule 12(b)(2) for want of personal jurisdiction, courts must perform a two-part analysis."    *Harris v. Ware*, 04-CV-1120, 2005 WL 503935, at *1 (E.D.N.Y. Mar. 4, 2005); *accord, Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir. 2015).    "First, personal jurisdiction over a defendant must be established under the law of the state where the federal court sits."    *Harris*, 2005 WL 503935, at *1 (citing *Bank Brussels Lamber v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)); *accord, Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007).    "Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, the service of a summons establishes personal jurisdiction over a defendant 'who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.'"    *Harris*, 2005 WL 503935, at *1 (citation omitted).

"Second, if jurisdiction is established under the governing statute, courts must determine whether the exercise of jurisdiction under the relevant state law would violate the defendant's due process rights."    *Id*. (citation omitted); *accord, Best Van Lines, Inc*., 480 F.3d at 242-43.    These due process rights require that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.    *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must

14

make a prima facie showing that jurisdiction exists." *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)).   In determining whether the required showing has been made, district courts "construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." *Licci*, 732 F.3d at 167 (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *accord, A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985).

"In deciding a pretrial motion to dismiss for lack of personal jurisdiction, a district court has considerable procedural leeway." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).   Unless a court conducts "a full-blown evidentiary hearing," the plaintiff need only make "a prima facie showing of jurisdiction through its own affidavits and supporting materials to survive a motion to dismiss under Rule 12(b)(2)." *Harris*, 2005 WL 503935, at *1 (internal quotation marks and citations omitted).   What this means is that, "prior to discovery, a plaintiff may defeat a jurisdiction-testing motion by pleading in good faith, legally sufficient allegations of jurisdiction." *Id*. (internal quotation marks and citations omitted); *accord, Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) ("Such a [prima facie] showing entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'") (quoting *In re Magnetic Audiotape Antitrust Litig*., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam)). However, where a defendant "rebuts [a plaintiff's] unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction—and plaintiff[ ] do[es]

not counter that evidence—the allegation may be deemed refuted." *MEE Direct LLC v. Tran Source Logistics, Inc.*, 12-CV-6916, 2012 WL 6700067, at *2 (S.D.N.Y. Dec. 26, 2012) (citation, internal quotation marks, and footnote omitted).

**B.      Legal Standard Governing Motion to Dismiss for Improper Venue**

Pursuant to Fed. R. Civ. P. 12(b)(3), a defendant may seek dismissal of a complaint for improper venue.   Fed. R. Civ. P. 12(b)(3).   In general, the plaintiff bears the burden of demonstrating that venue is proper when served with such a motion to dismiss.   *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir.2005); *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 260 (N.D.N.Y. 2016) (McAvoy, J.).   The plaintiff satisfies that burden by pleading facts sufficient to demonstrate a prima facie showing of venue; and, in analyzing this issue, the Court views the complaint's allegations in the light most favorable to the plaintiff.   *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). The question of whether to dismiss on the basis of improper venue is entrusted to the sound discretion of the district court.   *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

To determine whether venue in this district is "improper," so as to subject it to dismissal under Fed. R. Civ. P. 12(b)(3), the Court is guided by 28 U.S.C. § 1391(b), which is applicable to claims filed pursuant to 42 U.S.C. § 1983.   *See, e.g., Phillips v. PTS of Am., LLC*, 16-CV-0466, 2017 WL 9325623, at *2 (E.D. Ky. Sept. 12, 2017) ("There is no special venue statute for § 1983 civil rights actions."). Pursuant to 28 U.S.C. § 1391(b),

> A civil action may be brought in –
> (1) a judicial district in which any defendant resides, if all
> defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or

16

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

### C.    Legal Standard Governing Motion to Transfer Venue

A district court may decide to transfer an action to another district in the interest of justice and for the convenience of the parties and witnesses.   28 U.S.C. § 1404(a); *see, e.g., Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996).   "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."   *Flaherty v. All Hampton Limousine, Inc.*, 01-CV-9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotation marks omitted).   Under federal law, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."   28 U.S.C. § 1400(b).   Whether to transfer a case is within a court's discretion.   *Dixon v. Fischer*, 07-CV-1157, 2008 WL 141786, at *1 (N.D.N.Y. Jan.11, 2008) (Homer, M.J.).   The party seeking transfer bears the burden of establishing "in [the] pleadings and affidavits the conditions necessary to justify transfer."   *Dixon*, 2008 WL 141786, at * 1.

"Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Rescuecom Corp. v. Chumley*, 522 F.Supp.2d 429, 448-49 (N.D.N.Y. 2007) (internal quotation marks omitted.)   In analyzing a motion to transfer venue under 1404(a), a court should consider the following seven factors:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotations omitted); *cf. French v. Montgomery*, 24-CV-0523, 2024 WL 4993582, at *3 (N.D.N.Y. Nov. 15, 2024) (Suddaby, J.) (holding a nine-factor test as the means of analyzing a motion to transfer under §1404(a).)

**D.    Legal Standard Governing Motion to Dismiss for Failure to State Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.   *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding

18

that ground is appropriate.    Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."    Fed. R. Civ. P. 8(a)(2) [emphasis added].    In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal."    *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case).    On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."    *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[1]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.    *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).    For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."    2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

---

[1]    *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

ed. 2003).   For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.   *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.   *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).   In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   *Twombly*, 127 S. Ct. at 1968-69.   Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.   *Id*. at 1965-74.   The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."   *Id*. at 1965.   More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.   *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).   "[D]etermining whether a complaint states a plausible claim for

20

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by

21

the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

### E.    Legal Standard Governing a Motion for Default Judgement

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant."  *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).   "First, under Rule 55(a), when a

---

[2]       *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .   Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.   It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'"
*Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule
55(b)(2), the party seeking default judgment is required to present its application for entry of
judgment to the court." *Id*. In its motion for default judgment, "the moving party must '1)
show that the defendant was properly served with a summons and complaint; 2) obtain the entry
of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is
a person, showing that he or she is not an infant or incompetent, or a member of the United
States Military Service.'" *Sloan v. Transunion, LLC*, 21-CV-0769, 2022 WL 2237639, at *2
(N.D.N.Y. June 16, 2022) (D'Agostino, J.) (citing Fed. R. Civ. P. 55(b); N.D.N.Y. L.R. 55.1,
55.2). "When an action presents more than one claim for relief . . . , the court may direct entry
of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court
expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as
true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653
F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the
damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental
Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL
4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v.
Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must
'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'"
*Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009

23

WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).   This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155.   Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ."   *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## III.    ANALYSIS

### A.    Whether the Court Should Grant the Maloy Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction

After carefully considering the matter, the Court answers the question in the negative for the reasons stated in Plaintiff's response.   *See, supra,* Part I.B.1.b of this Decision and Order. To those reasons, the Court adds the following analysis.

In determining whether an out-of-state defendant transacts business in New York State, several factors should be considered, including the following four:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 22-23 (2d Cir. 2004) (internal quotation marks and citation omitted).   "Although all factors are relevant, no one factor is dispositive and other factors may be considered."   *Sunward Electronics, Inc.*, 362 F.3d at 23 (citation omitted).

24

"[T]he ultimate determination is based on the totality of the circumstances."   *Id.* (internal quotation marks and citation omitted).

Here, with regard to the first and second factors, in her response, Plaintiff has adduced a document indicating that, as a contractor, Defendant Michael Maloy signed a work-for-hire agreement with Plaintiff and Plaintiff's media company Mephobia, which listed Plaintiff's address in New York State.   (Dkt. 122, at 44-47 [attaching agreement at Exhibit 7].)   In addition, in her response, Plaintiff has asserted that she has mailed items (including the to-be-edited "raw [video] footage" in question) to the Maloy Defendants in California from her home in New York State.   (Dkt. 122, at 9.)   Moreover, she has adduced a document indicating that Defendant Michael Maloy derived revenue from his contracted work, specifically five payments of $2,500 each, from Plaintiff.   (Dkt. No. 122, at 49 [attaching document at Exhibit 9].)   Regarding this last fact, the Court notes that New York state long-arm statute expressly provides that a court may exercise personal jurisdiction over any foreign defendant if that defendant "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. 302(a)(3)(ii).

With regard to the third factor, the work-for-hire-agreement states that the "agreement shall be governed by the laws of New York State." (Dkt. 122, at 44-47 [attaching agreement at Exhibit 7].)

Under the circumstances, the Court can, and does, find that personal jurisdiction over the Maloy Defendants exists without relying on (1) Plaintiff's allegation that Michael Maloy contacted New York State businesses, including Plaintiff's sales agent Big Media, with

falsehoods that disrupted Plaintiff's production business in New York State, and (2) Plaintiff's assertion that the Maloy Defendants were managed by Defendants Vanguard, Thomas Harrison, and David Guc from their remote offices in New York State (where Harrison spends four months per year, and Guc resides more than fifty percent of the time).   (Dkt. No. 99, at 3-4; Dkt. 123, at 2-3).

