FILED
CLERK, U.S. DISTRICT COURT
10/21/2025
CENTRAL DISTRICT OF CALIFORNIA
BY     GSA     DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

Central District of California

| | |
|---|---|
| APRIL CHANDLER. ) | Case No. 2:25-cv-08210-MWC |
| ) | |
| Plaintiff ) | |
| ) | |
| -against- ) | |
| ) | **MOTION TO AMEND** |
| ) | **COMPLAINT** |
| ) | |
| MARK SKIPPER AKA SKIP ARCHIMEDES, ) | |
| MICHAEL MALOY, EMPIRICAL MEDIA LLC ) | |
| ) | |
| ) | |
| Defendants ) | |
| ) | |

**MOTION TO AMEND COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, April Chandler (hereinafter referred to as "Plaintiff"), respectfully moves for leave to amend her complaint to remove the dismissed causes of action and the Vanguard Defendants. This amendment aims to expedite judicial proceedings and enhance clarity regarding the surviving claims. The proposed changes will not prejudice the Defendants; rather, they will facilitate a better understanding of the allegations against them, allowing for a more efficient response.

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff seeks to ensure that the case can be adjudicated based on the merits of the remaining claims. Plaintiff attaches an Affidavit in support of motion, and an unsigned copy of proposed amended pleading redlined, as ordered, ECF 173;

## I. Introduction

Plaintiff is an independent filmmaker who produced and directed the documentary film *Quest For Youth*. The film has a runtime of nearly two hours and incorporates no less than 90% of Plaintiff's original raw footage. This includes A-Roll interviews featuring experts conducted by Plaintiff and/or Frazer Bailey from various locations around the world over several years, as well as B-Roll footage that includes Plaintiff's narration throughout the entirety of the film. The remaining 10% of the footage consists of stock footage licensed from third-party platforms, which Defendant Michael Maloy and Empirical Media LLC sourced to fill gaps while contracted to work with Plaintiff as a "work-made-for-hire" contractor for compensation.

Plaintiff is the sole individual authorized to distribute the cast interviews, as stipulated in the video releases signed by each participant. Plaintiff maintains ownership of the Chain of Title and filed for copyright protection of her work, creativity, originality, and fixation on February 8, 2024, which was accepted for filing on February 12, 2024. However, Plaintiff experienced a delay in receiving her Copyright Certificate due to a two-month investigation conducted by the U.S. Copyright Office following Defendant Michael Maloy's fraudulent copyright claim for Plaintiff's film, filed on January 14, 2024, which infringed upon Plaintiff's rights to her creativity, originality, and fixation.

## II. Procedural Posture

In this action, Plaintiff alleges that Defendants have infringed her copyright, harassed and harmed her and filed suit for the following causes of action: (i) Copyright Infringement - Public Performance; (ii) Copyright Infringement - Reproduction; (iii) Inducement of Copyright Infringement; (iv) Contributory Copyright Infringement; (v) Vicarious Copyright Infringement; (vi) Conversion; (vii) Sexual Harassment, Gender Discrimination and Hostile Work

Environment; (viii) Tortious Inference with Contract/Prospective Economic Advantage; (iv) Intentional Inference with Prospective Business Relations; (x) Crime of Abuse Motivated by Gender; (ix) Intentional Infliction of Emotional Distress; (xii) Stalking/Cyberstalking; (xiii) Harassment; (xiv) Piracy Under Law of Nations; (xv - xxi) Liber and Slander.

All non-copyright claims, specifically claims seven through through twenty-one, were dismissed by the Honorable U.S. District Judge Suddaby, along with all claims against the Vanguard Defendants, as detailed in ECF 142. Consequently, the remaining causes of action against Defendants Mark Skipper, a.k.a. Skip Archimedes, Michael Maloy, and Empirical Media LLC are claims one through six.

Plaintiffs Summons issued on February 13th, 2024, ECF 3 and Complaint filed in this action on February 12th, 2024, ECF 1. Amended Complaint filed March 10th, 2024, ECF 14, Second Amended Complaint filed June 28th, 2024, ECF 99.

