

FILED

CLERK, U.S. DISTRICT COURT

10/29/25

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Michael Maloy
*Pro se*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| APRIL CHANDLER, <br><br> *Plaintiff,* <br><br> v. <br><br> MARK SKIPPER aka SKIP ARCHIMEDES; MICHAEL MALOY; EMPIRICAL MEDIA LLC, <br><br> *Defendants.* | Case No.: 2:25-cv-08210-MWC-PVC <br><br><br> **OPPOSITION TO PLAINTIFF'S MOTION TO AMEND** |

## INTRODUCTION

Defendant Michael Maloy opposes Plaintiff April Chandler's motion to amend her Second Amended Complaint (SAC), ECF No.193.

## ARGUMENT

Plaintiff's SAC was her third amended complaint and still failed to meaningfully state any cause of action upon which relief could be granted. Nothing Plaintiff can say will change that. Her proposed amended complaint, ECF No.193-1, is substantively meritless and based on legal conclusions unmoored from factual allegations.

1

Plaintiff had attempted several times prior to the SAC to file supplemental or

further amended complaints, but was denied. Moreover, Plaintiff, in her response

to Maloy Defendants motion to dismiss her SAC, ECF No.122,  offered unsworn

evidence that Judge Suddaby used as predicates in his Decision and Order. In other

words, Plaintiff was granted a back door amendment.

In effect then, Plaintiff April Chandler has had four 'bites at the apple'.

While courts may be more lenient with pro se plaintiffs, granting leave to amend is

a discretionary decision. A court can deny further amendments if a plaintiff

repeatedly fails to correct issues in their filings, demonstrating an inability or

refusal to properly prosecute their claim.

The same lenience that courts grant pro se plaintiffs should also be granted

to pro se defendants in order that they not be subjected to undue prejudice and

unnecessary burdens.

Multiple amended complaints that repeatedly fail to state a claim or add non-

viable claims indicate the plaintiff's failure to cure pleading deficiencies. Federal

courts, including the Ninth Circuit, have recognized that "repeated failure to cure

deficiencies by amendments previously allowed" is a valid reason to deny further

leave to amend.

2

That is the case with Plaintiff's proposed amended complaint. It is a rehash

of the same demonstrably false, perjurious and disconnected recitals of elements

and conclusory allegations that were contained in her SAC and have no bearing on

the core of this case, which according to this court's ruling is copyright

infringement, ECF No. 173.

It is understood that copyright infringement occurs only when a copyrighted

work is distributed, copied, publicly displayed or performed, and/or used to inspire

a derivative work without the copyright owner's permission. In her proposed

amended complaint, as in her SAC, Plaintiff does not cite any examples of this

happening. She can't, because it didn't.

None of the six copyright infringement causes of action contained in

plaintiff's proposed amended complaint, which are the only relevant claims in this

case, have any facts to back them up. No names, dates or incidents are cited.

Everything else is noise designed to obfuscate.

## CONCLUSION

For the foregoing reasons, Defendant Michael Maloy moves that this Court

should not grant Plaintiff April Chandler leave to amend.

Respectfully submitted,

Michael Maloy
*Pro Se*

October 29, 2025