UNITED STATES DISTRICT COURT

Central District of California

FILED
CLERK, U.S. DISTRICT COURT
10/31/25
CENTRAL DISTRICT OF CALIFORNIA
BY: CS  DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

---

APRIL CHANDLER.  )
 )  Case No. 2:25-cv-08210-MWC
 Plaintiff )
 )
-against- )
 )  **Motion for Compliance**
 )
 )
MARK SKIPPER AKA SKIP ARCHIMEDES, )
MICHAEL MALOY, EMPIRICAL MEDIA LLC. )
 )
 Defendants )
---

Dear Honorable Judge Williams Court,

Plaintiff respectfully requests that Defendants Michael Maloy ("Maloy") and Empirical Media LLC ("Empirical") be ordered to comply with court orders and cease delaying justice through frivolous or duplicative motions that this court has already ruled upon. Failure to do so should result in appropriate consequences.

Defendant Maloy is acutely aware that he has been ordered by Honorable U.S. District Judge Suddaby numerous times to ensure that Empirical is represented by a licensed attorney, as outlined in ECF 17 and ECF 23. The last order clearly informed Maloy that his company Empirical was at risk of a default judgment and why Maloy hired an attorney to jointly represent himself and Empirical, ECF 32.

1

On March 19, 2024, **ECF 17**, Honorable U.S. District Judge Suddaby denied without prejudice Defendant Empirical's motion to dismiss, citing that a company may only appear in federal court through licensed counsel. On March 21, 2024, **ECF 23**, Judge Suddaby reiterated this by denying without prejudice Defendant Empirical's motion to dismiss the Plaintiff's Amended Complaint for the reasons stated in the previous order and advised that the company should promptly appear through licensed counsel or risk a default judgment.

On April 5, 2024, **ECF 32**, a notice of appearance was filed by Benjamin M. Burdick, Esq., on behalf of both Maloy and his company, Empirical "Maloy Defendants". On July 11, 2024, **ECF 103**, the Maloy Defendants filed a joint motion to dismiss for failure to state a claim, which was subsequently addressed by the court on August 25, 2025, **ECF 142**, with parts of the motion granted and others denied.

On October 7, 2025, **ECF 174**, Defendant Maloy filed a motion to sever, claiming that Empirical Media LLC is neither directly named nor implicated in any claims and suggesting that the inclusion of the company in the complaint was a deliberate attempt to complicate matters. However, it is important to note that this issue was previously addressed in his motion to dismiss, which Honorable Judge Suddaby denied, affirming the validity of the claims against both Maloy and Empirical Media LLC, with the copyright claims 1- 6 transferred to the Central District of California, underscoring the court's acknowledgment of the relevant issues at hand. As pro se, Maloy further filed an opposition to the entry of default on behalf of Empirical, **ECF 178**, violating previous court orders (ECF 17 and ECF 23).

Additionally, on September 14, 2025, Benjamin Burdick, Esq., emailed the Plaintiff requesting that she "kindly refrain from contacting Mr. Maloy directly." Given that Maloy is acting pro se, the Plaintiff did seek the court's guidance on how to proceed. However, Defendant Michael

Maloy's bad faith continues in his filing of a Joint Report under Rule 26(f) Discovery Plan, **ECF 191**, in which he falsely claims that *"their 'meet and confer' communications were unproductive."* Maloy did not initiate any outreach to Plaintiff to facilitate a meeting no wonder communication being unproductive. Consequently, the assertion that *"Plaintiff April Chandler has failed to provide a Joint Rule 26(f) Report… and their 'meet and confer' communications were unproductive"* is unfounded and misleading. This misrepresentation appears to be yet another attempt by Maloy to gain favor with the Court while improperly representing his company, *"Defendants Michael Maloy and Empirical Media (Maloy Defendants)"* despite repeated orders clarifying that he cannot do so, and that Empirical Media LLC must be represented by a licensed attorney.

Maloy Defendants entered into a work-for-hire agreement to edit Plaintiff's film, during which all raw footage was sent to them for editing. Maloy's actions, including fraudulent copyright registration and interference with international distribution, have resulted in the Plaintiff's film being pulled from distribution. Additionally, the raw footage and drives have still not been returned to Plaintiff, demonstrating bad faith and constituting conversion. Maloy Defendant's actions have caused substantial financial hardship, embarrassment, and reputational damage to the Plaintiff. Despite this, Maloy continues to position himself as a victim, claiming that legal action is a burden.

Recently, Maloy submitted declarations **ECF 196** and **ECF 198**. While some elements of Maloy's submissions may be inaccurate, he has provided a comprehensive overview of admissions that substantiate the Plaintiff's claims. These declarations not only clarify the facts at issue, but also reinforce the validity of the Plaintiff's position. Given the strength of the evidence presented, these admissions could pave the way for a summary judgment prior to trial, effectively resolving key issues in favor of the Plaintiff and streamlining the judicial process.

Given the repeated violations of court orders and the frivolous nature of Maloy's recent motions, Plaintiff respectfully requests that the court order Defendants to comply with previous rulings, refrain from further delay tactics, and impose appropriate consequences for their actions, which may include a *contempt citation* or *other remedial measures*.

Respectfully submitted,

Signed: _____

Plaintiff

Date: 10/31/2025