Michael Maloy
*Pro se*

FILED

CLERK, U.S. DISTRICT COURT

11/15/2025

CENTRAL DISTRICT OF CALIFORNIA

BY_____GSA_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL CHANDLER,<br><br>*Plaintiff,*<br><br>v.<br><br>MICHAEL MALOY<br><br>*Defendant.* | Case No.: 2:25-cv-08210-MWC-PVC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS** |

TO ALL PARTIES:

PLEASE TAKE NOTICE that, because **no hearing dates are available on the Court's calendar before the Scheduling Order's December 19, 2025 motion cut-off**, Defendant **Michael Maloy**, appearing pro se, hereby moves for leave to file a **First Amended Answer and Counterclaims.**

Pursuant to **Local Rule 7-15**, Defendant respectfully requests that the Court **take this motion under submission and decide it on the papers**, without oral argument, or alternatively **set a hearing date at the Court's convenience**.

1

**Hearing Date:** *To Be Set by the Court, or Under Submission (L.R. 7-15)*

**Time:** N/A

**Courtroom:** As Assigned

**Judge:** Hon. Michelle Williams Court

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Michael Maloy and attached exhibits, the pleadings and papers on file, and such further evidence or argument as the Court may permit.

Respectfully submitted,


Michael Maloy

*Pro Se*

November 15, 2025

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendant brings this motion within the time permitted by the Scheduling Order. However, because the Court's civil motion calendar contains **no open hearing dates before December 19, 2025**, Defendant respectfully requests that the motion be **decided on the papers** pursuant to Local Rule 7-15. Courts in this District routinely permit such procedure where compliance with the motion-hearing deadline is rendered impossible due to the Court's own calendar constraints.

Defendant respectfully seeks leave to amend his Answer solely for the limited purpose of supplying factual allegations in support of counterclaims that were inadvertently pled **only as headings** in the original Answer filed on September 16, 2025,  (attached as **Exhibit 1**).  See "Compulsory Counterclaims" section (listing: "Breach of contract," "Theft of services," "Theft of intellectual property," "Fraud and Forgery").

As a pro se litigant unfamiliar with federal pleading standards, Defendant understood that listing the counterclaims preserved them, but did not know Rule 8(a) required supporting facts.

The proposed **First Amended Answer and Counterclaims** (attached as **Exhibit 2**) adds only the factual counterclaims; all denials and affirmative defenses remain unchanged.

## **LEGAL STANDARD**

### **A. Rule 15(a)(2): The Court Should Freely Grant Leave**

Under Rule 15(a)(2), leave to amend is applied with "extreme liberality" in the Ninth Circuit.

The relevant factors all favor amendment here:

- **Bad faith:** None.
- **Undue delay:** Defendant moves promptly after learning of the pleading defect.
- **Prejudice:** None; Plaintiff already had notice of the counterclaims by heading.
- **Futility:** Counterclaims are viable and factually supported.

### **B. Rule 16(b)(4) Does Not Apply**

Because the Scheduling Order's amendment deadline has **not passed**, only the liberal Rule

15(a)(2) standard governs.

## **ARGUMENT**

### **A. The Amendment Is Narrow and Procedurally Appropriate**

The amendment:

- Adds factual allegations supporting counterclaims;
- Makes **no changes** to the Answer's denials;
- Makes **no changes** to affirmative defenses;
- Does not alter Defendant's legal posture.

### **B. Plaintiff Will Suffer No Prejudice**

- Plaintiff had prior notice of each counterclaim.
- The facts underlying the counterclaims overlap with Plaintiff's copyright claims.
- No additional discovery burden is created.
- The amendment promotes resolution of all related disputes in one action.

### **C. Amendment Corrects an Inadvertent Pro Se Pleading Error**

Courts liberally permit pro se litigants to correct technical deficiencies.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file the **First Amended Answer and Counterclaims**, attached as Exhibit 2, and determine the motion **on the papers** pursuant to Local Rule 7-15.

## Declaration of Michael Maloy

I, **Michael Maloy**, declare:

1. I am the Defendant in this matter.

2. On September 16, 2025, I filed my Answer to the Second Amended Complaint. A true copy is attached as **Exhibit 1**.

3. In that Answer, I listed counterclaims **only as headings**, without factual allegations. See Exhibit 1.

4. I was proceeding pro se and did not understand Rule 8(a) and Rule 13 required factual allegations.

5. The proposed amended Answer (**Exhibit 2**) includes factual allegations for those counterclaims.

6. No denials or affirmative defenses have been modified.

7. A redline comparison showing only the changes is attached as **Exhibit 3**.

8. If called to testify, I could and would competently testify to these facts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of November 2025

