UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-08210-MWC-PVCx | Date: December 8, 2025 |
| Title:  April Chandler v. Mark Skipper *et al.* | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING Plaintiff's motion for leave to amend complaint, GRANTING IN PART and DENYING IN PART Plaintiff's motion for compliance, DENYING AS MOOT Defendant Maloy's motion to amend answer, and GRANTING Defendant Maloy's motion to amend counterclaims (Dkts. 199, 205, 215)**

  Before the Court are four motions. The first is Plaintiff April Chandler's ("Plaintiff") motion to amend her complaint. *See* Dkt. # 193 ("*Mot. to Amend Compl.*"). Defendant Michael Maloy ("Defendant Maloy") opposed. *See* Dkt. # 199 ("*Opp. to Mot. to Amend Compl.*"). The second is Plaintiff's motion for compliance. *See* Dkt. # 205 ("*Mot. for Compliance*"). Though the third and fourth motions were filed as one request, the Court must analyze them separately. The third motion is Defendant Maloy's motion for leave to file an amended answer. *See* Dkt. # 215 ("*Mot. to Amend Answer and Counterclaims*"). The fourth motion is Defendant Maloy's motion for leave to file amended counterclaims. *See id.* The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **GRANTS** Plaintiff's motion for leave to amend her complaint, **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for compliance, **DENIES AS MOOT** Defendant Maloy's motion to amend his answer, and **GRANTS** Defendant Maloy's motion to amend his counterclaims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVCx                              Date: December 8, 2025

Title:  April Chandler v. Mark Skipper *et al.*

I.  Background

This copyright case arises out of the film *Quest for Youth*. *See generally* Dkt. # 1. Plaintiff originally filed her complaint in the Northern District of New York, after which she twice amended her complaint. *See id.* Plaintiff brought this action against Michael Maloy and Empirical Media LLC, Thomas Harrison, David Guc, Vanguard Management Team, Inc., and Harrison Thomas Group LLC, and Mark Skipper. Plaintiff's Second Amended Complaint brought several causes of action: (1) direct copyright infringement (public performance) in violation of 17 U.S.C. § 501; (2) direct copyright infringement (reproduction) in violation of 17 U.S.C. § 501; (3) inducement of copyright infringement in violation of 17 U.S.C. § 501; (4) contributory copyright infringement in violation of 17 U.S.C. § 501; (5) vicarious copyright infringement in violation of 17 U.S.C. § 501; (6) conversion in violation of 17 U.S.C. § 501; (7) sexual harassment, gender discrimination, and hostile work environment (constituting three claims) in violation of New York Executive Law § 290; (8) tortious interference with contract / prospective economic advantage in violation of New York State common law; (9) intentional interference with prospective business relations in violation of New York State common law; (10) the "crime of abuse motivated by gender" under New York City Administrative Code § 10-1104; (11) intentional infliction of emotional distress in violation of New York State common law; (12) stalking / cyberstalking in violation of 18 U.S.C. § 2261A; (13) harassment in violation of New York Penal Law § 240.26; (14) online piracy under the "Law of Nations" in violation of 18 U.S.C. § 1651; and (15) libel and slander (six different claims of each) in violation of New York State common law. *See* Dkt. # 99.

Prior to transferring the case, the District Judge Glenn. T. Suddaby issued a decision on defendants' motion to dismiss. *See* Dkt. # 142. Judge Suddaby dismissed all claims against the Michael Maloy, Empirical Media LLC, and Mark Skipper except claims 1 through 6 (which are based on infringement under the Copyright Act, 17 U.S.C. § 501). *See id.* 27. Judge Suddaby also dismissed all claims against the Thomas Harrison, David Guc, Vanguard Management Team, Inc., and Harrison Thomas Group LLC, *see id.* 32–33, and denied without prejudice Plaintiff's motion for default judgment, *see id.* 35. To the extent that Judge Suddaby dismissed Plaintiff's claims, he did so without prejudice. *See generally id.* As such, the copyright claims against Defendant Maloy, Empirical Media LLC, and Mark Skipper currently remain (listed as counts 1 through 6 above, as all arise under 17 U.S.C. § 501).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVCx                                          Date: December 8, 2025

Title:     April Chandler v. Mark Skipper *et al.*

On September 8, 2025, this matter came before the Court following a transfer from that District. *See* Dkt. # 145.

