FILED
CLERK, U.S. DISTRICT COURT
1/22/26
CENTRAL DISTRICT OF CALIFORNIA
BY     CS     DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

Central District of California

| | |
|---|---|
| APRIL CHANDLER<br><br>Plaintiff<br><br>-against-<br><br><br><br>MARK SKIPPER AKA SKIP ARCHIMEDES, MICHAEL MALOY, EMPIRICAL MEDIA.<br><br>Defendants | Case No. 2:25-cv-08210<br><br><br><br>**DECLARATION OF APRIL CHANDLER** |

**DECLARATION OF APRIL CHANDLER IN SUPPORT OF CLERKS ENTRY FOR DEFAULT AGAINST EMPIRICAL MEDIA LLC.**

I, APRIL CHANDLER, declare under penalty of perjury that the foregoing is true and correct:

1.   I am the Plaintiff in the above-captioned action and submit this Declaration in support of my motion for Entry of Default against Empirical Media LLC.

2.   At this time, Defendant has been served via traditional service with the Summons, Complaint, Amended Complaint, Second Amended Complaint, Third Amended Complaint, Judicial Case Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet on 03/30/2024, **ECF 28** and the Second Amended Complaint **ECF 99** answer was due 07/12/2024, and the Third Amended Complaint **ECF 228**

1

served on 12/09/2025 **ECF 229**, answer due within 21 days by December 31st, 2025.

3.  Plaintiff filed a motion for compliance on 10/31/2025 to order Defendants to comply with previous rulings by Honorable Judge Suddaby and refrain from further delay tactics… with her motion focused on the need for Empirical Media LLC to address the Court through only a licensed attorney rather than through filings by Defendant Maloy. Honorable Judge Williams Court ordered *"Plaintiff is correct that "'artificial entities,' such as limited liability companies, 'may appear in federal courts only through licensed counsel.'" BMW v. N. Am v. Mini Works, LLC, No. CV-07-1936-PHX-SMM, 2014 WL 11321383, at \*1 (D. Ariz. Jan. 6, 2014) (quoting Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993)). To the extent that Plaintiff's motion for compliance asks the Court to require Empirical Media LLC to address the Court through only licensed counsel, the Court **GRANTS** the motion.*

4.  Defendant Empirical Media LLC has not filed an attorney appearance since their previous attorney withdrew, and the case was transferred from the Northern District of New York to the Central District of California, and this lack of response—following the denial of their motion to dismiss 08/25/2025, **ECF 142**, along with five additional months of non-appearance by an attorney and no response to the Second Amended Complaint or the Third Amended Complaint—has caused further delays that are prejudicial to the Plaintiff. The absence of representation puts the Plaintiff at a disadvantage, as it prolongs the resolution of this matter and hinders the Plaintiff's ability to seek timely relief. As a result, the Plaintiff is left with no choice, but to file for an entry of default against Empirical Media LLC, as they have not responded to either the Second or Third Amended Complaint. This inaction constitutes a noncompliance with Honorable Judge Williams' court order, **ECF 221**.

5.  Defendant Empirical Media LLC filed a motion to dismiss on 07/11/2024, **ECF 103**, which was denied by Honorable Judge Suddaby on 08/25/2025, **ECF 142**. Defendant had 21 days to respond to Second Amended Complaint, which was due 09/15/2025. Plaintiff contacted Defendant Empirical Media LLC attorney Benjamin Burdick, Esq., on 09/14/2025 to let him know the answer was due the next day. He wrote back that his client Michael Maloy would be

proceeding pro se, who filed a response to Plaintiff's pleading, the second amended complaint on 09/16/2025, **ECF 152**, but Defendant Empirical Media LLC has failed to file a response since the motion to dismiss was denied and transferred to the Central District of California. Plaintiff's film is registered under Michael Maloy and his company Empirical Media LLC at the United States Copyright Office until the conclusion of this lawsuit. Given that this case has been active since February 12, 2024, for 23 months, and the Defendant Empirical Media LLC has had ample time to respond, but willfully chose not to answer. Therefore, the Defendant Empirical Media LLC is in default.

### Service of Process Rules

6.  Pursuant to the Federal Rules of Civil Procedure, a party may serve an individual within a judicial district of the U.S. by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. Pro. 4(e). Personal service under California Civil Procedure, handing the document to the recipient directly or a senior representative within a company is a valid method of service.

7.  Further, pursuant to the California Civil Practice Law and Rules:
Personal service upon a person shall be made by any of the following methods:

    1. by delivering the summons within the state to the person to be served; or

    2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and either by mailing the summons to the person to be served . . .;

### Plaintiff's Personal Service

8.  Plaintiff filed her Complaint on February 12, 2024. *See* Pl. Compl. (entered February 13th, 2024), **ECF 1**, with Amended Complaint filed on March 10th, 2024 (entered March 11th, 2024), **ECF 14**.

9. Plaintiff was required to serve Defendant within 60 days of the filing of her Complaint. *See* Gen. Order No. 25 (February 13th, 2024), **ECF 4**.

10. Defendant Empirical Media LLC's primary address is located at 440 N Venice Blvd, Venice, Los Angeles, California, 90291-4531. *See* **ECF 28**, Proof of Service.

11. Plaintiff via a professional Process Service personally served Michael Maloy, the owner of Empirical Media LLC with the Summons, Complaint, Amended Complaint, Judicial Case Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet, *See* **ECF No. 28**, Affidavit of Service.

12. Summons Returned Executed — service was complete on March 30th, 2024.

13. Defendant Empirical Media LLC was given 21 days to file his response to Plaintiff's complaint.

14. At a hearing, Plaintiff was granted permission to amend pleading to Second Amended Complaint, **ECF 99**.

15. The Court reset the deadline 07/12/2024 for Defendant Empirical Media LLC to respond to Plaintiff's Second Amended Complaint.

16. Defendant filed a Motion to Dismiss 07/11/2024 **ECF 103**.

17. Honorable Judge Suddaby denied Defendant Empirical Media LLC's motion to dismiss 08/25/2025, **ECF 142**.

18. Defendant Michael Maloy pro se, who owns Empirical Media LLC filed a response personally to second amended complaint on 09/16/2025 **ECF 152**, but his company Empirical Media LLC has failed to respond and therefore is in default, with no extension of time requested and no excuse filed as to why Empirical Media LLC has failed to respond.

19. Defendant Empirical Media LLC has not filed an attorney appearance since their previous attorney withdrew, and the case was transferred from the Northern District of New York to the Central District of California.

20. Plaintiff was granted permission to amend pleading to Third Amended Complaint, **ECF 228**.

21. Plaintiff personally served Michael Maloy, the owner of Empirical Media LLC with the Summons, Third Amended Complaint, Judicial Case Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet on December 9th, 2025.

22. Service was complete on December 9th, 2025, **ECF 229**.

23. Defendant Empirical Media LLC has failed to respond to both the Second and Third Amended Complaints.

24. The failure of Empirical Media LLC to engage an attorney for appearance constitutes noncompliance with Honorable Judge Williams' court order, **ECF 221**.

## Conclusion

25. Plaintiff has demonstrated diligent efforts with Defendant Empirical Media LLC knowledgeable of these Court proceedings, with Defendant making a conscious decision not to answer Plaintiff's second or third amended complaint knowing his motion to dismiss was denied, an acceptance of liability for Empirical Media LLC's actions against Plaintiff.

The party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person. Plaintiff supports the request for Entry of Default on Defendant Empirical Media LLC.

Executed on January 22nd, 2026.

_____

April Chandler

Plaintiff