UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-08210-MWC-PVC                                    Date: February 18, 2026

Title:     April Chandler v. Mark Skipper *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order DENYING Michael Maloy's Motion to Dismiss; DENYING AS MOOT Plaintiff's Motion to Strike; DENYING Plaintiff's Motion for Entry of Default; DENYING Plaintiff's Motion for Entry of Default Judgment (Dkts. [233], [242], [245], [254])**

Before the Court are four motions. The first is Defendant Michael Maloy's motion to dismiss Plaintiff April Chandler's ("Plaintiff") Third Amended Complaint ("TAC"). *See* Dkt. # 233 ("*MTD*"). Instead of filing a formal reply, Plaintiff filed a "motion to strike" Mr. Maloy's motion to dismiss. *See* Dkt. # 245 ("*Mot. to Strike*"). The third motion is Plaintiff's motion for entry of default against Defendant Empirical Media LLC, *see* Dkt. # 242 ("*Mot. for Default*"), and the final motion is Plaintiff's motion for default judgment against Defendant Empirical Media LLC. *See* Dkt. # 254 ("*Mot. for Default Judgment*"). The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **DENIES** Mr. Maloy's motion to dismiss, **DENIES AS MOOT** Plaintiff's motion to strike, **DENIES** Plaintiff's motion for entry of default, and **DENIES** Plaintiff's motion for default judgment.

I.   Background

This case arises out of a dispute over the ownership rights of the film "Quest for Youth" (the "film"). *See generally* Dkt. # 228 ("*TAC*"). The TAC alleges as follows:

The film contains Plaintiff's footage and Plaintiff's narration. *See id.* ¶ 2. Much of the raw footage that the film includes are interviews with experts related to stress management, emotional well-being, and longevity. *See id.* ¶ 4. Plaintiff hired Mr. Maloy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                                              Date: February 18, 2026

Title:   April Chandler v. Mark Skipper *et al.*

and his company, Empirical Media LLC, to assist with editing the film for four weeks. *See id.* ¶ 9. Plaintiff compensated Mr. Maloy and Empirical Media LLC monetarily rather than with rights to the film's footage. *See id.* ¶ 15. Still, Mr. Maloy has yet to return all of Plaintiff's raw footage even long after their arrangement ended. *See id.* ¶ 45. Mr. Maloy also shared the footage with Defendant Mark Skipper, a/k/a Skip Archimedes. *See id.* ¶ 46. Others, including producer Fraser Bailey of Play TV, had already explained to Mr. Maloy that Plaintiff owned the relevant footage. *See id.* ¶ 22. Plaintiff filed a copyright application on February 8, 2024, but there was a delay in receiving her copyright certificate from the U.S. Copyright Office because Mr. Maloy filed a fraudulent copyright claim for Plaintiff's film a few weeks prior to Plaintiff's initial filing. *See id.* ¶¶ 5, 8. Plaintiff believes that Mr. Maloy would not have attempted to copyright Plaintiff's work if Mr. Bailey had not confirmed that Plaintiff owned the work. *See id.* ¶ 65.

Plaintiff had signed an agreement with the company Big Media to distribute the film worldwide. *See id.* ¶ 16. Mr. Maloy contacted Big Media and asserted that Plaintiff lacked authorization to sign the distribution agreement. *See id.* ¶¶ 17, 54. Certain individuals, including Greg Ellis a/k/a Jonathan Rees, contacted Big Media and labeled Plaintiff as a "blackmailer," a "con," and a "thief." *See id.* ¶ 18. Mr. Skipper reached out to Big Media "stating he along with Defendant Michael Maloy would make an even better version of the film without Plaintiff, asking Big Media to contact him to discuss future distribution without Plaintiff involved . . . ." *See id.* ¶ 56. That communication to Big Media included a YouTube link showing that several defendants were attempting to make their own version of the film by relying on Plaintiff's copyrighted materials. *See id.* ¶ 63. As a result, Big Media "pull[ed] Plaintiff's film from their catalogue." *See id.* Though Plaintiff sent a cease-and-desist notice to Mr. Skipper, Mr. Maloy, and several other previously-named defendants, the defendants have failed to return Plaintiff's footage. *See id.* ¶ 72.

