UNITED STATES DISTRICT COURT

Central District of California

```
FILED
CLERK, U.S. DISTRICT COURT
2/12/2026
CENTRAL DISTRICT OF CALIFORNIA
BY      LR      DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

_____
APRIL CHANDLER.                                )
                                               )    Case No. 2:25-cv-08210-MWC
              Plaintiff                        )
                                               )
      -against-                                )
                                               )    **Motion Requesting**
                                               )    **To Attend Hearing Remotely**
                                               )
                                               )
MARK SKIPPER AKA SKIP ARCHIMEDES,              )
MICHAEL MALOY, EMPIRICAL MEDIA LLC.            )
                                               )
                                               )
              Defendants                       )
_____            )

Plaintiff is respectfully requesting permission to attend the hearing scheduled for **1:30 PM on Friday February 20th, 2026,** remotely. The plaintiff filed this lawsuit in the Northern District of New York, approximately 2,700 miles away from the Central District Court in Los Angeles, making in-person attendance logistically challenging.

As an independent filmmaker, Plaintiff has encountered substantial challenges as a direct result of the actions taken by Defendants Michael Maloy, Empirical Media LLC, and Mark Skipper, particularly their outreach to the distributor, Big Media. These actions have led to her latest film project, *Quest For Youth*, being withdrawn from international distribution, severely impacting her financial situation and adversely affecting Plaintiff's professional reputation and other projects. Notably, Defendant Maloy admitted liability of these detrimental actions in his declarations, **ECF 196** and **ECF 198**.

Additionally, Plaintiff is a single mother solely responsible, both legally and financially, for her three children—two of whom are minors, while her eldest son is away at college. Plaintiff personally takes her daughter to and from her educational institution, as there is no bus service available in their area. Given her age, Plaintiff is understandably concerned about her daughter traveling via Uber. The gravity of this concern is amplified by the three-year full stay-away Order of Protection against Jonathan Rees aka Greg Ellis, a close friend and business associate of Defendant Michael Maloy. This protective order, issued by Honorable Judge Young and recorded in the national database, see **EXHIBIT 1**, requires that Plaintiff remain hyper-vigilant in protecting her family from him and his associates, who follow Rees as if he were a cult leader.

Plaintiff believes that Rees is actively advising and assisting Maloy in his defense against Plaintiff's lawsuit, perpetuating a damaging "Hollywood boys' club" mentality aimed at dismantling Plaintiff's business, stealing her film, and jeopardizing her well-being and livelihood. Her experiences with the defendants and their ally Rees, which are detailed in her response, see **ECF 122**, to Maloy and Empirical Media's motion to dismiss, **ECF 103**, underscore the genuine safety concerns she faces. It is highly risky for her to leave her family vulnerable at this time. If she is in California at a publicly known time, her children would be at increased risk. Rees created a derogatory website about Plaintiff, which he has been ordered to remove as part of the three-year full stay-away Order of Protection that he continues to defy. Defendant Mark Skipper aka Skip Archimedes directly emailed the link to the website to Big Media after Maloy reached out to Big Media, resulting in the removal of Plaintiff's film from distribution.

Plaintiff's address has also been doxxed multiple times on the derogatory website created by Rees, forcing her family to relocate to another address that has been ordered confidential by

Honorable Judge Young. Rees and his followers are relentless in their harassment. The situation escalated alarmingly when Rees, who is also known as Greg Ellis, climbed into bed with Plaintiff's daughter when she was just 12 years old, causing her significant anxiety and fear. Rees inflicted physical, mental, and emotional abuse on Plaintiff and her children while staying at his home in New York.

Shortly after Plaintiff filed a police complaint regarding these incidents, which ultimately led to the granting of a three-year Order of Protection, Rees enlisted the help of his associates, including Maloy and Mark Skipper, to further attack Plaintiff's reputation and harm her. Their coordinated efforts led to outreach to Big Media, aiming to destroy her credibility and remove her film from distribution. Defendant Maloy escalated the situation by registering her film as his own with the United States Copyright Office, even though he was a work made for hire editor working on Plaintiff's raw footage and film project under contract for only 4 weeks.

Plaintiff urges the court to consider the profound implications of leaving her daughter thousands of miles away without her presence, exposing her to potential vulnerabilities orchestrated by Rees and helped by Defendants Maloy and Skipper. She cannot, in good conscience, subject her to such risk. Remote attendance would enable Plaintiff to effectively present her case while avoiding unnecessary financial strain on her family and emotional distress for her children during this already challenging period, which has been exacerbated by the actions of the defendants and their friend and associate, Rees.

The motion before the court on **February 20th, 2026 at 1:30PM**, pertains to a Motion to Dismiss Plaintiff's Third Amended Complaint. However, the Defendant did not serve this motion on the Plaintiff with the certificate of service filed with the court, only claiming to serve the Notice of Motion to Dismiss some weeks earlier, not the actual motion itself. This left the

Plaintiff with insufficient time to respond and oppose the motion to dismiss, resulting in the Plaintiff requesting that the Defendant's motion to dismiss be stricken, which is also set to be heard before the Court on **February 20th, 2026**.

