UNITED STATES DISTRICT COURT

Central District of California

FILED

CLERK, U.S. DISTRICT COURT

3/27/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jji_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

|  |  |
|---|---|
| APRIL CHANDLER. )<br><br>Plaintiff )<br><br>-against- )<br><br>MARK SKIPPER AKA SKIP ARCHIMEDES, )<br>MICHAEL MALOY, EMPIRICAL MEDIA LLC. )<br><br>Defendants ) | Case No. 2:25-cv-08210-MWC<br><br>**MOTION TO STRIKE<br>COUNTERCLAIMS, SANCTIONS<br>AND OPPOSITION TO DEFAULT** |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT MICHAEL MALOY'S**

**COUNTERCLAIMS (FRCP 12(f) AND COURT'S INHERENT AUTHORITY),**

**OPPOSITION TO DEFENDANT'S REQUEST FOR ENTRY OF DEFAULT (FRCP 55(a)),**

**AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND**

**AUTHORITIES**

Plaintiff April Chandler, proceeding pro se, respectfully moves this Court to:

1

1.    Strike Defendant Michael Maloy's counterclaims filed on February 23, 2026 (ECF No. 270) as untimely and in direct violation of this Court's December 8, 2025 Order (ECF No. 221);

2.    Deny Defendant Maloy's Request for Entry of Default against Plaintiff (filed on or about March 25, 2026) because the counterclaims are not properly before the Court; and

3.    Impose appropriate sanctions on Defendant Maloy for his repeated willful noncompliance with this Court's orders, including his failure to serve Plaintiff despite this Court's numerous prior warnings against gamesmanship and improper service tactics.

This motion is based on the following memorandum of points and authorities, the accompanying Declaration of April Chandler, the complete files and records in this action, and any further evidence or argument the Court may permit.

## I. INTRODUCTION AND RELIEF REQUESTED

Defendant Maloy's counterclaims are procedurally defective and were filed in blatant disregard of this Court's explicit, separate order on counterclaims. In its December 8, 2025 Order (ECF No. 221), the Court expressly ruled on the counterclaims separately from any amendment to the answer. The Court stated:

*"Though the third and fourth motions were filed as one request, the Court must analyze them separately."*

*and*

*"**DENIES AS MOOT** Defendant Maloy's motion to amend his answer, and **GRANTS** Defendant Maloy's motion to amend his counterclaims."*

The Court then ordered Defendant Maloy to file his amended counterclaims within 21 days of service of Plaintiff's Third Amended Complaint (TAC).

2

The TAC was served on December 9, 2025 (ECF Nos. 229, 231, and 276 [Plaintiff's proof of mailing, receipt by process server, and emailing to Defendant]). Maloy's deadline to file his counterclaim was therefore December 30, 2025.

Instead, Maloy filed a motion to dismiss on December 24, 2025 (ECF No. 233, denied February 18, 2026), then on February 23, 2026 filed an Answer that improperly bundled in counterclaims —nearly two months late— (ECF No. 270). He filed no certificate of service with ECF No. 270 and did not serve Plaintiff directly (Plaintiff only learned of it via the docket). This is gamesmanship, despite this Court's repeated prior warnings to Defendant Maloy regarding proper service and prohibition of gamesmanship and delay tactics.

While the filing of the Answer on the docket may be effective as to Defendant's defenses, the complete absence of service renders the counterclaims portion ineffective and further demonstrates Defendant's pattern of noncompliance warranting sanctions.

In addition, even if timely filed, the counterclaims are substantively defective: they consist of conclusory allegations that fail to state any plausible claim for relief under FRCP 12(b)(6) and directly contradict Defendant Maloy's own prior sworn Declaration (ECF No. 198).

The counterclaims must be stricken under FRCP 12(f) and the Court's inherent authority. Because they are not validly asserted, no default can be entered under FRCP 55(a). Plaintiff further requests sanctions to deter further violations.

## II. FACTUAL BACKGROUND (CHRONOLOGY)

On December 8, 2025, this Court issued its Order (ECF No. 221). The Court separately analyzed and ruled on Defendant Maloy's requests, expressly stating: ***"Though the third and fourth motions were filed as one request, the Court must analyze them separately."*** The Court then

**DENIED AS MOOT** his motion to amend his answer, but **GRANTED** his motion to amend his counterclaims, ordering him to file the amended counterclaims within 21 days of service of Plaintiff's Third Amended Complaint.

Plaintiff filed and served the TAC on December 9, 2025. Service was effected by mailing, process server, and email to Defendant (ECF Nos. 229, 231, and 276).

Maloy's 21-day deadline for filing amended counterclaims expired on December 30, 2025.

