Michael Maloy
*Pro se*

FILED

CLERK, U.S. DISTRICT COURT

4/1/26

CENTRAL DISTRICT OF CALIFORNIA

BY _____ MRV _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM



## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| APRIL CHANDLER, | Case No.: 2:25-cv-08210-MWC-PVC |
| *Plaintiff,* | |
| *v.* | **OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS AND FOR SANCTIONS** |
| MICHAEL MALOY, et al., | |
| *Defendants.* | |

## INTRODUCTION

Defendant Michael Maloy opposes Plaintiff April Chandler's Motion to Strike his Counterclaims and for Sanctions. (ECF No. 281)

## ARGUMENT

### I. PLAINTIFF WAS PROPERLY SERVED VIA CM/ECF

Plaintiff's assertion that she was not served is contradicted by the Court's records. Defendant's Answer and Counterclaims, (ECF No. 270), were filed on February 23, 2026 and the NEF reflects that Plaintiff was electronically served at her registered email address that same day.

1

As a registered CM/ECF user, Plaintiff receives service through the NEF, and service is complete upon transmission of that notice. Plaintiff's claim that she was not served is therefore incorrect.

In any event, Plaintiff admits she became aware of the filing and has substantively responded to it. Accordingly, there can be no showing of prejudice, and any alleged defect in service would be harmless.

Plaintiff has repeatedly focused on procedural objections rather than the merits, but such objections do not justify the extraordinary relief sought here.

## II. PLAINTIFF'S TIMELINESS ARGUMENT DOES NOT WARRANT STRIKING COUNTERCLAIMS

Plaintiff contends that Defendant's Counterclaims should be stricken as untimely under the Court's prior order. (ECF No. 221) That argument fails.

Defendant actively litigated the case following service of the Third Amended Complaint by filing a motion to dismiss on December 24, 2025. (ECF No. 233) The Court considered that motion on the merits and issued its ruling on February 18, 2026, without identifying any procedural defect in Defendant's filings. (ECF No. 262)

2

Defendant filed his Answer and Counterclaims shortly thereafter. (ECF No. 270) The Court has not struck or otherwise questioned those filings, and the case has proceeded in the ordinary course. Plaintiff identifies no prejudice arising from the timing of Defendant's filing.

Allowing Defendant's counterclaims to proceed promotes resolution of the case on the merits, which the Court has recognized is its "primary goal." (ECF No. 221) Plaintiff's request for such relief is therefore unwarranted.

Plaintiff's motion is also internally inconsistent. While asserting that she was not served, Plaintiff simultaneously advances substantive arguments addressing the merits of the counterclaims, confirming both actual notice and the absence of any prejudice.

## III. PLAINTIFF FAILS TO IDENTIFY ANY LEGAL DEFECT IN DEFENDANT'S COUNTERCLAIMS

Plaintiff contends that Defendant's counterclaims are "defective," but she does not identify any specific element of any claim that is insufficiently pled, nor does she provide any legal analysis supporting dismissal or striking of those claims. Instead, Plaintiff relies on a characterization of Defendant's prior declaration, asserting that Defendant admitted he was engaged to revise Plaintiff's project and that Plaintiff provided certain materials.

These assertions do not establish any legal defect in Defendant's counterclaims. To the contrary, they are consistent with, and support, Defendant's claims. Defendant's Counterclaims for **Breach of Contract** and **Unjust Enrichment** allege the existence of a written agreement, Defendant's performance, and Plaintiff's failure to pay. (ECF No. 270 at 17–18) These are the core elements of a breach of contract claim and are properly pled.

Moreover, Plaintiff's own description of Defendant's role undermines her position. While Plaintiff previously characterized Defendant as a mere **"editor"** in her Third Amended Complaint, she now asserts that Defendant acted as a **"showrunner"** responsible for revising and completing the documentary. A showrunner is the individual responsible for overseeing and directing all aspects of production, including creative decision-making. Plaintiff's characterization thus confirms that Defendant exercised substantial independent creative control in the creation of the work.

That characterization is consistent with the parties' written agreement, which provides that Defendant would "manage all aspects of the creation and delivery of the documentary, including writing, editing, graphics, music, voice-over, audio mix and color correction." (ECF No.54-4, Ex. C)

Plaintiff's assertions therefore do not demonstrate any inconsistency or defect in Defendant's claims. At most, they confirm that Plaintiff engaged Defendant to perform extensive creative and production services and provided materials for that purpose—facts that are entirely consistent with Defendant's counterclaims for breach of contract, unjust enrichment, and declaratory relief.

Because Plaintiff has failed to identify any legal deficiency in Defendant's counterclaims, her request to strike them should be denied.

Plaintiff's cited authorities do not alter this analysis. Those cases address circumstances involving actual prejudice or properly supported motions to dismiss or strike, neither of which is present here.

Defendant also seeks declaratory relief to resolve an actual and ongoing dispute regarding authorship of the completed film, including whether the work constitutes a "work made for hire" and whether Defendant owns the protectable elements he independently created. (ECF No. 270 at 17–18) These allegations further confirm that Defendant's counterclaims present a concrete controversy appropriate for adjudication and are not subject to dismissal.

## IV. PLAINTIFF'S REQUEST FOR SANCTIONS IS UNFOUNDED

Plaintiff seeks sanctions based on the same incorrect premise that Defendant failed to serve his filings and engaged in improper conduct. As set forth above, service was properly effected through CM/ECF, and Defendant has participated in this litigation in accordance with the Federal Rules and this Court's orders.

There is no evidence of bad faith, willful misconduct, or any basis for sanctions. Plaintiff's request should be denied.

## CONCLUSION

Plaintiff's motion is premised on an incorrect understanding of service and an attempt to elevate procedural technicalities over the merits of the case. Because Plaintiff was properly served, has suffered no prejudice, and because the relief sought is unwarranted, the motion should be denied in its entirety.

Respectfully submitted,

_____

Michael Maloy
*Pro Se*

April 1, 2026

6