UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                              Date: April 30, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:
N/A                                                                    N/A

**Proceedings:  (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIMS, OPPOSITION TO DEFENDANT'S REQUEST FOR ENTRY OF DEFAULT, AND REQUEST FOR SANCTIONS (DKT. [279])**

Before the Court is Plaintiff April Chandler's ("Plaintiff") Motion to Strike Counterclaims, Opposition to Defendant's Request for Entry of Default, and Request for Sanctions.  Dkt. # 279 ("*Mot.*").  Defendant Michael Maloy ("Defendant") opposed, Dkt. # 286 ("*Opp.*"), and Plaintiff replied, Dkt. # 388 ("Reply").[1]  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  After considering the papers, the Court **DENIES** Plaintiff's motion.

I.        Background & Procedural History[2]

On September 8, 2025, the Northern District of New York transferred this copyright action to this Court.  Dkt. # 145.  Shortly after the transfer, on October 8, 2025 and October 27, 2025, respectively, the Court granted both parties' separately-filed Applications for

---

[1] Because both parties are proceeding *pro se*, the Court is "obligated to liberally construe [their] documents," looking "to the contents of [their] filing[s] rather than [their] form."  *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (cleaned up), *cert. pet. filed*, No. 25-417 (Oct. 7, 2025); *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (same).

[2] The Court limits its recitation of background information to only those facts that are pertinent to resolving the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                          Date: April 30, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

Permission for Electronic Filing (Dkts. # 158 & 185).  Dkts. # 168 (granting Defendant's e-filing application) & 192 (granting Plaintiff's e-filing application).

On December 8, 2025, the Court, among other things, granted Plaintiff leave to file a Third Amended Complaint ("TAC"), and granted Defendant leave to file an Amended Answer and counterclaims "within 21 days of being served Plaintiff's amended complaint."[3]  Dkt. # 221.  Plaintiff filed her TAC on December 9, 2025, and on December 24, 2025, Defendant filed a motion to dismiss, as opposed to an Amended Answer.  *See* Dkts. # 229 & 233.  On February 18, 2026, the Court, among other actions, denied Defendant's motion to dismiss.  Dkt. # 262.  On February 23, 2026, Defendant filed his Amended Answer, containing his amended counterclaims therein.  *See* Dkt. # 270.

On March 25, 2026, Defendant filed a Request for Clerk to Enter Default ("Request for Default") against Plaintiff/Counter-Defendant April Chandler.  Dkt. # 278.  On March 27, 2026, Plaintiff filed the instant motion.  *See Mot.*  Because Plaintiff responded to Defendant's counterclaims, on April 1, 2026, the Clerk of Court issued a Notice of Deficiency regarding Defendant's Request for Default.  *See* Dkt. # 281.  Now pending is Plaintiff's motion, wherein she asks, among other things, for the Court to strike Defendant's counterclaims, or in the alternative, to dismiss them pursuant to Rule 12(b)(6).  The motion is fully briefed and ripe for consideration and review.

II.      Legal Standards

    A.      Rule 12(f)

Under Rule 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Court may either act "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f)(1)–(2).  "The function of a motion to strike under Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious

---

[3] Though the Court technically denied as moot Defendant's motion for leave to file an Amended Answer, the Court noted "Defendant Maloy's intent to include his amended counterclaims alongside his answer," and thus granted him leave to file a combined Amended Answer with amended counterclaims within twenty-one (21) days of "being served with Plaintiff's amended complaint."  *See* Dkt. # 221 at 5–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                               Date: April 30, 2026

Title:     April Chandler v. Mark Skipper, *et al.*

issues by dispensing of those issues before trial." *Merrell v. Marriott Int'l, Inc.*, No. 23-cv-06664-WHO, 2026 WL 657747, at *4 (N.D. Cal. Mar. 9, 2026) (awaiting publication) (citation omitted). "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Id.* (quotation marks and citation omitted); *see also David v. George Chiala Farms, Inc.*, 809 F. Supp. 3d 954, 964 (N.D. Cal. 2025) ("[M]otions to strike are generally disfavored."). "In most cases, a motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Merrell*, 2026 WL 657747, at *4 (quotation marks and citation omitted).

