FILED

CLERK, U.S. DISTRICT COURT

**4/30/2026**

CENTRAL DISTRICT OF CALIFORNIA

BY_____AG_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

### Central District of California

|  |  |  |
|---|---|---|
| APRIL CHANDLER. | ) | Case No. 2:25-cv-08210-MWC |
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| -against- | ) |  |
|  | ) | **Motion to Dismiss** |
|  | ) | **Counterclaims** |
|  | ) |  |
| MARK SKIPPER AKA SKIP ARCHIMEDES, | ) |  |
| MICHAEL MALOY, EMPIRICAL MEDIA LLC. | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants | ) |  |
|  | ) |  |

**PLAINTIFF-COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Plaintiff-Counter-Defendant April Chandler, proceeding pro se, will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Defendant Michael Maloy's counterclaims in their entirety. This motion is based on this Combined Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the Declaration of April Chandler, the pleadings and records on file in this action, and such other matters as the Court may consider at the United

1

States District Court at the Central District of California, located at First Street U.S. Courthouse, Los Angeles, Courtroom 6A, 6th Floor, on June 26, 2026, at 1.30pm or as soon thereafter as pro se plaintiff can be heard, for an order:

Pursuant to Central District of California Local Rule 7-3 Plaintiff-Counter-Defendant initiated the meet-and-confer process. Defendant responded, but did not engage in a substantive discussion of the issues raised. Plaintiff made a good faith effort to confer, but the parties were unable to resolve the dispute. Plaintiff thereafter notified Defendant that she would proceed with filing this motion. Details are set forth in the accompanying Declaration.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Even accepting Defendant Michael Maloy's counterclaim allegations as true they fail to state a plausible claim for relief and must be dismissed under Federal Rule of Civil Procedure 12(b)(6). Each counterclaim is independently deficient. Each fails to plausibly reconcile its allegations with facts reflected in Defendant's own prior sworn statements and prior filings in this action including his sworn declaration at ECF No. 198 and his own admissions in his prior motion to dismiss.

This Court previously accepted as true at the pleading stage that Plaintiff hired Maloy to assist with editing the film for four weeks and that Plaintiff compensated him monetarily rather than with rights to the film's footage. ECF No. 262 at 2 and 5. Those allegations describe a paid editing engagement rather than the type of independent creative authorship Defendant now alleges in his counterclaims. That implausibility runs through each counterclaim and does not plausibly reconcile with Defendant's own sworn description of the parties' relationship.

2

The Court is not required to accept counterclaim allegations that fail to plausibly reconcile with a party's own prior sworn admissions. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Independent of these contradictions the counterclaims rely on conclusory allegations lacking the factual specificity required under Rule 8 providing an additional and independent basis for dismissal. Dismissal with prejudice is appropriate because amendment would be futile given that the defects arise from Defendant's own sworn account of the relationship.

## II. RELEVANT BACKGROUND

The following facts are reflected in Defendant's own prior sworn statements and prior filings in this action.

This Court previously accepted as true at the pleading stage in its February 18, 2026 order that Plaintiff hired Maloy to assist with editing the film for four weeks. ECF No. 262 at 2. The Court accepted as true that Plaintiff compensated Maloy monetarily rather than with rights to the film's footage. Id. at 2 and 5. The Court accepted as true that Plaintiff had a signed distribution agreement with Big Media for worldwide distribution. Id. at 2. The Court denied Maloy's motion to dismiss in its entirety finding that Plaintiff's copyright registration creates a rebuttable presumption of valid ownership that Maloy failed to rebut. Id. at 3 through 4.

Maloy acknowledged in his own motion to dismiss that the new work was created for Plaintiff's benefit. Id. at 5 quoting MTD at 5.

