FILED

CLERK, U.S. DISTRICT COURT

5/3/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____AG_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Michael Maloy

*Pro se*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

APRIL CHANDLER,

*Plaintiff,*

v.

MICHAEL MALOY, et al.,

*Defendants.*

Case No.: 2:25-cv-08210-MWC-PVC

**DEFENDANT MICHAEL MALOY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

Hon. Michelle Williams Court

TO ALL PARTIES AND THE COURT:

PLEASE TAKE NOTICE that on **Friday, June 26, 2026, at 1:30 p.m.**, or as soon thereafter as the matter may be heard before the Honorable Michelle Williams Court in Courtroom 6A, Defendant Michael Maloy, appearing pro se, will and hereby does move for summary judgment pursuant to Federal Rule of Civil Procedure 56.

This Motion is made on the grounds that there is no genuine dispute of material fact and that Plaintiff cannot establish the essential elements of her claims, including ownership of a valid copyright and copying of protectable expression. Plaintiff has produced no admissible evidence to support those allegations that could allow a reasonable jury to find in her favor.

1

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Statement of Uncontroverted Facts, the Declaration of Michael Maloy and supporting declarations and exhibits, all pleadings and papers on file, and such further matters as the Court may properly consider.

Pursuant to Local Rule 7-15, Defendant respectfully requests that the Court take this motion under submission and decide it on the papers without oral argument.

Respectfully submitted,

/s/ Michael Maloy

_____

Michael Maloy
Defendant, *Pro se*
May 3, 2026

**TABLE OF CONTENTS**

INTRODUCTION                                                                          1

PROCEDURAL AND FACTUAL BACKGROUND                                                     2

LEGAL STANDARD                                                                        3

THIS MOTION ADDRESSES THE COURT'S PRIOR RULING                                        3

ARGUMENT                                                                              4

A.  Plaintiff Has No Evidence to Support Essential Elements of Her Claims             4

B.  Plaintiff Cannot Establish Ownership of a Valid Copyright                         6

C.  Defendant Did Not Copy Protectable Expression                                     8

D.  Plaintiff Authorized the Work                                                     9

E.  The Undisputed Evidence Negates Plaintiff's Infringement Theories                 10

F.  Plaintiff's Claims Fail as a Matter of Law for Lack of Evidence                   11

    1.  Direct Copyright Infringement – Public Performance       11

    2.  Direct Copyright Infringement – Reproduction              12

    3.  Inducement of Copyright Infringement                       12

    4.  Contributory Infringement                                  13

    5.  Vicarious Infringement                                     13

    6.  Conversion                                                 14

CONCLUSION                                                                            15

RULE 7-3 COMPLIANCE                                                                   16

PROPOSED ORDER                                                                        17

**TABLE OF AUTHORITIES**

**Cases**

*Aalmuhammed v. Lee*, 202 F.3d 1227, 1233–35 (9th Cir. 2000)                          6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)                               3, 4

*Asset Mktg. Sys. v. Gagnon*, 542 F.3d 748, 754–55 (9th Cir. 2008)                   10

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)                                      3, 4

*Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013)        12

*Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989)              6

*Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007)                         5

*Effects Assocs., Inc. v. Cohen*, 908 F.2d 555 (9th Cir. 1990)                       10, 12

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)                   9

*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262 (9th Cir. 1996)           13

*Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1067 (9th Cir. 2014)                11

*Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072 (9th Cir. 2006)     6

*G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896 (9th Cir. 1992)     14

*Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003)     12

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998)     14

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012)     13

*LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150 (9th Cir. 1996)     12

*Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017)     14

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)     12

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007)     13

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017)     11

*Rentmeester v. Nike, Inc.*, 883 F.3d 1111 (9th Cir. 2018)     6, 9

*Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003)     9

*VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723 (9th Cir. 2019)     13

