FILED

CLERK, U.S. DISTRICT COURT

06/13/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____GSA_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## Central District of California

| | |
|---|---|
| APRIL CHANDLER. ) | Case No. 2:25-cv-08210 |
| ) | |
| Plaintiff ) | |
| ) | |
| -against- ) | |
| ) | |
| **)** | |
| ) | |
| MARK SKIPPER AKA SKIP ARCHIMEDES, ) | |
| MICHAEL MALOY, EMPIRICAL MEDIA LLC. ) | |
| ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT MALOY'S COUNTERCLAIMS**

Plaintiff April Chandler ("Plaintiff") hereby answers the Counterclaims of Defendant Michael Maloy ("Defendant") as follows:

**GENERAL RESPONSE**

To the extent that any allegation is not expressly admitted herein, it is denied. Plaintiff denies all allegations of the Counterclaims that constitute legal conclusions, and denies that Defendant is entitled to any relief whatsoever.

**FIRST COUNTERCLAIM**
(Breach of Contract)

1. Plaintiff admits that the parties entered into a written agreement on or about January 23, 2023, the terms of which speak for themselves. Plaintiff explicitly denies that ECF No. 54-4, Exhibit C constitutes the operative or complete agreement governing this dispute, and denies that any

1

agreement was executed on or about January 5, 2023. Except as expressly admitted, Plaintiff denies the remaining allegations in Paragraph 1.

**2.** Plaintiff admits that she provided Defendant with access to and possession of her film media drives containing project materials, film structure, and narration, solely for the limited purpose of performing editing services under the agreement. Plaintiff denies that this access granted Defendant any ownership rights, broader authorization, or rights to any protectable elements beyond the scope of the limited license granted. Except as expressly admitted, Plaintiff denies the remaining allegations in Paragraph 2.

**3.** Plaintiff admits that the parties' written agreement contains a milestone-based compensation structure. Plaintiff denies that ECF No. 54-4, Exhibit C is the operative agreement or its complete terms, conditions, performance requirements, budget limitations, or approval processes. Plaintiff further denies that the payment schedule was unconditional. Except as expressly admitted, Plaintiff denies the remaining allegations in Paragraph 3.

**4.** Plaintiff denies the allegations contained in this paragraph.

**5.** Plaintiff denies the allegations contained in this paragraph. Defendant did not fully perform or deliver the completed film under the agreement.

**6.** Plaintiff denies the allegations contained in this paragraph.

## SECOND COUNTERCLAIM
(Unjust Enrichment)

**1.** Plaintiff admits that Defendant provided certain editing services at Plaintiff's request within the scope of the parties' express written agreement. Plaintiff denies that Defendant provided any services outside the agreement or that Plaintiff has been unjustly enriched.

**2.** Plaintiff denies the allegations contained in this paragraph.

**3.** Plaintiff denies the allegations contained in this paragraph.

## THIRD COUNTERCLAIM
(Declaratory Judgment)

1. Plaintiff denies the allegations contained in this paragraph. The completed film incorporates Plaintiff's pre-existing materials, direction, narration, structure, and creative contributions.

(a) Plaintiff denies the allegations.

(b) Plaintiff denies the allegations. Plaintiff retains exclusive rights to the extent provided by law and the parties' agreement.

(c) Plaintiff denies the allegations. Plaintiff retains exclusive rights to the extent provided by law and the parties' agreement.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense (Failure to State a Claim)**

The Counterclaims fail to state facts sufficient to constitute a claim upon which relief can be granted.

**Second Affirmative Defense (Performance / No Breach / Budget Cap)**

Plaintiff fully or substantially performed her obligations. Defendant's claims are barred by the budget limitations, milestone requirements, and approval conditions of the agreement.

**Third Affirmative Defense (Excuse / Defendant's Prior Material Breach)**

Any alleged non-performance by Plaintiff is excused by Defendant's prior material breaches.

**Fourth Affirmative Defense (Express Contract Bars Quasi-Contract)**

The unjust enrichment claim is barred because an express contract governs the subject matter.

**Fifth Affirmative Defense (Federal Copyright Preemption)**

Defendant's state law claims are preempted by the Copyright Act, 17 U.S.C. § 301, to the extent they seek rights equivalent to copyright.

**Sixth Affirmative Defense (Work Made for Hire / Ownership)**

All work performed by Defendant was created for Plaintiff's benefit and does not confer independent ownership or authorship rights.

**Seventh Affirmative Defense (Limited Authorization / License Exceeded)**

Any authorization granted to Defendant was strictly limited; Defendant exceeded the scope of that license.

**Eighth Affirmative Defense (Unclean Hands)**

Defendant's claims are barred by the doctrine of unclean hands.

**Ninth Affirmative Defense (Setoff / Recoupment / Mitigation)**

Any recovery must be reduced by setoff, recoupment, or failure to mitigate damages caused by Defendant.

**Tenth Affirmative Defense (Contract Termination)**

The agreement was terminated, and any further payment obligations were not triggered.

**Eleventh Affirmative Defense (Judicial Estoppel / Waiver / Law of the Case)**

Defendant's claims are barred by judicial estoppel, waiver, acquiescence, and/or the law of the case.

**Twelfth Affirmative Defense (Lack of Standing)**

Defendant lacks standing to the extent he asserts ownership or rights inconsistent with the parties' agreement.

Plaintiff reserves the right to assert additional defenses as they become known through discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff April Chandler respectfully requests that this Court enter judgment in her favor and against Defendant Michael Maloy on all Counterclaims, and grant the following relief:

I. That all Counterclaims be dismissed with prejudice;

II. That Defendant take nothing by way of his Counterclaims;

III. For appropriate declaratory and injunctive relief as warranted;

IV. For attorneys' fees and costs to the extent permitted by law or contract;

4

V. For such other and further relief as the Court deems just and proper.


Respectfully submitted,

Date: 06/13/2026

Signed: _____
Plaintiff