In response to the Maloy Defendants' argument that Plaintiff's Second Amended Complaint fails to allege facts plausibly suggesting that the Maloy Defendants entered into a "work for hire" contract with Plaintiff, the Court notes that, generally, on a motion to dismiss for failure to state a claim (which has also been filed by the Maloy Defendants) the Court may consider statements in a *pro se* plaintiff's response as effectively amending the allegations in her operative complaint to the extent those statements are (as here) consistent with those allegations. *Morgan v. Luft*, No. 9:15-CV-0024, 2016 WL 1118452, at *3 (N.D.N.Y. Mar. 22, 2016) (Suddaby, C.J.).   Moreover, as stated above in Part II.A. of this Decision and Order, a complaint (and, specifically, here, Plaintiff's effectively amended Second Amended Complaint) may be considered in deciding a motion to dismiss for lack of personal jurisdiction.   *Licci*, 732 F.3d at 167.

Finally, to the extent that Plaintiff has used an unverified declaration to adduce any of the above-referenced documents, the Court notes that, as also stated above in Part II.A. of this Decision and Order, a plaintiff may oppose a motion to dismiss for lack of personal jurisdiction through both "affidavits and supporting materials."   *Harris*, 2005 WL 503935, at *1 (internal quotation marks and citations omitted).

For all of these reasons, this motion is denied.

**B.      Whether the Court Should Grant the Maloy Defendants' Alternative Motion to Dismiss Plaintiff's Second Amended Complaint for Improper Venue**

After carefully considering the matter, the Court answers the question in the negative as to Plaintiff's claims *other than* her claims of copyright infringement for the reasons stated in her response.   *See, supra,* Part I.B.1.b of this Decision and Order.   However, the Court reaches a different conclusion with regard to Plaintiff's claims for copyright infringement against the Maloy Defendants, which the Court finds should be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1400(a).   *See, e.g., AEC One Stop Group, Inc. v. CD Listening Bar, Inc*., 326 F. Supp. 2d 525, 528-29 (S.D.N.Y. 2004) (concluding, pursuant to transfer analysis under 28 U.S.C. § 1400[a], that defendant residents of California would be "subject to jurisdiction" in the Central District of California and that venue in that district was appropriate).

**C.      Whether the Court Should Grant the Maloy Defendants' Alternative Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim**

After carefully considering the matter, the Court answers the question in the affirmative in part and the negative in part as stated below.

**1.      Whether Plaintiff's Claims for Copyright Infringement Should Be Dismissed Because Plaintiff Prematurely Filed Suit Under *Fourth Estate***

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Plaintiff's response.   (Dkt. No. 122, at 7.)   To those reasons, the Court

adds only that Plaintiff has adequately shown that her copyright was registered on February 12, 2024, the same day that she filed her original Complaint in this action.   (*Compare* Dkt. No. 122, at 8, 14-16, 57 *with* Dkt. No. 1.)[3]

For these reasons, Plaintiff's claims for copyright infringement survive this argument asserted by the Maloy Defendants.

> **2.    Whether Plaintiff's Claims for Copyright Infringement Should Be Dismissed Because Plaintiff Does Not Properly Allege that She Owns the Copyright**

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Plaintiff's response.   (Dkt. No. 122, at 54.)   To those reasons, the Court adds only that Plaintiff alleges facts plausibly suggesting that she owns the copyright to the film "Quest for Youth" by submitting, in response to the Maloy Defendants' motion, her Quitclaim Agreement between Plaintiff and Producer Frazer Bailey.   (Dkt. No. 122, at 54 [attaching Exhibit 12].)

For these reasons, Plaintiff's claims for copyright infringement survive this argument asserted by the Maloy Defendants.

> **3.    Whether Plaintiff's Claims for Copyright Infringement Should Be Dismissed Because Plaintiff Does Not Plausibly Allege that the Film Was Made for Hire**

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Plaintiff's response.   (Dkt. No. 122, at 44-47.)   To those reasons, the Court

---

[3]        *See also* U.S. Copyright Office Public Records System Search, https://api.public records.copyright.gov/search_service_external/copyrights/pdf?copyright_number=PAu00421996 (last visited Aug. 18, 2025).

adds only that Plaintiff alleges facts plausibly suggesting that the film was made for hire by providing, in response to the Maloy Defendants' motion, a work-for-hire contract between herself, Mephobia Media, and Michael Maloy, Empirical Media.   (Dkt. No. 122, at 44-47.)