Defendant Mark Skipper aka Skip Archimedes summons returned executed, ECF 30. Defendants Michael Maloy and Empirical Media LLC summons returned executed, ECF 27 and 28.

Defendants will not suffer any prejudice from Plaintiff's amendment of her complaint, which seeks to streamline the judicial process. In fact, amending the complaint will provide greater clarity for Defendants, particularly in light of the dismissal of certain causes of action and Vanguard Defendants.

### III.     Memorandum of Law

**A.     Plaintiffs' well-pleaded allegations set forth all facts necessary to establish Defendant's liability for all causes of action plead**

Plaintiffs' well-pleaded allegations set forth all facts necessary to establish its rights in copyright infringement and Defendants liability for all non-dismissed causes of action plead, including (i) Copyright Infringement - Public Performance; (ii) Copyright Infringement - Reproduction; (iii) Inducement of Copyright Infringement; (iv) Contributory Copyright Infringement; (v) Vicarious Copyright Infringement; (vi) Conversion.

There is no dispute regarding any material facts pertaining to Plaintiff's raw footage and Chain of Title. Defendant Michael Maloy and Empirical Media LLC served as a "work-made-for-hire" contractor, operating as editor under Plaintiff's direction and vision for the film. Absent Plaintiff's creativity, originality, fixation, and raw footage, there would have been no material for Defendants Michael Maloy and Empirical Media LLC to edit or claim copyright over.

Plaintiff commenced this lawsuit in February 2024—21 months ago—without any prior legal knowledge or understanding of the judicial system, but she nonetheless provided a clear statement supported by sufficient factual matter for the Court's consideration allowing her copyright claims to survive Defendant's Michael Maloy and Empirical Media LLC's motion to dismiss. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Trachtenberg v. Dep't of Educ., 937 F. Supp. 2d 460, 465 (S.D.N.Y. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [plaintiff's claim]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In addition to the facts alleged in the complaint, a court may consider "documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). "In copyright

infringement actions, the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." Peter v. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010).

Plaintiff has submitted exhibits to the Court that substantiate the facts outlined in her complaint. While procedural errors and a lack of legal understanding led to the dismissal of certain causes of action, copyright claims have survived, allowing her case to be evaluated on its merits rather than being dismissed on procedural grounds. The complaint, along with exhibits—including video releases, a quitclaim agreement with Fraser Bailey, Plaintiff's raw footage, and the documentary film—provided the Court with sufficient information to assess the question of ownership and evaluate the merits of Plaintiff's claims against Defendants Mark Skipper aka Skip Archimedes, Michael Maloy and Empirical Media LLC for copyright infringement.

Defendant's Maloy and Empirical Media LLC thus far however, have submitted pure speculation and conjecture for their arguments."Courts have no obligation to entertain pure speculation and conjecture." Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011); accord Jackson v. Seewald, 2012 U.S. Dist. LEXIS 62442, at *3 (S.D.N.Y. Mar. 14, 2012). Here, on its face, the film at issue is self-evidently a documentary, and Defendants Michael Maloy and Empirical Media LLC have confirmed that the Documentary Film is from Plaintiff's raw footage and offered no specific arguments to the contrary.

Plaintiff submits that the factual record must be further developed: that not only is her Complaint before this Court, but also Plaintiff's raw footage, and Documentary Film Quest For Youth and previous cut, Fountain of Youth. A document or recording incorporated by reference into a complaint – such as the raw footage and Documentary - is "treated as if it were fully set forth within the primary document." *Sands Bros. & Co. v. Hyseq, Inc.*, 1997 U.S. Dist. LEXIS 15564,

at *9 (S.D.N.Y. Oct. 6, 1997). In the copyright context specifically, "the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010); see Cariou v. Prince, 714 F.3d 694, 707 (2d Cir. 2013) The Documentary and raw footage are thus fully before this Court and may be considered in connection with Plaintiff's complaint and this motion.