_____
Michael Maloy
*Pro Se*

## EXHIBIT 1 – Filed Answer to Second Amended Complaint

EXHIBIT 1 to Defendant's Motion for Leave to File First Amended Answer and Counterclaims

Case No. 2:25-cv-08210-MWC-PVC

Hon. Michelle Williams Court

EXHIBIT 1

Defendant's Answer to the Second Amended Complaint

(Originally Filed September 16, 2025)

*The following is a true and correct copy of Defendant's Answer to the Second Amended*
*Complaint, as filed on the docket prior to this Motion.*

**Answer to Second Amended Complaint**

Michael Maloy
*Pro se*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APRIL CHANDLER,<br>*Plaintiff,*<br>*v.*<br>MARK SKIPPER aka SKIP ARCHIMEDES; MICHAEL MALOY; EMPIRICAL MEDIA LLC,<br>*Defendants.* | Case No.: 2:25-cv-08210-MWC-PVC<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

**ANSWER**

Defendant Michael Maloy hereby answers Plaintiff's Second Amended Complaint as follows.[1]

**PRELIMINARY STATEMENT**

1. Defendant denies the allegations in this paragraph.

2. Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff files for copyright and on that basis denies the first sentence of this paragraph. Defendant denies the second sentence of this paragraph and notes that Plaintiff has admitted her copyright was not registered until April 15, 2024. ECF 38, 42.

[1] Plaintiff has not amended her complaint even though all non-copyright claims have been dismissed. Defendant respectfully declines to answer certain allegations that have no conceivable connection to the surviving claims. To the extent the court determines an answer is required to those allegations, Defendant denies the same.

3.      Defendant admits that this lawsuit was filed on February 12, 2024.  Defendant denies that Plaintiff's copyright was registered at that time and notes that Plaintiff has admitted her copyright was not registered until April 15, 2024.  ECF 38, 42.

4.      Defendant denies the allegations in this paragraph.

5.      Defendant denies the allegations in this paragraph.

6.      Defendant denies the allegations in this paragraph.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

8.      Because the Court has dismissed all non-copyright claims in this action, no answer is required to this paragraph.

9.      Defendant denies the allegations in this paragraph.

10.      Because the Court has dismissed all non-copyright claims in this action, no answer is required to this paragraph.

11.      Because the Court has dismissed all non-copyright claims in this action, no answer is required to this paragraph.

12.      Defendant denies the allegations in this paragraph.

13.      Defendant denies the allegations in this paragraph.

14.      Defendant denies the allegations in this paragraph.

15.      Defendant denies the allegations in this paragraph.

16.      Defendant denies the allegations in this paragraph.

17.      Because the Court has dismissed Mr. Harrison and Mr. Guc from this action, no answer is required to this paragraph.

18.      Defendant denies the allegations in this paragraph.

19.     Defendant denies the allegations in this paragraph.

20.     Defendant denies the allegations in this paragraph.

21.     Defendant denies the allegations in this paragraph.

## JURISDICTION AND VENUE

22.     Defendant admits this action purports to arise under the Copyright Act but denies liability under the same.

23.     Defendant admits the allegations in this paragraph.

24.     Defendant denies the allegations in this paragraph.

25.     Defendant admits that this paragraph accurately defines "federal question."

26.     Defendant denies the allegations in this paragraph.

27.     Defendant denies the allegations in this paragraph.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

29.     Defendant denies the allegations in this paragraph.

## THE PARTIES

30.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

34.    Defendant admits the allegations in this paragraph.

35.    Defendant denies the allegations in this paragraph.

36.    Because the Court has dismissed Mr. Harrison from this action, no answer is required to this paragraph.

37.    Because the Court has dismissed Mr. Harrison from this action, no answer is required to this paragraph.

38.    Because the Court has dismissed Mr. Guc from this action, no answer is required to this paragraph.

39.    Because the Court has dismissed Mr. Guc from this action, no answer is required to this paragraph.

40.    Because the Court has dismissed Vanguard from this action, no answer is required to this paragraph.

41.    Defendant admits that he owns Empirical Media, LLC.

42.    Because the Court has dismissed Empirical Reality from this action, no answer is required to this paragraph.

43.    Because the Court has dismissed Harrison Thomas Group from this action, no answer is required to this paragraph.

## **FACTUAL ALLEGATIONS**

44.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

45.    Defendant denies the allegations in this paragraph.

46.    Defendant denies the allegations in this paragraph.

47.    Defendant denies the allegations in this paragraph.

48.     Because the Court has dismissed all non-copyright claims in this action, no answer is required to this paragraph.