II.   Plaintiff's Motion to Amend Complaint

   A.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 15(a) generally governs amendments to pleadings in federal court. Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The Supreme Court has recognized several factors that a district court should consider when evaluating whether to grant leave to amend. Those factors include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The factor that carries the greatest weight is prejudice to the opposing party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).

   B.   Discussion

Plaintiff's proposed amendments take two forms. The first is to "remove the dismissed causes of action and" the dismissed parties. *See Mot. to Amend Compl.* 1. Plaintiff need not do so—when a court dismisses claims or parties from a case, the Court merely ignores those allegations. Still, the Court is mindful of Plaintiff's motive to "expedite judicial proceedings and enhance clarity regarding the surviving claims." *Id.* Regardless, the Court could not deem amendments of this variety prejudicial to the remaining defendants, as the amended complaint would reflect the status quo.

Though Plaintiff does not discuss other reasons for amending her complaint, the Court can identify a few other substantive amendments that she seeks. *See* Dkt. # 193-1. These amendments include additional detail in proposed paragraphs 3, 5, 9, 10, 15, 20, 21,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVCx                                        Date: December 8, 2025

Title:       April Chandler v. Mark Skipper *et al.*

22, 23, 38, 39, 47, 48, 125, and 126, along with an additional request for relief (that defendants return footage and other materials to her). *See id.* But the gravamen of her complaint remains the same.

Defendant Maloy opposes by arguing that Plaintiff's proposed amended complaint "is substantively meritless and based on legal conclusions unmoored from factual allegations." *See Opp. to Mot. to Amend Compl.* 1. He declares that Plaintiff has had opportunities previously to amend her complaint and that she cannot state a claim upon which the Court can grant relief. *See generally id.* Defendant Maloy may be correct, but his opposition offers no detail as to why allowing these limited amendments would be prejudicial. The appropriate mechanism for Defendant Maloy to raise such contentions is a motion to dismiss. Given that counts 1 through 6 would remain operative against him regardless, allowing Plaintiff to amend would not be prejudicial. Nor does Defendant Maloy point out any undue delay, bad faith, or dilatory motive on the part of the movant.

Accordingly, the Court **GRANTS** Plaintiff's motion to amend her complaint. Plaintiff must file her amended complaint no later than end of day on December 19, 2025.[1]

III.    Plaintiff's Motion for Compliance

Plaintiff filed a "motion for compliance" asking the court to "order Defendants to comply with previous rulings, refrain from further delay tactics, and impose appropriate consequences for their actions . . . ." *See Mot. for Compliance* 4. Plaintiff's filing largely focuses on the need for Empirical Media LLC to address the Court through only a licensed attorney rather than through filings by Defendant Maloy. Plaintiff is correct that "'artificial entities,' such as limited liability companies, 'may appear in federal courts only through licensed counsel.'" *BMW v. N. Am v. Mini Works, LLC*, No. CV-07-1936-PHX-SMM, 2014 WL 11321383, at *1 (D. Ariz. Jan. 6, 2014) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)). To the extent that Plaintiff's motion for compliance asks the

---

[1] A portion of Plaintiff's motion to amend argues that the Court should grant her a permanent injunction. *See Mot. to Amend Compl.* 6–8. However, Plaintiff did not properly notice a motion for such relief before the Court. If she wishes to formally ask the Court for an injunction, Plaintiff may do so through a properly noticed motion, but the Court will not rule on such relief at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVCx                                       Date: December 8, 2025

Title:       April Chandler v. Mark Skipper *et al.*

Court to require Empirical Media LLC to address the Court through only licensed counsel, the Court **GRANTS** the motion.

Much of the rest of the motion for compliance accuses Defendant Maloy of misrepresenting meet and confer activity between the parties. *See Mot. for Compliance* 3. These accusations are disconcerting, and, to the extent these accusations are accurate, the Court admonishes Defendant Maloy that the Court will not excuse any such misrepresentations. Still, Plaintiff seems to be seeking the imposition of sanctions on Defendant Maloy under Rule 11, and that request is not properly before the Court through Plaintiff's motion for compliance. As such, to the extent Plaintiff's motion for compliance is a request for sanctions, the Court **DENIES** the motion.