The TAC includes six causes of action: (I) Direct Copyright Infringement: Public Performance; (II) Direct Copyright Infringement: Reproduction; (III) Inducement of Copyright Infringement; (IV) Contributory Copyright Infringement; (V) Vicarious Copyright Infringement; and (VI) Conversion. On December 24, 2025, Mr. Maloy filed his motion to dismiss. *See generally* MTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                                                    Date: February 18, 2026

Title:   April Chandler v. Mark Skipper *et al.*

II.  <u>Defendant Michael Maloy's Motion to Dismiss / Plaintiff's Motion to Strike</u>

    A.  <u>Legal Standard</u>

Rule 8 requires a complaint to clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131–32 (9th Cir. 2008).  Pleadings that are "verbose, confusing and conclusory" are subject to dismissal.  *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  A plaintiff fails to comply with Rule 8 if "all defendants are lumped together in a single, broad allegation."  *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  However, a cause of action's elements that are "supported by mere conclusory statements[] do not suffice." *Id*.  Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

    B.  <u>Discussion</u>

        i.  *Copyright Infringement Claims*

"To maintain a claim for copyright infringement, a plaintiff must show '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1064 (C.D. Cal. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991)).  "A certificate of copyright registration ordinarily creates a rebuttable presumption

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-08210-MWC-PVC                                                      Date: February 18, 2026

Title:     April Chandler v. Mark Skipper *et al.*

of valid copyright ownership." *Lahiri v. Universal Music & Video Distrib., Inc.*, 513 F. Supp. 2d 1172, 1174 n.1 (C.D. Cal. 2007) (citing 17 U.S.C. § 410(c)).  A plaintiff may establish copying by demonstrating (1) "that the [defendant] had access to plaintiff's copyrighted work" and (2) "that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

Plaintiff has established the first element of a copyright infringement claim.  In addition to Plaintiff's pleading that she owns a valid copyright for the film, by taking judicial notice of Plaintiff's certificate of copyright registration, the Court understands Plaintiff's copyright registration number to be PAU004219986 and copyright registration date to be February 12, 2024.[1]  *See* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").  The certificate of copyright registration creates a rebuttable presumption of a valid copyright ownership, and this presumption is especially strong at the motion to dismiss stage since the Court accepts Plaintiffs' allegations as true. *See Datastorm Techs., Inc. v. Excalibur Commc'ns, Inc.*, 888 F. Supp. 112, 114–15 (N.D. Cal. 1995).  Mr. Maloy fails to offer a non-factual basis to rebut the presumption of validity. *See generally* MTD.  Thus, Plaintiff has satisfied the first requirement to plead a copyright infringement claim.  *See, e.g.*, *Vila v. Deadly Doll, Inc.*, No. 2:21-cv-05837-ODW (MRWx), 2022 WL 3636331, at *3 (C.D. Cal. Aug. 23, 2022).

The TAC also adequately pleads copying of Plaintiff's work.  Regarding Mr. Maloy's access to Plaintiff's work, the TAC recounts that Plaintiff hired Mr. Maloy and Empirical Media LLC to assist with editing the film for four weeks.  *See* TAC ¶ 9.  To do so, Plaintiff shared her raw footage, which Mr. Maloy has yet to return even after their arrangement ended.  *See id.* ¶ 45.  These allegations are sufficient to show that Mr. Maloy and Empirical Media LLC had access to the raw footage that served as the foundation for the film.  *See Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009) ("To prove access, a plaintiff must show a reasonable possibility . . . that an alleged infringer had the chance to view the protected work." (citation omitted)).  Regarding substantial similarity, the TAC notes that Mr. Skipper reached out to Big Media stating that he and Mr. Maloy "would make an even better version of the film without Plaintiff, asking Big Media to contact him to discuss future distribution without Plaintiff involved . . . ." *See* TAC ¶ 56.  Moreover, that communication to Big Media included a YouTube link