The issues relating to causes of action 1 through 6 have already been addressed by the Honorable District Judge Glenn Suddaby, who denied the Defendant's motion to dismiss. Honorable District Judge Williams Court further noted in her order, **ECF 221**, 12/08/2025: "*prior to transferring the case, the District Judge Glenn T. Suddaby issued a decision on defendants' motion to dismiss. See Dkt. # 142. Judge Suddaby dismissed all claims against Michael Maloy, Empirical Media LLC, and Mark Skipper except claims 1 through 6 (which are based on infringement under the Copyright Act, 17 U.S.C. § 501). See id. 27.*"

Additionally, Honorable District Judge Williams Court wrote: "*As such, the copyright claims against Defendant Maloy, Empirical Media LLC, and Mark Skipper currently remain (listed as counts 1 through 6 above, as all arise under 17 U.S.C. § 501)*". Despite the Honorable District Judge Williams Court' statement that "*The appropriate mechanism for Defendant Maloy to raise such contentions is a motion to dismiss. Given that counts 1 through 6 would remain operative against him regardless, allowing Plaintiff to amend would not be prejudicial*," Defendant Maloy has nonetheless filed a motion seeking to dismiss counts 1 through 6. This has resulted in the scheduling of yet another hearing date, which the Plaintiff cannot attend due to being 2,700 miles away, compounded by family matters and an ongoing snowstorm. Given that his motion to dismiss counts 1 through 6 has already been heard and denied, Maloy's actions appear to be a time-wasting exercise that adds unnecessary complications to the proceedings.

The confusion arising from Maloy's improper representation of Empirical Media LLC has also led to the denial of the Plaintiff's motion for entry of default in her Second Amended Complaint against the company, **ECF 166**, which the court found to be moot, **ECF 173**. Additionally, the

Plaintiff's motion for default judgment against Mark Skipper, also known as Skip Archimedes, **ECF 160**, was denied, **ECF 173**, despite neither defendant responding to the Second Amended Complaint, effectively placing them in default.

During this same time period, Maloy filed a motion requesting clarification from the court, indicating confusion regarding how to respond to the Plaintiff's Second Amended Complaint now that all other defendants, aside from Empirical Media LLC and Mark Skipper, had been dismissed, leaving only causes of action 1 through 6 remaining. In response, the Plaintiff sought permission to file a third amended complaint to remove the dismissed causes of action and defendants. This effort aimed to streamline the case, ensuring that while the core of causes 1 through 6 remained intact, the language throughout the third amended complaint was enhanced for clarity specific to remaining Defendants, thereby expediting judicial proceedings and reducing the potential for further confusion. In turn, the Defendant has filed another motion to dismiss, which raises the issue of res judicata, given that counts 1 through 6 have already been heard and denied in the Defendant's previous motion to dismiss.

Plaintiff is confident that the Defendants will oppose her request for remote attendance, similar to their previous opposition, see **ECF 199**, despite the fact that remote participation would not prejudice them in any way. Their strategy appears to be aimed at forcing Plaintiff's in-person attendance, knowing that she is unable to travel; this could result in Plaintiff being penalized for non-attendance, which would unfairly disadvantage her. Such a scenario seems to be the only path through which Defendants Maloy and Empirical Media LLC could secure a favorable outcome since their motion to dismiss counts 1 through 6 in the Second Amended Complaint has been denied and Defendant Maloy has acknowledged liability in his declarations, **ECF 196** and **ECF 198**.

Plaintiff would be severely prejudiced, and justice would not be served, if she is not granted permission to attend remotely on **February 20th, 2026.** Plaintiff cannot travel to California for the foreseeable future and did not anticipate that her presence would be required in person until the trial.

Thank you for considering Plaintiff's request for remote attendance at the upcoming hearing. Plaintiff appreciates your understanding of her circumstances and the profound impact they have on her ability to participate in this important matter. Plaintiff respectfully asks you to grant her request for remote participation on **February 20th, 2026** to ensure that justice is fair and equitable, not only for the Defendants, but for the Plaintiff as well.

Dated: 02/12/2026

                                              Respectfully submitted,

                                              _____
                                              April Chandler
                                              Pro se

## **EXHIBIT 1**

Redacted OOP

F.C.A §§ 446, 551, 656, 842 & 1056                                                                                       GF5a 12/2020

ORI No:      NY003023J
Order No:    2024-000111
NYSID No:    _____

At a term of the Family Court of the State of New York,
held in and for the County of Broome, at Courthouse 65 Hawley Street,
Binghamton, NY 13902, on April 17, 2024

**PRESENT:** Honorable Mark H. Young

In the Matter of a FAMILY OFFENSE Proceeding

XXXXXX (DOB: 02/28/1974),
    Petitioner

- against -

Jonathan Rees (DOB: 03/21/1968),
    Respondent

File #        47031
Docket #      O-03679-23
**Order of Protection**

**Upon Default**

---

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION AND INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT.

THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER.

---

A petition under Article 8 of the Family Court Act, having been filed on November 06, 2023 in this Court and After Hearing, and Jonathan Rees having been not present in Court.

    NOW, THEREFORE, IT IS HEREBY ORDERED that Jonathan Rees (DOB:03/21/1968) AKA: Greg Ellis observe the following conditions of behavior:

[01] Stay away from:

[A] XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

[B] the home of XXXXXX DOB: 02/28/1974), XXXXXXXXXXXXXXXXXX XXXXXXX (DOB: XXXX and

[C] XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

[E] the place of employment of XXXXXX DOB: 02/28/1974);

[14] Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with XXXXXX (DOB: 02/28/1974), XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX) and XXXXXXXXXXXXXXXXXXXXXX including third party;

[17] Refrain from remotely controlling, monitoring or otherwise interfering with any electronic device or other object affecting the home, vehicle or property of XXXXXX DOB: 02/28/1974), XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX (DOB: XXXX and XXXXXXXXXXXXXXXXXXXXXX by connection through any means, including, but not limited to, the internet, Bluetooth, a wired or wireless network, or other wireless technology.

[02] Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful dissemination or publication of intimate image(s) or any criminal offense against XXXXXX DOB: 02/28/1974), XXXXXXXXXXXXXXXXXXXX, XXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX) and XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX,

GF-5a Page 2
O-03679-23
2024-000111

[12] Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: all weapons and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but in no event later than April 26, 2024 by 5:00pm at your local Sheriff Department in State and County of residence;

[99] Observe such other conditions as are necessary to further the purposes of protection: Jonathan Rees (DOB: 03/21/1968) shall not post anything about ██████ ██████, ██████ and ██████ on any social media site or website or allow anyone else to do so on his behalf; and, he shall remove any posting which he or any third party on his behalf has already posted about ██████ ██████, ██████ and ██████ on any social media site or website.;

[99] Observe such other conditions as are necessary to further the purposes of protection: Jonathan Rees (DOB: 03/21/1968) shall immediately remove and take down from the internet the website www██████.com.;

**It is further ordered** that [13A] Jonathan Rees' (DOB: 03/21/1968) license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby suspended;, and [13C] Jonathan Rees (DOB: 03/21/1968) shall remain ineligible to receive a firearm license while this Order is in effect.

**It is further ordered** that this order of protection shall remain in force until and including April 17, 2027.

Dated:   April 17, 2024

ENTER

### Notice of Entry

Please be advised that this document was entered in the office of the Broome County Family Court on 04/17/2024
Anne M. Simms Chief Clerk

_____
Honorable Mark H. Young

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**The Family Court Act** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires such officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

**Federal law requires** that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C §§ 2265, 2266).

**It is a federal crime to:**
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 U.S.C. §§ 922(g)(8), 922(g)(9), 2261, 2261A, 2262).

**Check Applicable Box(es):**

[ ] Party against whom order was issued was advised in Court of issuance and contents of Order

[ ] Order personally served in Court upon party against whom order was issued

[x] Service directed by Police Service

[ ] [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]: _____

[ ] Warrant issued for party against whom order was issued[specify date]: _____

[ ] ADDITIONAL SERVICE INFORMATION [specify]: _____

GF-5a Page 3
O-03679-23
2024-000111

CCs:  Richard Henry Miller II - email
Broome County Sheriff's Department-Binghamton - fax
Robert Charles Kilmer - in court
Jonathan Rees - personal service
Christopher Thomas Brown - email
David Thomas Spector - email
██████ - in court

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CERTIFICATE OF SERVICE

Case No: 2:25-cv-08210-MWC
Date filed: 02/12/2026

Plaintiff: **APRIL CHANDLER**
Defendants: **MARK SKIPPER AKA SKIP ARCHIMEDES, MICHAEL MALOY, EMPIRICAL MEDIA LLC**

I, April Chandler, hereby certify that I am the plaintiff herein and served a copy of the following documents:

**MOTION REQUESTING REMOTE ATTENDANCE, DECLARATION, EXHIBIT 1 ORDER OF PROTECTION, CERTIFICATE OF SERVICE on Defendants:**

1) **Michael Maloy/Empirical Media LLC** at 440 N Venice Blvd, Venice, Los Angeles, California, 90291-4531

2) **Mark Skipper aka Skip Archimedes** at 47 Archdale Close, Kings Lynn, Norfolk, PE330QG, United Kingdom

in a 1st Class postpaid properly addressed envelope under the exclusive care and custody of the United States Post Office by mailing and depositing a true and correct copy of said document at:

USPS 200 Washington Avenue, Endicott, NY 13760 on the following date: 02/12/2026

I certify that the foregoing is true and correct.

Dated: 02/12/2026

Signed: _____
Name: April Chandler