Instead of complying, Maloy filed a motion to dismiss the TAC on December 24, 2025 (ECF No. 233).
The Court denied Maloy's motion to dismiss on February 18, 2026.

On February 23, 2026—over 50 days after the Court-ordered deadline—Maloy filed his Answer to the TAC, which improperly included counterclaims (ECF No. 270). No certificate of service was filed with ECF No. 270, and Plaintiff did not receive a copy until she reviewed the docket. (See Declaration of April Chandler).

On or about March 25, 2026, Maloy filed a Request for Entry of Default against Plaintiff on the counterclaims, claiming Plaintiff failed to respond within 21 days. He attached a certificate of service only to that filing—not to the original Answer/counterclaims.

This chronology demonstrates deliberate delay and evasion, not excusable neglect or any good-faith belief that he could wait until after his motion to dismiss was decided. The Court's order on counterclaims was independent and time-specific from service of the TAC. Defendant's actions continue a pattern of noncompliance, despite this Court's numerous prior warnings to serve Plaintiff properly and refrain from gamesmanship.

## III. LEGAL ARGUMENT

A. The Counterclaims Must Be Stricken as Untimely and in Violation of the Court's Separate Order (FRCP 12(f) and Court's Inherent Authority)

FRCP 12(f) authorizes the Court to strike pleadings filed in violation of court orders or deadlines. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds). Courts routinely strike untimely pleadings to enforce explicit directives. Here, the counterclaims were not filed within the separate 21-day window the Court ordered following TAC service. Maloy offers no good cause or request for extension under FRCP 6(b). His later motion to dismiss did not toll the independent counterclaims deadline. Striking them promotes judicial efficiency and deters gamesmanship. The Court also possesses inherent authority to manage its docket and enforce its own orders. Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991).

B. Defendant Failed to Properly Serve the Answer and Counterclaims, Rendering the Counterclaims Ineffective and Precluding Default (FRCP 5 and 55) FRCP 5(d)(1) requires a certificate of service. None accompanied ECF No. 270. Plaintiff (pro se) did not receive the document until it appeared on the docket. Proper service is a prerequisite for entry of default. Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). FRCP 55(a) permits default only after proper service and a clear failure to respond. The 21-day response period never began. Default cannot be entered on defective counterclaims.

C. Sanctions Are Warranted for Willful Noncompliance and Repeated Gamesmanship
This Court has warned Defendant Maloy numerous times about the need for proper service and against gamesmanship and delay tactics. Despite those warnings, Maloy continues to file pleadings without serving Plaintiff, then seeks default based on that very failure. Such conduct is willful and in bad faith.

5

The Court has inherent authority to impose sanctions for violation of its orders (including scheduling and service directives) and under FRCP 16(f). Chambers v. NASCO, Inc., 501 U.S. 32 (1991). Sanctions are necessary to deter further abuse of the judicial process.

D. In Addition, the Counterclaims Are Substantively Defective, Conclusory, and Contradict Defendant's Own Prior Sworn Statements. Even if the counterclaims had been timely filed and properly served (which they were not), they fail to state any plausible claim for relief. The allegations are entirely conclusory, contain no specific facts supporting a cause of action, and do not meet the pleading standard of FRCP 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Moreover, the counterclaims directly contradict Defendant Maloy's own prior sworn Declaration filed in this action (ECF No. 198), in which he repeatedly admits that he was hired as a "fixer"/ showrunner to revise Plaintiff's existing film, that Plaintiff supplied the raw footage and interviews, and that he created supplemental material (stock footage, music, and scratch narration) to support her project.

Maloy's Declaration (ECF No. 198) repeatedly admits:

- Plaintiff hired him to revise her film ("Fountain of Youth" → "Quest for Youth").
- She provided the media drives with her interviews and footage.
- He created a "new narrative," licensed stock footage/music, and recorded scratch narration to supplement what she already had.
- He posted the finished film for her review only.

A pleading that is inconsistent with a party's own earlier sworn statements constitutes a sham pleading that may be stricken under FRCP 12(f). Bradley v. Chiron Corp., 136 F.3d 1317, 1324 (9th Cir. 1998); United States v. 87.98 Acres of Land, 530 F.3d 1003, 1006–07 (9th Cir. 2008).

These substantive deficiencies further evidence bad faith and independently support striking the counterclaims, denying entry of default against Plaintiff, and awarding sanctions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.      Grant this motion and strike Defendant Maloy's counterclaims (ECF No. 270) in their entirety;

2.      Deny Defendant's Request for Entry of Default;

3.      Impose sanctions on Defendant Maloy the Court deems just and proper to deter continued gamesmanship; and

**4.**      Award Plaintiff any further relief the Court deems appropriate.

Dated: Broome County, New York

March 27th, 2026

Respectfully submitted,

_____

April Chandler