      B.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The rule applies equally to a counterclaim." *Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1232 (C.D. Cal. 2007) (citation omitted); *Philips N. Am. LLC v. Garmin Int'l, Inc.*, No. CV 19-06301-AB (KS), 2019 WL 9512698, at *1 (C.D. Cal. Nov. 25, 2019) (same). Thus, to survive a Rule 12(b)(6) motion to dismiss, the defendant's counterclaim "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The counterclaim must also be 'plausible on its face,' that is, the counterclaim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Philips*, 2019 WL 9512698, at *1 (quoting *Iqbal*, 556 U.S. at 668). "A court may dismiss a counterclaim under Rule 12(b)(6) based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.* (citation omitted).

III.    Discussion

Plaintiff's motion brings various requests. First, Plaintiff moves to strike Defendant's counterclaims as "untimely and in direct violation of this Court's December 8, 2025 Order." *Mot.* at 2. Second, Plaintiff complains that Defendant failed to properly serve his Amended Answer and counterclaims, thereby "rendering the counterclaims ineffective[.]" *Id.* at 5 (capitalizations omitted). Accordingly, Plaintiff requests that the Court vacate the Clerk's entry of default against it. *See id.* Third, Plaintiff requests the Court impose sanctions against Defendant for violating such service defects. *See id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                              Date: April 30, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

5–6.  Finally, Plaintiff moves to dismiss the counterclaims under Rule 12(b)(6).  Defendant opposes all such arguments, *see generally Opp.*, and in a supplemental brief,[4] notes that Plaintiff's motion fails to comply with C.D. Cal. Local Rule 7-3.  *See* Dkt. # 292.  The Court first addresses arguments raised in Defendant's supplemental brief, and then turns to each of Plaintiff's arguments.

      A.      Meet & Confer Efforts

At the outset, the Court addresses Defendant's representation that Plaintiff's instant motion fails to comply with C.D. Cal. Local Rule 7-3 in that she filed her motion "without first engaging in any meet-and-confer [efforts] with Defendant.  No certificate of compliance, declaration, or statement appears in Plaintiff's motion, reply or supporting papers indicating that any conferral attempt was made."  Dkt. # 292 at 1–2.  Upon review of Plaintiff's motion and accompanying papers, the Court agrees with Defendant.  None of Plaintiff's filings demonstrate that she engaged in the prerequisite meet and confer efforts necessary to file a Rule 12 motion.  *See Mot.*; Decl. of April Chandler, Dkt. # 280 ("*Chandler Decl.*"); Cert. of Service, Dkt. # 283; Notice of Mot., Dkt. # 284.  C.D. Cal. Local Rule 7-3 instructs that "counsel contemplating the filing of any motion must first

---

[4] Though framed as a "Notice of Supplemental Authority," the Court must look to the substance of Defendant's filing as opposed to its form.  *See Watanabe*, 115 F.4th at 1043; *Ross*, 950 F.3d at 1173 n.19.  Upon review, the filing informs the Court of C.D. Cal.'s Local Rule 7-3 and then provides further argument that Plaintiff filed her motion without first engaging in meet and confer efforts.  *See* Dkt. # 292 at 1–2.  This was improper for several reasons.

First, Defendant "did not obtain leave of court prior to filing the Notice, which arguably violates Local Rule 7-10's prohibition on substantive post-reply filings absent a prior written order of the Court."  *Grant v. Gastelo*, No. CV 18-1925-JFW (PVC), 2024 WL 2880222, at *3 n.8 (C.D. Cal. Apr. 9, 2024), *R. & R. adopted*, 2024 WL 2093985 (C.D. Cal. May 7, 2024).  Second, Defendant does not raise any new or intervening law.  *See id.* ("Second, the authority Petitioner cited in the Notice is several years old."); *see also United States v. Lacey*, No. CR-18-00422-001-PHX-DJH, 2023 WL 4661845, at *1 n.1 (D. Ariz. July 20, 2023) ("[T]his filing does not alert the Court to new, arguably, intervening law.").  Finally, the "Notice" contains further argument, which is improper.  *See Grant*, 2024 WL 2880222, at *3 n.8.  Nevertheless, because the Court finds merit in addressing Defendant's raised issues, the Court exercises its discretion to consider the supplemental brief despite these procedural errors.  *See id.*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                          Date: April 30, 2026