Maloy's sworn declaration at ECF No. 198 admitted the following specific facts under oath and is properly considered on this motion as a document incorporated by reference and central to the counterclaims. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiff contacted him to fix her existing documentary film Fountain of Youth. Id. at paragraph 6. Plaintiff sent him the media which consisted primarily of interviews with subject matter experts necessary for him

3

to begin revising the film. Id. at paragraph 12. His work involved drafting scripts and licensing footage and music to supplement the media Plaintiff provided. Id. at paragraph 14. The finished film was posted for review purposes only to Plaintiff and Tom Harrison on a password protected Vimeo account. Id. at paragraph 18.

Plaintiff has alleged the existence of a work made for hire agreement governing the relationship which this Court accepted as true at the pleading stage. ECF No. 262 at 2 and 5. Documents incorporated by reference and central to the counterclaims corroborate that Plaintiff compensated Maloy for work performed. After receiving payment and completing first cut Maloy contacted Big Media with representations about the film's ownership which Plaintiff alleges, along with Mark Skipper's email to Big Media, resulted in the film being pulled from distribution. Maloy then registered copyright despite knowledge of Plaintiff's prior ownership of the underlying footage.

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion a counterclaim must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Threadbare recitals of elements supported by mere conclusory statements do not suffice. Iqbal, 556 U.S. at 678. Where a counterclaim's allegations fail to plausibly reconcile with admitted facts they are implausible on their face and cannot survive dismissal. Id.

The Rule 12(b)(6) standard applies equally to counterclaims. Hana Financial Inc. v. Hana Bank, 500 F.Supp.2d 1228, 1232 (C.D. Cal. 2007).

On a Rule 12(b)(6) motion the Court may consider documents incorporated by reference into the pleadings including prior filings and declarations central to the claims. United States v. Ritchie,

4

342 F.3d 903, 908 (9th Cir. 2003). Defendant's sworn declaration at ECF No. 198 is properly considered under this doctrine as it is central to and referenced throughout Defendant's counterclaims. The Court is not required to accept as true allegations that fail to plausibly reconcile with a party's own prior sworn statements or documents properly before the Court. Sprewell, 266 F.3d at 988.

Independent of these contradictions the counterclaims rely on conclusory allegations lacking the factual specificity required under Rule 8 providing an additional basis for dismissal. Iqbal, 556 U.S. at 678.

## IV. ARGUMENT

### A. The Breach of Contract Counterclaim Fails to State a Plausible Claim
Maloy's breach of contract counterclaim fails on four independent grounds each of which separately warrants dismissal.

### 1. The counterclaim fails to plausibly reconcile its allegations with Defendant's own prior sworn statements.
This Court previously accepted as true at the pleading stage that Plaintiff hired Maloy to assist with editing the film for four weeks and that Plaintiff compensated him monetarily rather than with rights to the film's footage. ECF No. 262 at 2 and 5. Those allegations describe a paid editing engagement rather than the type of independent creative authorship underlying Defendant's claim to $75,000 in unpaid milestone compensation.

Maloy's breach of contract counterclaim alleges that Plaintiff failed to make any required payments under the Agreement constituting material breach. ECF No. 270 at paragraph 4. That allegation fails to plausibly reconcile with this Court's prior acceptance as true that Plaintiff

compensated Maloy monetarily for his work, with documents incorporated by reference and central to the counterclaims reflecting that compensation was provided, or with Maloy's own acknowledgment in his motion to dismiss that the new work was created for Plaintiff's benefit. ECF No. 262 at 5. A counterclaim alleging complete nonpayment does not plausibly reconcile with a record in which the counter-claimant's own sworn declaration describes himself as hired to revise and supplement an existing film using the client's footage and in which the opposing party's payment allegation was accepted as true at the pleading stage. Iqbal, 556 U.S. at 678. The Court is not required to accept allegations that fail to plausibly reconcile with prior sworn admissions and facts reflected in documents central to the claims. Sprewell, 266 F.3d at 988.