**State Cases**

*Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445 (1997)     14

**Statutes**

17 U.S.C. § 101     6, 8, 12

17 U.S.C. § 106     14

17 U.S.C. § 201(a)–(b)     6, 8

17 U.S.C. § 301(a)     14

17 U.S.C. § 410(c)     8

28 U.S.C. § 1746     Maloy Declaration

**Rules**

Fed. R. Civ. P. 36(a)(3)     5, SUF

Fed. R. Civ. P. 56     Notice of Motion, 1

Fed. R. Civ. P. 56(a)     3, 11

Fed. R. Evid. 801(d)(2)     7, 8

C.D. Cal. Local Rule 7-15     Notice of Motion

C.D. Cal. Local Rule 56-1     SUF

## MEMORANDUM OF POINTS AND AUTHORITIES

### <u>INTRODUCTION</u>

This action arises out of a contractual relationship between the Plaintiff and Defendant, under which Plaintiff commissioned Defendant to create an original artistic work for her benefit derived in part from component materials used in a pre-existing film she averred to have produced. Defendant fully performed under the written commission agreement, independently creating the new film using those authorized materials together with his own substantial expressive elements. The completed work was delivered to and accepted by Plaintiff who then began to market it. After the parties' business relationship deteriorated over issues of non-payment, Plaintiff sought to assert ownership over the new work and now claims six causes of action for copyright infringement, alleging that Defendant engaged in acts of copying and public performance. But at summary judgment, Plaintiff must prove—not merely allege—copyright infringement and must come forward with admissible evidence. She cannot.

This motion asks a straightforward Rule 56 question: after a full opportunity for discovery, can Plaintiff identify admissible evidence that establishes the basic elements of copyright infringement - ownership of a valid copyright or any act of infringement by Defendant? The answer is no. The undisputed record establishes that: (1) Plaintiff cannot establish exclusive ownership of the work at issue; (2) Defendant independently created the film; and (3) Plaintiff has no evidence that Defendant engaged in any volitional act of infringement. Because the undisputed record shows that Plaintiff has not produced evidence sufficient to establish ownership, copying, or any actionable act of infringement, there is no genuine dispute as to any material fact. Accordingly, Defendant respectfully requests that the Court enter summary judgment in his favor on all six causes of action.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff commenced this action on February 12, 2024, in the Northern District of New York. The complaint evolved through multiple amendments—from an initial generalized allegation that "Defendants were using Plaintiff's intellectual property… to extort money out of unknown victims" (ECF No. 1), to unrelated claims of "conspiracy" and "emotional distress" (ECF No.99) and now the six specific copyright claims asserted in her Third Amended Complaint (ECF No. 228). The case was transferred to this Court on September 8, 2025 (ECF No. 144), following the Northern District of New York's ruling on Defendant's motion to dismiss (ECF No. 142). In this Court, the Third Amended Complaint survived a subsequent motion to dismiss under Rule 12(b)(6) (ECF No. 262), and Defendant now moves for summary judgment.

The issues arise from a business relationship in which Plaintiff commissioned Defendant to create a documentary film. During the course of the commission, Defendant independently created the film at issue, including its narrative structure, expressive elements, and edited content, and delivered the completed work to Plaintiff. Plaintiff accepted the work, recorded narration based on Defendant's scripts, voluntarily provided certain raw footage and participated in efforts to market the completed film for her benefit. Plaintiff failed to satisfy her contractual payment obligations, constituting a material breach of their agreement. Defendant subsequently removed himself from the project and Plaintiff initiated this litigation.  Plaintiff's claims of infringement are based on allegations that Defendant improperly copied her work, shared materials with third parties, and caused content to be uploaded or publicly performed online. As set forth below, the undisputed evidence demonstrates that no such conduct occurred and that Plaintiff cannot establish the essential elements of her claims.

6

## **LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Conclusory allegations and unsupported assertions are insufficient to create a genuine dispute of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  The nonmoving party must present affirmative, admissible evidence, not mere allegations or denials, to survive summary judgment.