For these reasons, Plaintiff's claims for copyright infringement survive this argument asserted by the Maloy Defendants.

### 4. Whether Plaintiff's Claim for Sexual Harassment, Gender Discrimination, and Hostile Work Environment Under the New York State Human Rights Law Should Be Dismissed for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the Maloy Defendants' memorandum of law.   (Dkt. No. 103, Attach. 1, at 16-18 [Maloy Defs.' Memo. of Law.].)

For these reasons, Plaintiff's claim for sexual harassment, gender discrimination and hostile work environment under the New York State crime f are dismissed.

### 5. Whether Plaintiff's Claim for Tortious Interference with Contract/Prospective Economic Advantage Should Be Dismissed for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the Maloy Defendants' memorandum of law.   (Dkt. No. 103, Attach. 1, at 19 [Maloy Defs.' Memo. of Law].)   To those reasons, the Court adds the following point.   To state the above-referenced claim, a plaintiff must allege facts plausibly suggesting, among other things, that there was "actual breach of contract and damages resulting therefrom."   *Rich v. Fox News Network, LLC*, 939 F.3d 112, 126-27 (2d Cir. 2019).   (Dkt. No. 103, Attach. 1, at 19 [Maloy Defs.' Memo. of Law].)   Here, Plaintiff's Second Amended Complaint fails to allege

29

facts plausibly suggesting a breach of contract or actual damages.   (*See generally* Dkt. No. 99.)

For these reasons, Plaintiff's claim for tortious interference with contract/prospective economic advantage is dismissed.

### 6.    Whether Plaintiff's Claim for Intentional Interference with Prospective Business Relations Should Be Dismissed for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the Maloy Defendants' memorandum of law.   (Dkt. No. 103, Attach. 1, at 19 [Maloy Defs.' Memo. of Law].)

For these reasons, Plaintiff's claim for intentional interference with prospective business relations is dismissed.

### 7.    Whether Plaintiff's Claim for Crime of Violence Motivated by Gender Should Be Dismissed for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the Maloy Defendants' memorandum of law.   (Dkt. No. 103, Attach. 1, at 21 [Maloy Defs.' Memo. of Law].)   To those reasons, the Court adds only one point. Section10-1104 of the New York City Administrative Code confers a private cause of action upon victims of a "crime of violence motivated by *gender*."   N.Y.C. Admin. Code § 10-1104 (emphasis added).   Even if the claim fell within the jurisdiction of New York City, and even if the claim plausibly alleged *physical* violence, the claim would fail, because no facts are alleged plausibly suggesting that the crime was committed because of Plaintiff's gender or on the basis of her gender, and due, at least in part, to an animus based on her gender.   *See* N.Y.C. Admin.

30

Code § 10-1103 ("The term "crime of violence motivated by gender" means a crime of violence committed *because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender*.") (emphasis added).

For these reasons, Plaintiff's claim for the crime of violence motivated by gender is dismissed.

### 8.    Whether Plaintiff's Claim for Intentional Infliction of Emotional Distress Should Be Dismissed for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law.   (Dkt. No. 103, Attach. 1, at 22 [Maloy Defs.' Memo. of Law].)   To those reasons, the Court adds the following point.   In support of this claim, Plaintiff alleges facts plausibly suggesting the elements of only extreme and outrageous conduct and intent; she does not allege facts plausibly suggesting a causal connection between conduct and injury, or actual severe emotional distress.

For these reasons, Plaintiff's claim for intentional infliction of emotional distress is dismissed.

### 9.    Whether Plaintiff's Claims for Stalking, Harassment, and Piracy Should Be Dismissed Because Plaintiff Lacks a Private Right of Action Under Either State or Federal Criminal Statutes

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the Maloy Defendants' memorandum of law.   (Dkt. No. 103, Attach. 1, at 23 [Maloy Defs.' Memo. of Law].)   To those reasons, the Court adds the following point.   As indicated by the Maloy Defendants, there is "no private right of action to enforce either state or federal criminal statutes." *Israel v. City of Syracuse*, 21-CV-0915, 2021 U.S. Dist. LEXIS