**B.      Plaintiffs are entitled to a permanent injunction.**

Plaintiffs seek a permanent injunction enjoining Defendants from ever again using Plaintiff's raw footage, chain of title documents, film, creativity, originality or fixation. A plaintiff sufficiently demonstrates the need for a permanent injunction by showing: (1) irreparable harm; (2) that monetary damages alone are inadequate; (3) that the balance of hardships favors the plaintiff; and (4) that an injunction would benefit the public interest. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). These elements are satisfied here.

    **1.      Plaintiff Faces Irreparable Harm.**

A permanent injunction is an appropriate remedy when there is a "cognizable danger of a recurrent violation" that goes beyond a "mere possibility." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). Defendants conduct were not only egregious and the source of Plaintiffs' significant and continued suffering, but was maliciously calculated to inflict harm and benefit financially from Plaintiff's creativity, originality and fixation, including registering Plaintiff's copyright fraudulently with the United States Copyright Office.

    This injunctive relief constitutes the only means to ensure that the Defendants do not inflict any future harm to Plaintiff and is therefore a "necessary remedy" that is "proper in scope." *Sharpe v. Cureton*, 319 F.3d 259, 273 (6th Cir. 2003). Thus, injunction is the only

remedy available to Plaintiffs to limit future injury. Plaintiff is properly alleging and can prove relevant injury. Thus, they are not merely presuming that harm will result, but have illustrated with specific evidence how harm actually is resulting from Defendants conduct.

### 2. Inadequacy of Monetary Damages.

The Plaintiff asserts that monetary damages alone are inadequate to remedy the harm caused by the Defendant's copyright infringement. This inadequacy stems from the unique nature of the Plaintiff's creative work, which has intrinsic value that cannot be adequately quantified in financial terms. The ongoing infringement threatens not only the Plaintiff's current and future earnings, but also her reputation and artistic integrity, which are crucial to her career as a filmmaker. As such, financial compensation would fail to address the irreparable harm inflicted, leaving the Plaintiff without the means to protect her creative rights and the integrity of her work. Therefore, a permanent injunction is necessary to prevent further infringement and preserve the Plaintiff's ability to control her creative output.

### 3. The Balance of Hardships Favors Plaintiffs.

Plaintiffs' emotional distress and financial hardship will continue if the injunction is not granted. While the severity of harm for Plaintiff is great and realistically indefinite, nothing suggests Defendant will suffer any harm if injunctive relief is granted. In fact, quite the opposite. The injunction merely asks Defendants to act professional, not infringe on Plaintiff's work, originality, creativity, or fixation, which is not unreasonable in a civilized society.

### 4. Injunctive Relief Serves the Public Interest.

There is a public interest in redressing injuries resulting from copyright infringement. Here, an injunction would protect Plaintiff from severe harm and send a message that Defendants conduct is intolerable. This action would serve as a clear statement that such conduct is unacceptable,

potentially safeguarding other female filmmakers from similar injustices within Hollywood's entrenched networks. Without an injunction, Defendants would be rewarded for their conduct and would benefit financially from Plaintiff's creativity, originality and fixation, which would be against the public interest because of its precedential effect.

## IV. Conclusion

Plaintiff has established that Defendants engaged in an egregious campaign leading to copyright infringement intended to cause Plaintiff harm. They intentionally inflicted emotional distress on Plaintiff, and their conduct reaching out to business associates, including Plaintiff's sales agent Big Media to disrupt her film and stop her film from being distributed internationally, impacting her livelihood amounts to copyright infringement. Since the beginning of this litigation, Defendants have not disputed any of this and, in fact, knowingly stated that Plaintiff owns the raw footage and chain of title for her film Quest For Youth. For these and the reasons stated herein, this Court should grant Plaintiff's Motion in its entirety and allow Plaintiff to amend her complaint. Plaintiff includes a proposed amended pleading redlined and affidavit in support of her motion.

Respectfully submitted,

Dated: 10/21/2025

_____

April Chandler

Plaintiff