49.     Defendant denies the allegations in this paragraph.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

52.     Defendant denies the allegations in this paragraph.

53.     Defendant denies the allegations in this paragraph.

54.     Because the Court has dismissed all non-copyright claims in this action, no answer is required to this paragraph.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

59.     Defendant denies the allegations in this paragraph.

60.     Defendant denies the allegations in this paragraph.

61.     Defendant denies the allegations in this paragraph.

62.     Defendant denies the allegations in this paragraph.

63.     Defendant denies the allegations in this paragraph.

64.     Defendant denies the allegations in this paragraph.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and on that basis denies the same.

66.     Defendant admits that Plaintiff emailed him in February 2024 but denies the remainder of the allegations in this paragraph.

67.     Because the Court has dismissed Vanguard, Mr. Guc, and Mr. Harrison from this action, no answer is required to this paragraph.

68.     Defendant denies the allegations in this paragraph.

69.     Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff believes.  If "Plaintiff believes" were removed from this paragraph, Defendant would deny the allegations in this paragraph.

70.     Defendant denies the allegations in this paragraph.

71.     Defendant denies the allegations in this paragraph.

72.     Defendant denies the allegations in this paragraph.

73.     Defendant denies the allegations in this paragraph.

74.     Defendant denies the allegations in this paragraph.

75.     Defendant denies the allegations in this paragraph.

76.     Defendant denies the allegations in this paragraph.

## **FIRST CAUSE OF ACTION**

77.     Defendant acknowledges that Plaintiff incorporates by reference the preceding paragraphs.

78.     Defendant denies the allegations in this paragraph.

79.     Defendant denies the allegations in this paragraph.

80.     Defendant denies the allegations in this paragraph.

81.     Defendant denies the allegations in this paragraph.

82.     Defendant denies the allegations in this paragraph.

83.     Defendant denies the allegations in this paragraph.

84.     Defendant denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION

85.     Defendant acknowledges that Plaintiff incorporates by reference the preceding paragraphs.

86.     Defendant denies the allegations in this paragraph.

87.     Defendant denies the allegations in this paragraph.

88.     Defendant denies the allegations in this paragraph.

89.     Defendant denies the allegations in this paragraph.

90.     Defendant denies the allegations in this paragraph.

## THIRD CAUSE OF ACTION

91.     Defendant acknowledges that Plaintiff incorporates by reference the preceding paragraphs.

92.     Defendant denies the allegations in this paragraph.

93.     Defendant denies the allegations in this paragraph.

94.     Defendant denies the allegations in this paragraph.

95.     Defendant denies the allegations in this paragraph.

96.     Defendant denies the allegations in this paragraph.

97.     Defendant denies the allegations in this paragraph.

98.    Defendant denies the allegations in this paragraph.

99.    Defendant denies the allegations in this paragraph.

100.    Defendant denies the allegations in this paragraph.

## FOURTH CAUSE OF ACTION

101.    Defendant acknowledges that Plaintiff incorporates by reference the preceding paragraphs.

102.    Defendant denies the allegations in this paragraph.

103.    Defendant denies the allegations in this paragraph.

104.    Defendant denies the allegations in this paragraph.

105.    Defendant denies the allegations in this paragraph.

106.    Defendant denies the allegations in this paragraph.

107.    Defendant denies the allegations in this paragraph.

108.    Defendant denies the allegations in this paragraph.

109.    Defendant denies the allegations in this paragraph.

110.    Defendant denies the allegations in this paragraph.

## FIFTH CAUSE OF ACTION

111.    Defendant acknowledges that Plaintiff incorporates by reference the preceding paragraphs.

112.    Defendant denies the allegations in this paragraph.

113.    Defendant denies the allegations in this paragraph.

114.    Defendant denies the allegations in this paragraph.

115.    Defendant denies the allegations in this paragraph.

116.    Defendant denies the allegations in this paragraph.

117.    Defendant denies the allegations in this paragraph.

118.    Defendant denies the allegations in this paragraph.

119.    Defendant denies the allegations in this paragraph.

120.    Defendant denies the allegations in this paragraph.

121.    Defendant denies the allegations in this paragraph.

## SIXTH THROUGH TWENTY-FIRST CAUSES OF ACTION

Because the Court has dismissed all non-copyright causes of action, no answer is required to paragraphs 122 through 188.

## AFFIRMATIVE DEFENSES

1.  Plaintiff fails to state a claim upon which relief can be granted.

2.  Plaintiff has unclean hands.

3.  Defendant reserves the right to amend this answer consistent with the Federal and Local Rules.

## COMPULSORY COUNTERCLAIMS

1.  Breach of contract.

2.  Theft of services.

3.  Theft of intellectual property.

4.  Fraud and Forgery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully asks that judgment be entered for Defendant and against Plaintiff, that Plaintiff take nothing by way of this action, and that Defendant be awarded his fees and costs pursuant to 17 U.S.C. § 505.