Despite the denial of sanctions at this juncture, all parties must understand that the Court has no tolerance for petty gamesmanship, misrepresentations, or activity interfering with a speedy resolution on the merits. It is of no import that some of the parties appear pro se—the Court will not excuse misconduct even if a litigant is pro se. *See Finander v. L.A. Unified Sch. Dist.*, No. CV 05-6847 PA (Ex), 2007 WL 9734456, at *19 (C.D. Cal. Mar. 19, 2007) ("Plaintiffs' argument that the Court should excuse their misconduct because they are proceeding pro se is unavailing.").

IV.     Defendant Maloy's Motion to Amend Answer

Next, Defendant Maloy asks the Court for leave to amend his answer. *See Mot. Amend Answer and Counterclaims*. To the extent Defendant Maloy seeks to amend his answer rather than his counterclaims, because the Court is granting Plaintiff's motion to amend her complaint, Defendant Maloy's motion to amend his answer is **DENIED AS MOOT**. *See Regents of Univ. of Cal. V. Eli Lilly & Co.*, 777 F. Supp. 777, 782 (N.D. Cal. 1991). Instead, Defendant Maloy must file a timely answer following proper service of Plaintiff's amended complaint.

V.      Defendant Maloy's Motion to Amend Counterclaims

As the Court previously indicated *supra*, a motion to amend a defendant's answer and a motion to amend his counterclaims are distinct requests for relief. Unlike a motion to amend a defendant's answer, "[a] plaintiff's filing of an amended complaint does not moot a counterclaim alleged within an answer to the original complaint." *See Williams &*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVCx                              Date: December 8, 2025

Title:  April Chandler v. Mark Skipper *et al.*

*Cochrane, LLP v. Quechan Tribe of Fort Yuman Rsrv.*, No. 3:17-cv-01436-GPC-MDD, 2018 WL 3970094, at *7 (S.D. Cal. Aug. 20, 2018) (citing *Hayden v. Ariz. Pool & Fountain Guys, LLC*, No. CV-16-00840-PHX-SRB, 2016 WL 9456363, at *1 (D. Ariz. Aug. 2, 2016)). As such, the Court must analyze Defendant Maloy's motion to amend his counterclaims under the Rule 15 standard outlined above.

Defendant Maloy seeks to amend his counterclaims by "supplying factual allegations in support of counterclaims that were inadvertently pled only as headings" originally. *See Mot. to Amend Answer and Counterclaims* 3 (emphasis omitted). The Court finds no evidence of bad faith, nor would the amendments be futile. *See Foman*, 371 U.S. at 182. Because Defendant Maloy amended counterclaims would include detail—none of which was present originally—the Court must acknowledge the presence of at least some prejudice to Plaintiff by allowing Defendant Maloy to amend.[2] Beyond Plaintiff's lack of opposition to Defendant Maloy's motion, the Court does not find the amendments so prejudicial as to preclude granting leave to amend. Moreover, allowing Defendant Maloy to include such detail will bolster resolution of the case on the merits, which is the Court's primary goal. *See Branscomb v. Grp. USA, Inc.*, No. CV 08-1328-PHX-JAT, 2010 WL 11453973, at *1 (D. Ariz. July 2, 2010).

Accordingly, the Court **GRANTS** Defendant Maloy's motion to amend his counterclaims. Because the Court understands Defendant Maloy's intent to include his amended counterclaims alongside his answer, Defendant Maloy must file his amended counterclaims within 21 days of being served Plaintiff's amended complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

VI.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to amend her complaint, **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for compliance, **DENIES AS MOOT** Defendant Maloy's motion to amend his answer, and **GRANTS** Defendant Maloy's motion to amend his counterclaims. The hearings previously set for December 12, 2025 and December 19, 2025 are **VACATED**. Plaintiff

---

[2] The irony of Defendant Maloy opposing Plaintiff's limited amendments by declaring them prejudicial while also moving for leave to more substantially amend his counterclaims is not lost on the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-08210-MWC-PVCx                              Date: December 8, 2025

Title:      April Chandler v. Mark Skipper *et al.*

must file her amended complaint no later than end of day on December 19, 2025. Defendant Maloy must file his amended counterclaims within 21 days of being served Plaintiff's amended complaint.

**IT IS SO ORDERED.**

|   |   |
|---|---|
| **Initials of Preparer** | : TJ |