---

[1] QUEST FOR YOUTH, Registration No. PAU004219986 (filed February 12, 2024), https://publicrecords.copyright.gov/detailed-record/voyager_36390498.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                                     Date: February 18, 2026

Title:     April Chandler v. Mark Skipper *et al.*

showing that several defendants were attempting to make their own version of the film with Plaintiff's copyrighted materials. *See id.* ¶ 63. The TAC also provides that Big Media "pull[ed] Plaintiff's film from their catalogue" after receiving Mr. Skipper's communications. *See id.* Because the TAC describes the protected elements in Plaintiff's work—her footage—and explains that Mr. Maloy's allegedly infringing work contained the same protected elements, the TAC pleads substantial similarity. *See Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 668 Fed. Appx. 803, 803 (9th Cir. 2016).

Mr. Maloy's arguments to the contrary are unavailing. He argues that because Plaintiff commissioned Mr. Maloy and Empirical Media LLC's work and supplied the source materials, these facts "negate any claim of authorship or exclusive rights . . . ." *See MTD* 4. But Mr. Maloy ignores that the Copyright Act gives copyright holders the exclusive right to prepare and authorize others to prepare derivative works. *See Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*, 964 F.2d 965, 967 (9th Cir. 1992) (citing 17 U.S.C. § 106(2)). The TAC details that Plaintiff provided Mr. Maloy and his company with her source materials for the exclusive purpose of assisting with her work, not to create a derivative work. *See TAC* ¶ 9; *see generally id.* Nor did Plaintiff compensate Mr. Maloy with rights to her work; instead, compensation was strictly monetary. *See id.* ¶ 15. Mr. Maloy also attempts to claim authorization, *see MTD* 5, but nowhere does the TAC allege that Plaintiff allowed him to create a work other than Plaintiff's. Instead, Mr. Maloy's motion to dismiss acknowledges that "[t]he new work was created for [Plaintiff's] benefit." *See id.* And it is of no import than Mr. Maloy registered a copyright on the same work days before Plaintiff, since "[t]he owner of an original work has a copyright 'immediately upon the work's creation.'" *Enter. Mgmt. Ltd, Inc. v. Construx Software Builders, Inc.*, 73 F.4th 1048, 1056 (9th Cir. 2023) (quoting *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 300–01 (2019)).

The motion to dismiss next contends that the TAC does not allege an infringing act. *See MTD* 5. Though the Court need not recount every allegation of infringement, the Ninth Circuit has "made clear that '[b]oth uploading and downloading copyrighted material are infringing acts.'" *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1050 (9th Cir. 2020) (quoting *Columbia Pictures Indus. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013)). The TAC notes that Mr. Skipper contacted Big Media "stating he along with Defendant Michael Maloy would make an even better version of the film without Plaintiff," *see TAC* ¶ 56, and that this communication to Big Media included a YouTube link showing that several defendants were attempting to make their own version of the film by relying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                                               Date: February 18, 2026

Title:     April Chandler v. Mark Skipper *et al.*

on Plaintiff's copyrighted materials, *see id.* ¶ 63. The creation and distribution of this YouTube link suffices as an infringing act. *Cf. Dermansky v. Young Turks, Inc.*, No. 2:23-cv-05868-SB-SK, 2023 WL 8884364, at *3 (C.D. Cal. Nov. 3, 2023) (referring to posting a video on YouTube as an infringing act).

Mr. Maloy also attempts to secure dismissal by taking each of Plaintiff's copyright infringement claims in turn. Regarding Plaintiff's Count I (Direct Copyright Infringement: Public Performance), Mr. Maloy maintains that the TAC does not "allege a volitional act of performance . . . ." *See MTD* 6. But "[b]roadcasting copyrighted video content to the public over the internet without authorization infringes upon the copyright owner's public performance right." *Universal City Studios Prods. LLLP v. TickBox TV LLC*, No. CV 17-7496-MWF (ASx), 2018 WL 1568698, at *9 (C.D. Cal. Jan. 30, 2018) (citing *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 573 U.S. 431, 447–48 (2014)). For that reason, Plaintiff's allegation that Mr. Maloy posted the infringing content to YouTube suffices to show public performance. As to Plaintiff's second count (Direct Copyright Infringement: Reproduction), Mr. Maloy returns to his argument that Plaintiff "commissioned and authorized the creation of the work . . . ." *See MTD* 6. Still, that authorization extended to only Plaintiff's work, not to a reproduction beyond Plaintiff's ownership. Accordingly, this argument likewise fails.