Title:     April Chandler v. Mark Skipper, *et al.*

contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  The conference must take place "at least 7 days prior to the filing of the motion."  C.D. Cal. L.R. 7-3.  If such meet and confer efforts fail, "counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion."  *Id.*  "Failure to include such a declaration may result in the motion being denied."  *Id.*

Both the Local Rules and this Court's Standing Order make clear that these provisions apply to *pro se* litigants.  *See* C.D. Cal. L.R. 1-3 ("Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise."); Dkt. # 149 at 4 ("Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference . . . The *pro per* status of one or more parties does not negate this requirement.").  The Court admonishes Plaintiff that her "*pro se* status does not exempt her from complying with the Federal Rules of Civil Procedure and the Local Rules."  *Ramirez-Fort v. The Regents of the Univ. of Cal.*, No. 2:24-cv-09103-SRM-SSC, 2026 WL 928623, at *3 (C.D. Cal. Mar. 31, 2026) (denying motion because plaintiff failed to comply with C.D. Cal. Local Rule 7-3).  Though most courts in this District either outright deny or strike such motions that fail to comply with this requirement, *see Oliver v. Luner*, No. LA 18-cv-02562 VAP (AFMx), 2018 WL 5928170, at *1 (C.D. Cal. May 21, 2018) ("[A] failure to comply with L.R. 7-3 can result in the court striking or denying the motion."), the Court exercises its discretion to reach the merits of Plaintiff's motion.  Plaintiff is advised that she must comply with this Local Rule in the future.

B.     <u>Motion to Strike</u>

Plaintiff moves to strike Defendant's Amended Answer and counterclaim as untimely and in violation of the Court's December 8, 2025 Order (Dkt. # 221).  *See Mot.* at 2, 4–5.  In Plaintiff's view, after the Court granted Defendant leave to file an Amended Answer, his subsequent motion to dismiss thereby violated the Court's Order.  *See id.* at 4.  The Court denies Plaintiff's motion on this basis for three main reasons.

First, Plaintiff's motion to strike is untimely.  Beside the Court striking a pleading on its own motion, Rule 12(f) requires a party to file a motion to strike where "a response

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:25-cv-08210-MWC-PVC                              Date: April 30, 2026

Title:      April Chandler v. Mark Skipper, *et al.*


is not allowed, within 21 days after being served with the pleading."[5]  Fed. R. Civ. P.
12(f)(2).  Defendant filed his Amended Answer on February 23, 2026.  Dkt. # 270.  Yet,
Plaintiff filed her instant motion to strike on March 27, 2026, well past the twenty-one (21)
day deadline.  *See Mot.*  Plaintiff's motion is therefore untimely.

Second, "the language of Rule 12(f) does not neatly cover what Plaintiff seeks here,
which is to strike answers that were untimely but contained nothing 'redundant, immaterial,
impertinent, or scandalous.'"  *Barefield v. HSBC Holdings PLC*, No. 1:18-cv-00527-LJO-
JLT, 2019 WL 918206, at *2 (E.D. Cal. Feb. 25, 2019).  "Indeed, federal courts in this and
other circuits generally hold that the untimeliness of an answer, even if extreme, is not, by
itself, a sufficient reason for granting a motion to strike."  *Id.* at *3 (collecting caselaw).
"Even in cases where more than a year has passed since the deadline to file an answer,
courts are reluctant to grant motions to strike."  *Id.*

Instead, when looking to the substance of Plaintiff's motion:

> [A] motion to strike an untimely answer is in substance a motion for entry of
> default under Federal Rule of Civil Procedure 55, and the filing of a late
> answer is in substance a motion to vacate a default, because the party filing
> the late answer receives the same opportunity to present mitigating
> circumstances that it would have had if a default had been entered and it had
> moved under Rule 55(a) to set it aside. . . . In extreme cases where courts do
> grant motions to strike, they are nevertheless loath to allow the resulting
> default judgment to stand. . . .

*Id.* at *2–*3 (internal quotation marks and citations omitted).