**2. The counterclaim fails to plausibly allege the existence of an enforceable contract.**

The document Maloy identifies as the Agreement — ECF No. 54-4 Exhibit C described in his own declaration at paragraph 8 of ECF No. 198 as a draft letter of agreement sent to formalize the business arrangement — does not plausibly allege facts showing that the document constitutes an enforceable contract. Maloy does not allege that the document reflects a final meeting of the minds on definite terms, that it was executed as a binding instrument rather than a preliminary expression of proposed terms, or that it contained the mutual assent and definiteness required to create binding payment obligations under California law. Division of Labor Law Enforcement v. Transpacific Transportation Co., 69 Cal.App.3d 268 (1977). Maloy does not allege that the document he relies upon was anything other than a draft letter he himself prepared and sent. He does not allege that its terms were finalized or that it constituted anything beyond a preliminary expression of proposed terms.

By contrast Plaintiff has alleged the existence of a work made for hire agreement governing the relationship which this Court accepted as true at the pleading stage. ECF No. 262 at 2 and 5. These are not the same document and Maloy's counterclaim fails to acknowledge or address the

operative agreement that actually governs the parties' relationship. A breach of contract claim that fails to plausibly allege the existence of an enforceable contract fails as a matter of law. Oasis West Realty LLC v. Goldman, 51 Cal.4th 811, 821 (2011).

**3. The counterclaim omits essential factual allegations regarding conditions precedent.**

Even if the Court were to accept the document Maloy relies upon as a valid enforceable contract his counterclaim still fails because he does not allege satisfaction of the contractual conditions precedent to payment. A breach of contract claim must allege the specific provision breached and facts showing the conditions precedent to the payment obligation were actually satisfied. McKell v. Washington Mutual Inc., 142 Cal.App.4th 1457, 1489 (2006).

Maloy alleges that Paragraph 3 of the Agreement provides for milestone payments of fifty percent upon execution twenty-five percent upon approved final edit and twenty-five percent upon delivery. ECF No. 270 at paragraph 3. He alleges he fully performed by delivering the completed film. Id. at paragraph 5. These allegations are conclusory. Maloy does not allege what constituted an approved final edit under the Agreement's terms or that Plaintiff approved a final edit triggering payment. His own declaration admitted at paragraph 18 of ECF No. 198 that the finished film was posted for review purposes only on a password protected Vimeo account — not delivered as a completed final product entitling him to payment. Even accepting his own timeline his allegations fail to plausibly allege facts reconciling his description of the relationship with the conditions required for payment under the Agreement he relies upon.

**4. The counterclaim fails to plausibly allege a material breach causing damages.**

Maloy fails to allege facts explaining how the claimed $75,000 is consistent with the limited scope of services he himself describes. His own declaration describes a role revising and supplementing Plaintiff's existing footage over a defined engagement. His counterclaim seeks $75,000 as though he were the primary creative force behind an original independent work. No

factual allegations bridge that gap. A counterclaim that fails to allege facts explaining how the claimed damages are consistent with the counter-claimant's own description of his role does not state a plausible claim for breach of contract causing those damages. Iqbal, 556 U.S. at 678.

**B. The Unjust Enrichment Counterclaim Fails to State a Plausible Claim**

Maloy pleads unjust enrichment in the alternative arguing that if the Agreement is found unenforceable Plaintiff was unjustly enriched by his services. ECF No. 270 at 18.

While parties may plead alternative theories under Federal Rule of Civil Procedure 8 an unjust enrichment claim pleaded in the alternative must allege a plausible basis for the governing contract's invalidity or unenforceability. Astiana v. Hain Celestial Group Inc., 783 F.3d 753, 762 (9th Cir. 2015). Maloy affirmatively alleges the existence and validity of a written agreement and seeks $75,000 under that agreement. He pleads no facts suggesting the Agreement is void rescinded or otherwise unenforceable. Without such allegations alternative quasi-contract relief does not plausibly follow. Id.

This Court previously accepted as true at the pleading stage that Plaintiff compensated Maloy monetarily for his work. ECF No. 262 at 2 and 5. A party who was compensated for services rendered fails to plausibly allege unjust enrichment arising from those same services without alleging some basis for why the compensation was insufficient or the contract inapplicable. No such allegations appear in Maloy's counterclaim. The unjust enrichment claim must be dismissed.