## **THIS MOTION ADDRESSES THE COURT'S PRIOR RULING**

In denying Defendant's motion to dismiss, the Court held that Plaintiff had plausibly alleged ownership and copying of a protected work based on her copyright registration and allegations that Defendant accessed Plaintiff's footage, provided it to a third party, and was connected to an alleged YouTube display. At that stage, the Court was required to accept Plaintiff's allegations as true and apply a presumption of validity to her copyright registration. At summary judgment, however, Plaintiff must support those allegations with admissible evidence. The undisputed record demonstrates that she cannot. Plaintiff has produced no admissible evidence that she can establish exclusive ownership of the underlying footage, that Defendant provided any footage to a third party, or that Defendant uploaded or caused the uploading of any content to YouTube or any other platform. Accordingly, the factual predicates underlying the Court's prior ruling are not supported by admissible evidence, and Plaintiff therefore cannot establish ownership or copying of the work at issue.

## ARGUMENT

### A. Plaintiff Has No Evidence to Support Essential Elements of Her Claims

Plaintiff has produced no admissible evidence establishing ownership of the allegedly infringed work, cannot show copying or any volitional act by Defendant, and has no evidence of inducement, contribution, or supervision of infringing conduct by anyone else. Each claim therefore fails as a matter of law under Rule 56.

Summary judgment is required where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party identifies the absence of evidence supporting an essential element, the burden shifts to the nonmoving party to produce specific, admissible evidence showing a genuine dispute for trial. Id. at 323. Here, Plaintiff cannot meet that burden—and the record affirmatively demonstrates the absence of evidence supporting essential elements of her claims. Despite the opportunity to develop evidence, Plaintiff has produced no admissible evidence establishing: (1) ownership of an exclusive copyright interest in the film at issue; (2) copying of protectable expression by Defendant; (3) any volitional act by Defendant to reproduce, distribute, or publicly perform the work; (4) or any act of inducement, contribution, or supervision of third-party infringement.

Plaintiff relies on conclusory allegations and speculation, which are insufficient under Rule 56. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Because Plaintiff cannot produce evidence supporting these essential elements, her claims fail as a matter of law. Plaintiff's own filings further confirm the absence of any genuine dispute.

In prior briefing, Plaintiff affirmatively relied on Defendant's previous sworn declaration as evidence of the parties' relationship and course of conduct, quoting it to support her argument that Defendant was a work made for hire and she had not granted him a license or right to use certain footage. Notably, she does not dispute the existence or authenticity of the Letter of Agreement identified in that declaration which was the parties' governing instrument. (SUF ¶ 45.) Having relied on Defendant's declaration as credible evidence, Plaintiff cannot ignore the portions that are dispositive of her claims. When read in full, the declaration establishes that the written agreement contains no work-for-hire provision, Defendant was commissioned to and did independently create the film's expressive elements and Plaintiff was obligated but failed to honor payment terms. Plaintiff's selective reliance on isolated excerpts does not create a genuine dispute of material fact.

Plaintiff's failure to respond to Defendant's Requests for Admission conclusively establishes key facts warranting summary judgment. On March 31, 2026, Defendant served Requests for Admission, Interrogatories, and Requests for Production. (Maloy Decl. ¶ 53; Ex. 29.) Plaintiff has not responded, and the 30-day response deadline has passed. Plaintiff's Requests for Admission are therefore deemed admitted and conclusively established by operation of law. Fed. R. Civ. P. 36(a)(3); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). Among the matters now conclusively established: Plaintiff commissioned Defendant to create the film (RFA No. 1; SUF ¶ 23); the LOA contains no work-for-hire provision (RFA No. 3; SUF ¶ 7); no written work-for-hire agreement of any kind exists (RFA No. 27; SUF ¶ 8); Defendant independently wrote the scripts, edited the film, and created its narrative structure, sound design, and visual aesthetic (RFA Nos. 6–12; SUF ¶¶ 10–11, 13, 17); Plaintiff did not personally film the footage (RFA No. 13; SUF ¶ 33); Plaintiff did not possess exclusive copyright in all footage

9

(RFA No. 14; SUF ¶ 33); Plaintiff has not identified any specific act of infringement by Defendant (RFA No. 17; SUF ¶ 50); and Plaintiff possesses no evidence of any unauthorized reproduction, distribution, or public performance by Defendant (RFA No. 21; SUF ¶¶ 35, 41). These admissions, standing alone, are sufficient to establish the absence of a genuine dispute on every essential element of Plaintiff's claims.