31

198036, *18 (N.D.N.Y. Sep. 16, 2021) (Lovric, M.J.), *adopted*, 2021 U.S. Dist. LEXIS 196916 (N.D.N.Y. Oct. 13, 2021) (Hurd, J.) (dismissing putative claim under N.Y. Penal Law § 240.26); *see also Cain v. Christine Valmy Int'l Sch. of Esthetics*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) ("Case law is . . . unanimous that no private right of action is available under [18 U.S.C.] § 2261A.") (collecting cases); *Wagner v. Stout St. Fund I L.P.*, 13-CV-4256, 2013 U.S. Dist. LEXIS 124682, *10 (E.D.N.Y. Aug. 30, 2013) ("[18 U.S.C.] § 1651, … relating to piracy … neither provide[s] a private cause of action nor appear[s] to have any relevance to Plaintiff's claims"). (Dkt. No. 103, Attach. 1, at 23 [Maloy Defs.' Memo. of Law].)

For these reasons, Plaintiff's claims for stalking, harassment and piracy are dismissed.

### 10. Whether Plaintiff's Claims for Libel and Slander Should Be Dismissed for Failure to State a Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the Maloy Defendants' memorandum of law. (Dkt. No. 103, Attach. 1, at 24 [Defs.' Memo. of Law].)

For these reasons, Plaintiff's claims for libel and slander are dismissed.

### D. Whether the Court Should Grant the Vanguard Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction

After carefully considering the matter, the Court answers the question in affirmative for the reasons stated in the Vanguard Defendants' memoranda of law. *See, supra,* Part I.B.2.a and c of this Decision and Order. To those reasons, the Court adds only one point.

Even construing Plaintiff's Second Amended Complaint and opposition papers with the utmost of special solicitude, the Court is unable to find that whatever personal involvement the

Vanguard Defendants had in Plaintiff's claims against the Maloy Defendants occurred while the Vanguard Defendants were in New York.   In any event, even if the Court were to find that personal jurisdiction existed over the Vanguard Defendants, the Court would find a lack of factual allegations plausibly suggesting their personal involvement in the claims asserted, as indicated below in Part III.F. and III.G. of this Decision and Order.

For these reasons, the Vanguard Defendants' motion to dismiss is granted.

### E.     Whether the Court Should Grant the Vanguard Defendants' Alternative Motion to Transfer Venue

After carefully considering the matter, the Court denies this motion as moot, given the Court's conclusions as stated above in Part III.D. of this Decision and Order, and below in Parts III.F. and III.G. of this Decision and Order.

### F.     Whether the Court Should Grant the Vanguard Defendants' Alternative Motion to Dismiss Plaintiff's Second Amended Complaint for Improper Group Pleading Under Fed. R. Civ. P. 8

Because the Court construes this argument as properly arising under Fed. R. Civ. P. 12(b)(6), and/or being duplicative of Plaintiff's argument below in Part III.G. of this Decision and Order,[4] the Court will address this argument below in Part III.G. of this Decision and Order.

---

[4]     *See, e.g., Morris v. City of New York*, 20-CV-9314, 2022 WL 2866450, at *1 (S.D.N.Y. July 21, 2022) ("This Court found that the FAC improperly lumped the individual defendants in group pleadings and failed to allege their personal involvement in any of the alleged constitutional violations."); *Darby v. N.J. Dep't of Corr.*, 20-CV-1360, 2023 WL 6890911, at *5 (D.N.J. Oct. 19, 2023) ("As Plaintiff has once again improperly engaged in the same group pleading tactic -- using a single, unclear block allegation which he repeats as to each Defendant without specifying how each was personally involved in the alleged wrong [--] Plaintiff has failed to properly plead a plausible claim for relief as to his censorship claim."); *Doe v. Bd. of Educ. of Glenbard Township High Sch. Dist. 87*, 21-CV-4909, 2022 WL 2390940, at *5 (N.D. Ill. July 1, 2022) ("Defendants move to dismiss all claims against individual defendants

**G.    Whether the Court Should Grant the Vanguard Defendants' Alternative Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim**

After carefully considering the matter, the Court answers the question in the affirmative for the reasons stated in Defendants' memoranda of law.   *See, supra,* Part I.B.2.a and c of this Decision and Order.   To those reasons, the Court adds only that, even when it liberally construes Plaintiff's Second Amended Complaint with the utmost of special leniency, the Court renders the following five findings: (1) Plaintiff does not assert factual allegations plausibly suggesting that the Vanguard Defendants were personally involved in the copyright infringement alleged; (2) Plaintiff's conversion claim against the Vanguard Defendants arises only from acts allegedly committed by the Maloy Defendants; (3) Plaintiff's claims of tortious interference and intentional interference with prospective business relations against the Vanguard Defendants arise only from acts allegedly committed by Defendants Maloy and Skipper; (4) Plaintiff's claims of cyber stalking, harassment, and piracy against the Vanguard Defendants arise only from acts allegedly committed by Defendant Skipper and non-party Ellis; and (5) Plaintiff's libel and slander claims against the Vanguard Defendants arise only from what Defendant Skipper and non-party Ellis allegedly published on websites and in communications.   (*See generally* Dkt. No. 99 [Plf.'s Second Am. Compl.].)