## EXHIBIT 2 – Proposed First Amended Answer and Counterclaims

EXHIBIT 2 to Defendant's Motion for Leave to File First Amended Answer and Counterclaims

Case No. 2:25-cv-08210-MWC-PVC

Hon. Michelle Williams Court

EXHIBIT 2

Proposed First Amended Answer and Counterclaims

(Submitted for Approval Under Fed. R. Civ. P. 15(a)(2))

*This is the full text of Defendant's proposed First Amended Answer and Counterclaims, which Defendant seeks leave to file pursuant to Rule 15(a)(2).*

**First Amended Answer and Counterclaims of Defendant Michael Maloy**

Defendant **Michael Maloy** hereby submits his First Amended Answer and Counterclaims.

## I. Answer to Second Amended Complaint

Defendant **incorporates his full Answer exactly as filed**, without modification of any kind.

All admissions, denials, and statements remain **verbatim** as in the document filed on **September 16, 2025**. (See **Exhibit 1**.)

## II. Affirmative Defenses

Defendant re-asserts all affirmative defenses contained in the filed Answer, unchanged.

## III. Counterclaims

### Counterclaim I — Breach of Contract

1. Plaintiff and Defendant entered into a written contract ("Commission Agreement") under which Plaintiff commissioned Defendant to create an original film ("New Work").
2. Plaintiff authorized Defendant to use component parts from Plaintiff's earlier film for creation of the New Work.
3. Plaintiff agreed to pay milestone payments for Defendant's work.
4. Plaintiff failed to make required payments.
5. Defendant nevertheless completed the New Work for Plaintiff's benefit.
6. Plaintiff then attempted to market and sell the New Work without Defendant's knowledge.
7. Defendant suffered damages as a result of Plaintiff's breach.

**Counterclaim II — Fraud**

1. Plaintiff falsely represented that she intended to pay milestone compensation.
2. Plaintiff made these representations to induce Defendant to create the New Work and turn over creative materials.
3. Plaintiff did not intend to pay as promised.
4. Defendant relied on these representations.
5. Defendant suffered harm as a result.

**Counterclaim III — Forgery / Fraudulent Inducement**

1. Plaintiff fabricated a second contract that Defendant never signed.
2. Plaintiff forged Defendant's signature on the fabricated document.
3. Plaintiff used the forged document to claim ownership of the New Work and to support false statements in this litigation.
4. Defendant suffered damages including legal expense and reputational harm.

**Counterclaim IV — Theft of Services**

1. Defendant provided extensive creative and technical film production services at Plaintiff's request.
2. Plaintiff accepted these services but failed to pay contractually agreed amounts.
3. Plaintiff wrongfully retained the benefit of Defendant's services without compensation.

**Counterclaim V — Conversion of Intellectual Property**

1. Defendant is the author of the New Work and filed a valid copyright registration.
2. Plaintiff subsequently filed her own copyright registration for the New Work after Defendant's filing.
3. Plaintiff attempted to exercise ownership over Defendant's copyrighted property, including submitting it for sale.
4. Plaintiff's actions constitute conversion of Defendant's intellectual property.

**Counterclaim VI — Declaratory Judgment (Ownership of the New Work)**

Defendant seeks a declaration that:

1. He is the sole author and copyright owner of the New Work;

2. Plaintiff has no ownership interest;

3. Plaintiff's later-filed copyright is invalid or unenforceable;

4. Defendant's copyright registration controls and is valid.

**Prayer for Relief**

Defendant prays for damages, declaratory relief, restitution, and all relief the Court deems just.

# EXHIBIT 3 – Redline Comparison

EXHIBIT 3 to Defendant's Motion for Leave to File First Amended Answer and Counterclaims

Case No. 2:25-cv-08210-MWC-PVC

Hon. Michelle Williams Court

EXHIBIT 3

Redline Comparison of Defendant's Filed Answer and Proposed First Amended Answer

(Provided Pursuant to Local Rule 15-1)

*This redline shows all additions and deletions between the original Answer (Exhibit 1) and the Proposed First Amended Answer (Exhibit 2). No other changes were made.*

**Redline of Changes**

**Title Change:**

***First Amended Answer and Counterclaims***          **Deleted:** Answer to Second Amended Complaint

**Counterclaims Section:**          **Deleted:** Compulsory Counterclaims

- Breach of contract

- Theft of Services

- Theft of intellectual property

- Fraud and Forgery

***Counterclaim I – Breach of Contract***

(full text added)

***Counterclaim II – Fraud***

(full text added)

***Counterclaim III – Forgery/Fraudulent Inducement***

(full text added)

***Counterclaim IV – Theft of Services***

(full text added)

***Counterclaim V – Conversion of Intellectual Property***

(full text added)

***Counterclaim VI – Declaratory Judgement***

(full text added)

**No other changes were made.**

23