On Plaintiff's Count III (Inducement of Copyright Infringement), Mr. Maloy argues that the TAC "requires intentional encouragement of a specific third party's infringement," and that the "TAC identifies no third party, no act, and no inducement." *See id.* There are allegations, however, that plead inducement. The Court can draw the reasonable inference that Mr. Maloy provided Plaintiff's unauthorized footage to Mr. Skipper, who ultimately sent a YouTube link to Big Media showing that several defendants were attempting to use Plaintiff's copyrighted materials to create their own work. *See TAC* ¶ 63. Moreover, the TAC alleges generally that Mr. Maloy offered services to create the infringing work. *See generally TAC*. Since "the standard for inducement liability is providing a service 'with the object of promoting its use to infringe copyright,'" *Perfect 10 Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 801 (9th Cir. 2007) (citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005)), these allegations suffice to plead inducement.

The TAC also sufficiently pleads Count IV (Contributory Copyright Infringement). Mr. Maloy claims that the TAC pleads neither knowledge of specific infringing activity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-08210-MWC-PVC | Date: February 18, 2026 |
| Title:   April Chandler v. Mark Skipper *et al.* | |

nor material contribution to that activity. *See MTD* 7. Not only does the TAC plead that Mr. Maloy provided the raw footage that formed the basis for infringing content, but Mr. Maloy helped create the infringing work. Since "liability exists if the defendant engages in personal conduct that encourages or assists the infringement," *A & M Records v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001) (internal quotations omitted), these allegations adequately plead contributory copyright infringement.

Lastly, Mr. Maloy avers that the TAC inadequately pleads Plaintiff's Count V (Vicarious Infringement). A claim of vicarious infringement requires "that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *See Perfect 10*, 494 F.3d at 788. Still, to sufficiently plead vicarious infringement, a defendant need not have realized a profit. *See Paramount Pictures Corp. v. Axanar Prods., Inc.*, No. CV 15-09938 RGK (Ex), 2016 WL 2967959, at *4 (C.D. Cal. May 9, 2019) (citation omitted). The TAC identifies that Mr. Skipper contacted Big Media on his and Mr. Maloy's behalf, *see TAC* ¶ 56, and that Big Media subsequently "pull[ed] Plaintiff's film from their catalogue," *see id.* ¶ 63. In addition to the plausibility of Mr. Maloy's role as a supervisor in such infringing activity based on his work with Mr. Skipper, he stood to benefit financially from Big Media pulling Plaintiff's film from its catalogue. Thus, the TAC suffices to plead vicarious infringement.

For those reasons, the Court **DENIES** Mr. Maloy's motion to dismiss Plaintiff's claims under the Copyright Act.

>    ii.    *Conversion Claim*

Mr. Maloy argues that the Copyright Act preempts a state law conversion claim, counseling in favor of dismissal. *See MTD* 7. "For a state law claim to be completely preempted by the Copyright Act, the 'work at issue must come within the subject matter of copyright' and 'the rights granted under the state law must be equivalent to one of the exclusive rights within the general scope of copyright.'" *Upper Deck Co. v. Miller*, No. C23-1936-KKE, 2024 WL 3845560, at *9 (W.D. Wash. Aug. 16, 2024) (quoting *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1093 (C.D. Cal. 2005), *aff'd*, 446 F.3d 1011 (9th Cir. 2006) (cleaned up)).

The basis for Plaintiff's conversion claim extends beyond the scope of her Copyright Act claims. In addition to discussing Mr. Maloy's distribution of Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                                       Date: February 18, 2026

Title:   April Chandler v. Mark Skipper *et al.*

copyrighted material on YouTube, *see TAC* ¶ 127, Plaintiff reiterates that Mr. Maloy and other defendants have "unlawfully retain[ed] possession of Plaintiff's raw footage and drives," *see id.* ¶ 129. Moreover, Mr. Maloy has refused to provide "an editable version" of the film necessary for Plaintiff to produce a final cut, which could render his retention of any compensation wrongful. *See id.* ¶ 130. Plaintiff's claim is not limited to the rights that the Copyright Act protects, preventing preemption. *See Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1141, 1156 (S.D. Cal. 2014); *see also Miller*, 2024 WL 3845560, at *9 ("Defendants do not perform [the preemption] analysis . . . . Without more analysis, and at this stage of the case, the Court does not find the conversion claim preempted . . . .").

Accordingly, the Court **DENIES** Mr. Maloy's motion to dismiss Plaintiff's conversion claim.

### iii.   *Plaintiff's Motion to Strike*

Plaintiff's motion to strike highlights that Mr. Maloy failed to comply with the Federal Rules of Civil Procedure and this Court's Local Rules when filing his motion to dismiss. *See generally Mot. to Strike*. The Court will not excuse pro se litigants from complying with the Local Rules, *see In re Roberts v. Ass'n of Apartment Owners of Liona Kona*, No. 14-00548 SOM/RLP, 2015 WL 7257918, at *4 (D. Haw. Nov. 16, 2025), and Mr. Maloy must exercise greater care going forward to ensure that he follows the rules applicable to all litigants before this Court. Still, because the Court denies Mr. Maloy's motion to dismiss, the Court **DENIES AS MOOT** Plaintiff's motion to strike.

III.   Plaintiff's Motion for Default and Default Judgment Against Empirical Media LLC

Plaintiff also asks the Court to enter default against Empirical Media LLC, *see Mot. for Default*, and for default judgment against the same, *see Mot. for Default Judgment*.

On January 22, 2026, Plaintiff asked the Court in a different filing to enter default against Empirical Media LLC. *See* Dkt. # 252. On February 3, 2026, the Court denied Plaintiff's request without prejudice, explaining that Plaintiff had failed to demonstrate that she had properly served Empirical Media LLC. *See* Dkt. # 261. Since the Court's February 3 order, Plaintiff has not cured that defect. Accordingly, for the same reason, the Court **DENIES** Plaintiff's motion for entry of default against Empirical Media LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                                                    Date: February 18, 2026

Title:   April Chandler v. Mark Skipper *et al.*

      Because there is no entry of default against Empirical Media LLC, the Court cannot grant Plaintiff's motion for default judgment.  *See* Fed. R. Civ. P. 55 (permitting a court-ordered default judgment only following the entry of default by the clerk under Rule 55(a)).  Even if the Court had entered default against Empirical Media LLC, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).  Referring to the leading case regarding default judgments in actions involving multiple defendants, others in this District have explained that "[*Frow v. De La Vega*, 82 U.S. 552 (1872)] was clearly mandated by the Court's desire to avoid inconsistent adjudications as to liability . . . .  Therefore, it would be an abuse of discretion by the district court to enter default judgments that may create inconsistent judgments among multiple defendants."  *United Fabrics Int'l Inc. v. Life N. Style Fashions, Inc.*, No. 2:15-cv-05733-ODW (Ex), 2015 WL 7454512, at *1 (C.D. Cal. Nov. 23, 2015).  Thus, the Court **DENIES** Plaintiff's motion for default judgment against Empirical Media LLC.

IV.   Conclusion

      For the foregoing reasons, the Court **DENIES** Mr. Maloy's motion to dismiss, **DENIES AS MOOT** Plaintiff's motion to strike, **DENIES** Plaintiff's motion for entry of default, and **DENIES** Plaintiff's motion for default judgment.  The February 20, 2026, hearing is **VACATED**.

      **IT IS SO ORDERED.**

                                                                                           :

                                               **Initials of Preparer**   TJ