The issue here is that Plaintiff has repeatedly filed Requests for Clerk to Enter
Default against Defendant Empirical Media LLC, *see* Dkts. # 252 & 271, and the Court
has denied Plaintiff's requests each time.  *See* Dkts. # 260 (Notice of Deficiency) & 275.
To the extent Plaintiff seeks default against Defendant Michael Maloy as an individual, the
Court is satisfied that Defendant timely filed an Answer less than fourteen (14) days after
the Court denied his motion to dismiss.  Normally, a defendant has twenty-one (21) days

---

[5] The Court addresses Plaintiff's service arguments below, but at this point, preliminarily notes
that receiving CM/ECF notifications constitutes proper service of the Amended Answer. *See infra.*

---

CV-90 (03/15)                        Civil Minutes – General                        Page 6 of 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                    Date: April 30, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

to answer a plaintiff's complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  However, if a defendant files a motion pursuant to Rule 12, and the Court denies that motion, then Rule 12(a)(4) states that "if the court denies the motion . . . the responsive pleading must be served within 14 days after notice of the court's action[.]"  Fed. R. Civ. P. 12(a)(4)(A).  This brings the Court to its third and final reason it must deny Plaintiff's motion:  here, Defendant filed his Amended Answer five (5) days after the Court denied its Rule 12(b)(6) motion to dismiss.  *See* Dkts. # 262 & 270.  Defendant's Amended Answer is therefore timely.  *See* Fed. R. Civ. P. 12(a)(4)(A).  The Court previously granted him leave to file an Amended Answer with amended counterclaims; Defendant did not need to ask for it once again after the Court denied his motion.  Dkt. # 221.  Plaintiff's motion is denied on these grounds.

C.      Service Issues & Vacating Default

Next, Plaintiff requests the Court lift the default against her, arguing that (1) "the counterclaims are not properly before the Court" and (2) Defendant failed to properly serve her with his Amended Answer.  *See Mot.* at 4–5.  Plaintiff repeatedly complains that because Defendant failed to file a certificate of service, and because Plaintiff only learned of the Amended Answer by reviewing the docket, the counterclaims are ineffective.  *See id.*

To Plaintiff's first point, the Court has already held that Defendant's counterclaims are timely.  Plaintiff's first argument is moot.  Regarding Plaintiff's second point, on April 1, 2026, the Clerk of Court issued a Notice of Deficiency regarding Defendant's Request to Enter Default against Plaintiff.  *See* Dkt. # 281.  Thus, the Court never entered default against Plaintiff in the first instance, rendering her second argument moot as well.

However, the Court addresses Plaintiff's repeated complaints about Defendant's certificate of service issues, and her concerns that she "did not receive a copy by email, mail, or any other means from Defendant" and only "became aware of [Defendant's Amended Answer and Request for Default] through the Court's docket notification."  *See* Decl. of April Chandler ISO Reply, Dkt. # 289 ("*Chandler Reply Decl.*") ¶¶ 19–21.  Plaintiff's Reply contends that she "never consented to CM/ECF service from Defendant" and that a Notice of Electronic Filing "does not constitute service on pro se parties who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                                    Date: April 30, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

have not consented to electronic service by the Defendant[.]" *Reply* at 4–5.  Plaintiff is mistaken.[6]

Plaintiff fails to understand the obligations that accompany access to the Court's electronic filing system.  On October 27, 2025, the Court granted Plaintiff's Application for Permission for Electronic Filing ("Application") (Dkt. # 185).  Dkt. # 192.  Plaintiff's Application affirmed that she reviewed C.D. Cal. Local Rule 5-4.1.1, and that she "understand[s] that once I register for e-filing, I will receive notices and documents in Central District cases only by e-mail and not by U.S. mail."  Dkt. # 185 ¶¶ 1–2.  She also affirmed that she has "regular access to the technical requirements necessary to e-file," including "[a] computer with internet access" and "[a]n email account on a daily basis to receive notifications from the Court and notices from the e-filing system." *Id.* ¶ 5.

Federal Rule of Civil Procedure 5(b) allows a party to serve a "paper" by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing[.]"  Fed. R. Civ. P. 5(b)(2)(E).  In turn, C.D. Cal. Local Rule 5-3.2.1 states that "[u]pon the electronic filing of a document, a 'Notice of Electronic Filing' (NEF) will be automatically generated by the CM/ECF System and sent by e-mail to . . . all *pro se* parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1[.]"  The Local Rule further states that "service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served."  C.D. Cal. L.R. 5-3.2.1.  Though Plaintiff declares that she "did not receive a copy [of Defendant's Amended Answer and Request for Default] by email," she repeatedly affirms that she learned about the filings "through the Court's docket notification[s]." *Chandler Reply Decl.* ¶¶ 19–21.  The Court presumes this means that Plaintiff has received the auto-generated CM/ECF NEF notifications.

---

[6] Plaintiff also repeatedly refers to the Court's March 11, 2026 Order denying her Request and Motion for Entry of Default Against Defendant Empirical Media LLC as support that CM/ECF auto-generated notifications are insufficient to effectuate service on her.  However, that Order denied Plaintiff's default request because she failed to demonstrate that she properly served the defendant with a summons and copy of the Complaint—*i.e.*, she failed to file an adequate proof of service. *See* Dkt. # 275 at 1–2.  There, the Court held that Plaintiff must "provide evidence of receipt by Empirical Media LLC" to demonstrate that she served this defendant pursuant to Rule 4. *See id.*  The Order did not address service via electronic filing.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                                    Date: April 30, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

Accordingly, the Court is satisfied that Plaintiff has been receiving service of Defendant's documents via CM/ECF's auto-generated NEF emails, rendering service sufficient. When Plaintiff applied for permission to the Court's electronic filing system, she consented to receiving service of *all* documents in this case via this method. Indeed, the Local Rule does not distinguish between receiving service of a Court-issued document as opposed to a document filed by the Defendant. *See* C.D. Cal. L.R. 5-3.2.1. The Court instructs Plaintiff to diligently monitor her e-mail account going forward. The Court denies Plaintiff's motion on this basis as well.

> D.      Request for Sanctions & Motion to Dismiss

Finally, Plaintiff requests the Court "[i]mpose appropriate sanctions on Defendant Maloy for his repeated willful noncompliance with this Court's orders, including his failure to serve Plaintiff," asserting that he has engaged in "gamesmanship and delay tactics." *See Mot.* at 2, 5. Second, Plaintiff moves to dismiss Defendant's counterclaims under Rule 12(b)(6), stating that his allegations "are entirely conclusory, contain no specific facts supporting a cause of action," fail the commands of *Twombly* and *Iqbal*, and "directly contradict Defendant Maloy's own prior sworn Declaration[.]" *Mot.* at 6.

Regarding Plaintiff's request for sanctions, the Court denies this request. First, this request is not properly before the Court. *See* Dkt. # 221 at 5. Second, for the reasons stated above, Plaintiff's sanctions-related arguments are moot. Turning to Plaintiff's motion to dismiss, the Court agrees with Defendant that Plaintiff "does not identify any specific element of any claim that is insufficiently pled, nor does she provide any legal analysis supporting dismissal," and instead, appears to simply characterize Defendant's prior declaration. *See Opp.* at 3–5. Defendant has launched counterclaims for: (1) breach of contract; (2) unjust enrichment; and (3) a request for declaratory judgment. *See* Dkt. # 270 at 17–18. Plaintiff has not "state[d] with particularity the grounds for seeking" dismissal—she has neither demonstrated *which* alleged facts fail to state a claim, nor has she cited to any legal authorities to demonstrate why his counterclaims fail as a matter of law. Fed. R. Civ. P. 7(b)(1)(B); *see, e.g.*, *Haley v. Ornelas*, No. CV 16-3177-AG(E), 2016 WL 11519291, at *3 (C.D. Cal. Dec. 21, 2016) ("Although the Motion to Dismiss asserts a conclusion that the First Amended Complaint fails to state claims for violations of RLUIPA and RFRA . . ., the Motion to Dismiss contains no argument concerning why these claims are supposedly deficient. The Court declines to address the Motion's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                    Date: April 30, 2026

Title:     April Chandler v. Mark Skipper, *et al.*

conclusory assertions."").   Accordingly, the Court denies Plaintiff's motion on these grounds as well.

IV.     Conclusion

For the foregoing reasons, it is **ORDERED** that:

1.     Plaintiff's Motion to Strike Counterclaims, Opposition to Defendant's Request for Entry of Default, and Request for Sanctions (Dkt. # 279) is **DENIED**.  The May 1, 2026 hearing is **VACATED**.

2.     Plaintiff **SHALL** file an Answer to Defendant's counterclaims (Dkt. # 270) **no later than Friday, May 15, 2026**.  Failure to timely file an Answer may result in the Court entering Default against Plaintiff/Counter-Defendant.

**IT IS SO ORDERED.**

                                                                            :

**Initials of Preparer**   TJ