**C. The Declaratory Judgment Counterclaim Is Duplicative and Must Be Dismissed**

Maloy seeks a declaration that the work is not work made for hire, that he owns the protectable elements he independently created, and that Plaintiff does not hold exclusive rights in those elements. ECF No. 270 at 18.

8

District courts have broad discretion to dismiss declaratory judgment claims that are duplicative of existing claims and serve no independent purpose. Government Employees Insurance Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998). Courts routinely dismiss mirror-image declaratory claims that raise no question not already before the Court. Kam-Ko Bio-Pharm Trading Co. v. Mayne Pharma Inc., 560 F.3d 935, 943 (9th Cir. 2009).

Copyright ownership and authorship of Quest for Youth are already the central questions in Plaintiff's copyright action. This Court denied Maloy's motion to dismiss in its entirety and recognized that Plaintiff's copyright registration creates a rebuttable presumption of valid ownership that Maloy failed to rebut. ECF No. 262 at 3 through 4. This Court previously accepted as true that Plaintiff provided Maloy with her source materials for the exclusive purpose of assisting with her work and that compensation was strictly monetary rather than with rights to the film. Id. at 5. Maloy's declaratory judgment counterclaim asks this Court to reach the opposite conclusion on questions already before it. That is precisely the type of duplicative mirror-image claim courts dismiss. Kam-Ko, 560 F.3d at 943.

The declaratory counterclaim also fails to plausibly reconcile its ownership theory with facts reflected in Defendant's own prior sworn statements. In his declaration at ECF No. 198 Maloy admitted he was hired to fix Plaintiff's existing film, that Plaintiff supplied the underlying media consisting primarily of her interviews, and that the finished film was delivered to Plaintiff for review only. In his motion to dismiss he acknowledged the new work was created for Plaintiff's benefit. ECF No. 262 at 5. A party who in his own sworn declaration and prior filings describes himself as hired to revise and supplement an existing film using the client's footage fails to plausibly allege that he is the lawful author of that film owning its protectable elements. Sprewell, 266 F.3d at 988.

9

## V. DISMISSAL WITH PREJUDICE IS WARRANTED

Dismissal with prejudice is appropriate where amendment would be futile. Leadsinger Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008). Under these circumstances amendment would be futile because the defects arise from Defendant's own sworn account of the relationship and cannot be cured without materially altering his theory of the case.

To cure the breach of contract counterclaim Maloy would need to allege facts consistent with complete nonpayment. That allegation does not plausibly reconcile with documents incorporated by reference and central to the counterclaims reflecting that Plaintiff compensated Maloy for work performed or with this Court's prior acceptance as true at the pleading stage that Plaintiff compensated Maloy monetarily rather than with rights to the film's footage. ECF No. 262 at 2. Amendment cannot cure allegations that fail to plausibly reconcile with documents central to the claims already before this Court.

To cure the unjust enrichment counterclaim Maloy would need to allege that the Agreement is unenforceable — directly contradicting his own reliance on that same Agreement as the basis for his breach of contract claim and rendering his pleading internally inconsistent on its face.

To cure the declaratory judgment counterclaim Maloy would need to allege that he created the film as an independent author — directly contradicting his sworn admission that he was hired to revise and supplement Plaintiff's existing film using her footage and his own acknowledgment that the new work was created for Plaintiff's benefit. These contradictions cannot be resolved through amendment. Leadsinger, 512 F.3d at 532.

## VI. CONCLUSION

For the foregoing reasons Plaintiff-Counter-Defendant April Chandler respectfully requests that the Court dismiss Defendant Michael Maloy's counterclaims for breach of contract, unjust

10

enrichment, and declaratory judgment in their entirety with prejudice pursuant to Federal Rule of

Civil Procedure 12(b)(6).

Respectfully submitted,

Signed: _____

Pro Se Plaintiff

Date: 04/30/2026