### B. Plaintiff Cannot Establish Ownership of a Valid Copyright

As a threshold issue, to prevail on any copyright infringement claim Plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116 (9th Cir. 2018); *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006). Here, Plaintiff cannot establish ownership. The undisputed evidence shows that the governing Letter of Agreement contains no work-for-hire provision and no assignment of rights by Defendant to his independently created work. (SUF ¶¶ 7–8.) Because Defendant was not an employee and no written agreement designates the work as a "work made for hire," Plaintiff cannot establish exclusive ownership of Defendant's original expressive elements. See 17 U.S.C. §§ 101, 201(a)–(b); *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989); *Aalmuhammed v. Lee*, 202 F.3d 1227, 1233–35 (9th Cir. 2000).

The undisputed evidence further confirms that Defendant independently created substantial original expression. The completed film runs 85 minutes, of which 42 minutes consists of third-party footage and 78 minutes of music, all curated and licensed by Defendant. (SUF ¶ 12.) The original film Plaintiff provided ran 68 minutes. (Id.) The licensed materials are integral to the film's cohesive and orchestrated aesthetic.

The new film is thus not a minor revision of Plaintiff's work — it is a substantially new and independently created work in which Defendant's contributions predominate and any similarities to Plaintiff's purported film are based on general concepts and non-protectable ideas, which fall outside copyright protection. In addition, the undisputed record shows that third parties participated in the creation of and retained interests in the footage Plaintiff claims as her own. Contracts, websites and YouTube displays establish its provenance. (SUF ¶¶ 32, 33.) The original film and its underlying footage have been jointly owned by Leonardo Michael, Mark Skipper and Wealth Mentors Pte since 2015 and Plaintiff obtained access to those materials in 2018. (SUF ¶¶ 32, 34.)

The footage itself confirms that Plaintiff did not originate it. Evidence including camera slates and audio recordings establishes the original interview footage was directed by Frazer Bailey in 2009 and 2011 and the person conducting the interviews was a male with an Australian accent. Additional material filmed in 2015 was produced by Leonardo Michael and featured Skip Archimedes, also known as Mark Skipper, as narrator. (SUF ¶ 33) Plaintiff therefore cannot establish exclusive ownership, which is required to maintain an infringement claim. Further, Plaintiff's own statements confirm that she did not originate or exclusively own the underlying footage. In prior litigation concerning the same footage (Superior Court of California Case No. 19SMCV00320), Plaintiff expressly acknowledged that the footage was obtained from third parties and that ownership resided with others involved in its original production. (SUF ¶ 34) This is a party admission under Fed. R. Evid. 801(d)(2) that is directly inconsistent with Plaintiff's present claim of exclusive ownership and further supports the conclusion that she cannot establish that essential element of a copyright infringement claim.

11

Although Plaintiff obtained a copyright registration for the new film (as did Defendant), that registration creates only a rebuttable presumption of validity. 17 U.S.C. § 410(c). The presumption is rebutted here by undisputed evidence that Plaintiff's claimed title is purely derivative and that the new film contains substantial original contributions by Defendant. (SUF ¶¶ 10–18, 28–29.) At most, Plaintiff may claim ownership in certain preexisting materials she voluntarily provided. But she cannot establish ownership—let alone exclusive ownership—of the independently created film at issue. Because exclusive ownership is a required element of a copyright infringement claim, Plaintiff's inability to establish that element is dispositive.

Plaintiff alleges Defendant was a "work made for hire" and therefore cannot claim rights in his own work. TAC ¶¶ 8–9. A work qualifies as a "work made for hire" only if it is created by an employee within the scope of employment or if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. 17 U.S.C. § 101. Where neither condition is satisfied, ownership remains with the author of the work. 17 U.S.C. § 201(a)–(b). There is no such written agreement here and Plaintiff's own conduct confirms Defendant's authorship. On October 17, 2023, Plaintiff sent Defendant a sales deck she had created to market the film, which identified Defendant as 'Executive Producer and Writer.' (SUF ¶ 25.) This is a party admission under Fed. R. Evid. 801(d)(2) that is directly inconsistent with her current claim to exclusive ownership of the work. A party who markets a film by crediting its author cannot later claim that author holds no ownership interest in it.

### C. Defendant Did Not Copy Protectable Expression

Plaintiff alleges Defendant was infringing on her "creativity, originality and fixation" and she "produced and directed the project to fruition." TAC ¶¶ 10, 50. She further alleges that

Defendant "improperly, and illegally" copied her work and "Defendant's reproduction of the Film" constitutes "willful copyright infringement." TAC ¶ 84. The undisputed evidence establishes instead that Defendant independently created the new film, including its narrative, scripts, structure, and final edit. (SUF ¶¶ 10–14, 18.) Plaintiff's role was limited to supplying certain materials and recording narration based on Defendant's scripts. (SUF ¶¶ 14–16, 22.) Defendant's independent creation of protectable expression therefore defeats any claim of copying as a matter of law.

Independent creation is a complete defense to copyright infringement because it negates the element of copying. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018). Even assuming arguendo that Plaintiff could establish access to underlying materials, her claims fail because copyright protects only original expression, not facts, ideas, or the underlying subject matter of a work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 344–45 (1991); *Satava v. Lowry*, 323 F.3d 805, 808–09 (9th Cir. 2003).

### D. Plaintiff Authorized the Work

Plaintiff alleges that Defendant was a "work made for hire … for monetary gain." and that she "has not granted Defendant a license or right to use the film." TAC ¶¶15, 84. However, she fails to identify evidence that would support those allegations. To the contrary, the undisputed evidence shows that Plaintiff commissioned the work and it was not a work made for hire. She admits voluntarily providing materials without restrictions, TAC ¶ 44 ("Plaintiff eventually sent the 4 drives to Defendant"), and approved the final product while failing to compensate Defendant. (SUF ¶¶ 7, 9, 22–24, 40.) Even if Plaintiff could establish ownership of

certain underlying materials, her claims fail because she granted Defendant an implied nonexclusive license to use those materials in creating the new film.

The Ninth Circuit recognizes that an implied license arises where: (1) a person requests the creation of a work; (2) the creator makes that work and delivers it; and (3) the creator intends that the requesting party copy and distribute the work. *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558–59 (9th Cir. 1990); *Asset Mktg. Sys. v. Gagnon*, 542 F.3d 748, 754–55 (9th Cir. 2008). All three elements are satisfied here. Plaintiff commissioned Defendant to create a film. Defendant created the work, incorporating materials Plaintiff voluntarily provided, and she reviewed, approved and accepted delivery. This conduct establishes, at minimum, a nonexclusive implied license authorizing Defendant's use of the materials. Such authorization defeats any claim of infringement as a matter of law.

Plaintiff's voluntary creation and distribution of a sales deck identifying Defendant as Executive Producer and Writer further confirms the authorized nature of his work. (SUF ¶ 25.) This conduct — marketing the film with Defendant's credit — is wholly inconsistent with the claim that Defendant's involvement was unauthorized or infringing. It represents an unambiguous, affirmative act of ratification by Plaintiff of Defendant's role and contribution. The parties' dispute arose only after Plaintiff failed to satisfy her payment obligations under their agreement, underscoring that this case concerns a breakdown in a commercial relationship—not unauthorized use of copyrighted material.

### E. The Undisputed Evidence Negates Plaintiff's Infringement Theories

The TAC relies on two theories to establish infringement: (1) that Defendant shared footage with Mark Skipper; and (2) that Defendant uploaded or caused content using this footage

to be uploaded to YouTube. To support these theories and make them actionable, Plaintiff alleges that Defendant and Mr. Skipper jointly represented to sales agent Big Media that they "would make an even better version of the film" and that a YouTube link within this representation established unauthorized use of Plaintiff's materials. She contends the sum of these allegations constitutes infringement. TAC ¶¶ 56, 63. The undisputed evidence negates both allegations and the underlying theory of infringement. Defendant did not provide any footage to Mr. Skipper and did not make any such representation to Big Media. (SUF ¶¶ 32, 37, 39.) Plaintiff admits that Mr. Skipper—not Defendant—authored the communication containing that representation. TAC ¶ 56. Defendant likewise did not upload or cause the uploading of any content to YouTube or any other public platform. (SUF ¶¶ 35–36, 38, 41.) Absent evidence linking Defendant to any act of reproduction, distribution, or public performance, Plaintiff cannot establish causation or liability.

### F. Plaintiff's Claims Fail as a Matter of Law for Lack of Evidence

Each of Plaintiff's six causes of action fails because she cannot identify admissible evidence supporting their required elements. At summary judgment, the absence of such evidence is dispositive. Fed. R. Civ. P. 56(a).

### 1. Direct Copyright Infringement – Public Performance

To support Plaintiff's claim of direct infringement, the TAC offers only allegations of "willful copyright infringement" via "display of Raw Footage and/or trailer, film cut on YouTube or other mediums" without identifying what exactly was displayed or where, the specific infringer, or date of infringement. TAC ¶¶ 84 – 85. Direct infringement requires proof of a volitional act of performance by Defendant. *Perfect 10, Inc. v. Giganews, Inc*, 847 F.3d 657, 666 (9th Cir. 2017). See also *Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1067 (9th Cir. 2014).

Moreover, a public performance requires transmission or communication to "a place open to the public or at any place where a substantial number of persons outside of a normal circle of a family and its social acquaintances is gathered." 17 U.S.C. § 101.  Plaintiff has identified no transmission by Defendant to any public audience and no evidence that Defendant displayed any content on YouTube or any other medium. (SUF ¶¶ 35, 38, 41, 43–44.) Plaintiff has produced no admissible evidence of any display, volitional act, or public performance.

### 2. Direct Copyright Infringement – Reproduction

Plaintiff alleges copying without identifying what that copying consisted of or who specifically did it or even what was copied. TAC ¶ 90. To sustain this claim of direct infringement, a plaintiff must first prove that the defendant copied the protected work. *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) ("the plaintiff must show ownership of the copyright and copying by the defendant."); see also *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1156 (9th Cir. 1996). Plaintiff has produced no admissible evidence that Defendant made any copies because she cannot. The undisputed evidence shows Defendant created the film rather than copying it. (SUF ¶¶ 10, 35–36, 38, 41, 43–44.)  Additionally, because Plaintiff commissioned and authorized the new film, there is no legal basis for this claim. *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 559 (9th Cir. 1990).

### 3. Inducement of Copyright Infringement

A claim of inducement requires proof of the defendant's intentional encouragement of a specific third party's infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005); see also *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013). However, Plaintiff identifies no evidence of intentional encouragement of

infringement by any third party. Secondary liability presupposes direct infringement by a third party, and since none exists, this claim and all others that follow, fail at the threshold. The TAC identifies no third party, no act, and no inducement other than the "belief" that Defendant shared footage with Mark Skipper and the allegation of "inter alia directing platforms YouTube and potentially others to publicly perform the Film." TAC ¶¶ 46, 96. Defendant did not share footage with Mr. Skipper or upload any footage to any public platform. (SUF ¶¶ 36–37, 41–43.) Plaintiff has produced no admissible evidence of a third-party infringer, any act of inducement, or intentional encouragement.

### 4. Contributory Infringement

A claim of contributory infringement requires proof of the defendant's knowledge of specific infringing activity and material contribution to it. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007); *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012). Plaintiff identifies no evidence to support either requirement. Rather, she alleges only the "facilitation" of "subscribers" to publicly perform the film without identifying who those subscribers are or who they belonged to. TAC ¶¶ 106–110. Defendant notes that he has no subscribers. (SUF ¶ 21.) Plaintiff has produced no admissible evidence of knowledge or material contribution.

### 5. Vicarious Infringement

A claim of vicarious infringement requires proof of the defendant's right and ability to supervise infringing acts, and a direct financial benefit from them. *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 745 (9th Cir. 2019); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262 (9th Cir. 1996). Plaintiff identifies no evidence to support either requirement necessary to prove

17

vicarious infringement. The TAC alleges only supposed "subscribers" as third-party infringers but does not define any supervisory relationship with them or any financial benefit derived from them. TAC ¶¶ 116 -121. As previously noted, Defendant has no subscribers. (SUF ¶ 21.) Plaintiff has produced no admissible evidence of supervisory control or financial benefit.

### 6. Conversion

Plaintiff alleges that Defendant has "engaged in conversion by unlawfully retaining possession of Plaintiff's raw footage and drives" which "deprives" her of property rights, TAC ¶¶ 129–130. This claim is preempted by the Copyright Act because it is equivalent to the exclusive rights protected under 17 U.S.C. § 106; 17 U.S.C. § 301(a). The gravamen of the claim concerns rights to control and possess intangible audiovisual works and their components—precisely the subject matter of copyright. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998); *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017). Even accepting the allegations in the TAC for purposes of this motion, the claim still fails on the merits. Conversion requires ownership or right to possession, a wrongful act, and damages. *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). Plaintiff has produced no admissible evidence establishing any of these elements. As set forth in Section B, she cannot establish ownership of the film, footage, or Defendant's independently created elements and has nowhere shown any damages. Moreover, Plaintiff voluntarily provided the raw footage and drives to Defendant for the express purpose of creating the Film. (SUF ¶ 22.) Authorized receipt and use defeats any claim of wrongful retention. *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 452 (1997).

## **CONCLUSION**

For the foregoing reasons, and because Plaintiff has failed to raise a genuine dispute of material fact as to any essential element of her claims, the Court should grant summary judgment in favor of Defendant Michael Maloy on all claims in the Third Amended Complaint.

# Declaration of Michael Maloy

REGARDING LOCAL RULE 7-3 COMPLIANCE

I, **Michael Maloy**, declare:

1. I am a Defendant in this action.

2. In accordance with Local Rule 7-3, on May 1, 2026, I sent an email to Plaintiff at **april@aprilchandler.com**, her registered service address.

3. In that communication, I informed Plaintiff that I intended to file a Rule 56 Motion for Summary Judgment and provided a high-level summary of the grounds for the motion.

4. I invited Plaintiff to meet and confer by email, phone, or Zoom at her convenience.

5. The parties conferred but were unable to resolve the issues.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 3rd day of May 2026

/s/ Michael Maloy

_____

Michael Maloy
Defendant *Pro Se*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APRIL CHANDLER,<br><br>*Plaintiff,*<br><br>v.<br><br>MICHAEL MALOY<br><br>*Defendant.* | Case No.: 2:25-cv-08210-MWC-PVC<br><br>**PROPOSED ORDER** |

GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Having considered Defendant's Motion for Summary Judgment pursuant to Rule 56, the Court

finds good cause to grant the motion.

IT IS HEREBY ORDERED:

1. Defendant's Motion for Summary Judgment is **GRANTED**;
2. Plaintiff's Third Amended Complaint is **DISMISSED WITH PREJUDICE**; and
3. The Clerk of Court shall enter judgment in favor of Defendant.

IT IS SO ORDERED.

Dated: _____

Hon. **Michelle Williams Court**
United States District Judge
Central District of California

21