For these reasons, Plaintiff's claims against the Vanguard Defendants are dismissed.

**H.    Whether the Court Should Grant Plaintiff's Motion for Default Judgment Against Defendant Skipper**

---

Monaghan, Larson, Mitchell, Ochoa, McGann, and Jeffrey for failure to plead personal involvement and for improper 'group pleading.'").

34

After carefully considering the matter, the Court denies this motion without prejudice to renewal in the United States District Court for the Central District of California.   The Court does so because a default judgment may not be entered with regard to a claim that fails to state a claim upon which relief can be granted.   *See Choi v. 37 Parsons Realty LLC*, 642 F.Supp.3d 329, 331 (E.D.N.Y. 2022) ("It is settled law that a court may deny a motion for a default judgment if it determines *sua sponte* that the complaint fails to state a claim."); *W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) ("Before judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief.").

Here, with regard to all of Plaintiff's claims against Defendant Skipper *other than* her copyright infringement claims against him, the Court has already found those claims (specifically, to the similar extent that they are asserted against the Maloy Defendants) to fail to state a claim upon which relief may be granted.   *See, supra,* Parts III.C.4 through 10 of this Decision and Order.   As a result, the Court may, and does, *sua sponte* dismiss those *pro se* claims (which have already been amended, and which Plaintiff has received notice regarding) without prejudice to renewal during the pendency of this action in the United States District Court for the Central District of California upon the filing of a successful motion to amend pursuant to Fed. R. Civ. P. 15(b)(1).

With regard to Plaintiff's copyright infringement claims against Defendant Skipper, the Court is somewhat reluctant to find the same sort of actionable conduct that is alleged against the Maloy Defendants; however, the Court finds that issue to be more appropriately addressed by the

United States District Court for the Central District of California (e.g., should it have the occasion to evaluate the sufficiency and/or merits of Plaintiff's copyright claims against the Maloy Defendants).   *See Stross v. NetEase, Inc.*, 20-CV0861, 2020 WL 5802419, at *10 n.12 (C.D. Cal. Aug. 20, 2020) ("Although 28 U.S.C. § 1400(a) controls venue for copyright infringement actions, . . . venue is proper over a foreign corporate defendant in any judicial district, even in copyright infringement actions.").

**ACCORDINGLY**, it is

**ORDERED** that the Maloy Defendants' motion to dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 103) is **GRANTED in part** (specifically to the extent it seeks transfer of Plaintiff's copyright infringement claims against the Maloy Defendants to the United States District Court for the Central District of California, and the extent that it seeks the dismissal without prejudice of Plaintiff's remaining claims against the Maloy Defendants) and **otherwise DENIED;** and it is further

**ORDERED** that the Vanguard Defendants' motion to dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and/or failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 108) is **GRANTED**, and their alternative motion to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) is **DENIED as moot**; and it is further

**ORDERED** that Plaintiff's motion for default judgment against Defendant Skipper

pursuant to Fed. R. Civ. P. 55(b)(2) (Dkt. No. 119) is **<u>DENIED</u> without prejudice** to renewal in

the United States District Court for the Central District of California; and it is further

      **ORDERED** that all of Plaintiff's claims other than her copyright infringement claims

against the Maloy Defendants and Defendant Skipper in her Second Amended Complaint (Dkt.

No. 99) are **<u>DISMISSED</u> without prejudice** to renewal during the pendency of this action in the

United States District Court for the Central District of California upon the filing of a successful

motion to amend pursuant to Fed. R. Civ. P. 15(b)(1); and it is further

      **ORDERED** that Plaintiff's copyright infringement claims against the Maloy Defendants

and Defendant Skipper in her Second Amended Complaint (Dkt. No. 99) are **TRANSFERRED**

to the United States District Court for the Central District of California pursuant to 28 U.S.C. §

1400(a).

Dated: August 25, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge