UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                          Date: June 23, 2026

Title:     April Chandler v. Mark Skipper, *et al.*

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS; DENYING PLAINTIFF'S RULE 56(d) REQUEST; STRIKING PLAINTIFF'S OPPOSITION BRIEF (DKT. [307]); AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. [301])**

Before the Court is Defendant/Counter-Plaintiff Michael Maloy's ("Maloy" or "Defendant") Motion for Summary Judgment ("motion").  Dkt. # 301 ("*MSJ*"). Accompanied with his motion, Defendant also filed: Defendant's Statement of Uncontroverted Facts ("SUF"), Dkt. # 302 ("*SUF*"); the Declaration of Michael Maloy and exhibits attached thereto, Dkt. # 303 ("*Maloy Decl.*"); and additional exhibits filed in two parts, Dkts. # 312 & 313.   Plaintiff/Counter-Defendant April Chandler ("Plaintiff") opposed the motion, Dkt. # 307 ("*Opp'n*"), and in support of her opposition, filed the Declaration of April Chandler and exhibits attached thereto, Dkt. # 306 ("*Chandler Decl.*"). Embodied in Plaintiff's Opposition brief is a Motion to Withdraw Admissions Under Rule 36(b).  *See Opp'n* at 12.  Defendant replied, Dkt. # 316 ("*Reply*").[1]  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

---

[1] Because both parties are proceeding *pro se*, the Court is "obligated to liberally construe [their] documents," looking "to the contents of [their] filing[s] rather than [their] form."  *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (cleaned up), *cert. pet. filed*, No. 25-417 (Oct. 7, 2025); *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (same).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                                        Date: June 23, 2026

Title:     April Chandler v. Mark Skipper, *et al.*

After considering the papers, the Court **GRANTS** Plaintiff's Motion to Withdraw Admissions and **ORDERS** Plaintiff to respond to Defendant's written discovery requests by no later than **Friday, July 3, 2026**.  The Court further **STRIKES** Plaintiff's Opposition brief (Dkt. # 307) for failure to comply with the Court's Standing Order.  Plaintiff's Rule 56(d) Request and Defendant's Motion for Summary Judgment are both **DENIED**.  The parties' June 26, 2026 hearing is **VACATED**.

I.     Background

       A.     Absence of Statement of Genuine Disputes

On May 3, 2026, Defendant filed his Statement of Uncontroverted Facts, pursuant to C.D. Cal. Local Rule 56-1.  Dkt. # 302.  Plaintiff opposed Defendant's motion but failed to file a "Statement of Genuine Disputes," in violation of Local Rule 56-2 and the Court's Standing Order.  *See* C.D. Cal. L.R. 56-2 ("Any party who opposes a motion for summary judgment or partial summary judgment *must* serve and file with the opposing papers a separate 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.") (emphasis added); *see also* Standing Order, Dkt. # 149 at 7 ("The parties are to comply precisely with Local Rule 56-1 through 56-4.").  Without Plaintiff's Statement of Genuine Disputes, Defendant did not file a "Response to Statement of Genuine Disputes," from which the Court would usually derive the undisputed facts of the case.  *See* C.D. Cal. L.R. 56-3.

Normally, "[w]here an opposing party fails entirely to file a statement of genuine issues under Local Rule 56-2, the opposition is deemed not to raise a triable issue of material fact as to the claims on which the moving party seeks summary judgment." *McGee v. SunTrust Mortg., Inc.*, No. SACV 14-01477-CJC(JCGx), 2016 WL 10651070, at *3 (C.D. Cal. Nov. 28, 2016); *see, e.g.*, *DealersGear, Inc. v. Get My Auto, LLC*, No. SA CV 22-01011-DFM, 2024 WL 698388, at *3 (C.D. Cal. Jan. 3, 2024).  However, because Plaintiff has attached an accompanying declaration to her Opposition brief, and because her Opposition brief has thoroughly cited to evidence in dispute, the Court declines to assume that Defendant's stated material facts exist without controversy.  *See, e.g.*, *Yang v. Gen. Ins. Co. of Am.*, No. 2:25-cv-08995-CAS-JCx, 2026 WL 899424, at *1 n.1 (C.D. Cal. Mar. 30, 2026) (recognizing plaintiffs' factual dispute even though they did not file a separate Statement of Genuine Disputes); *Loyd v. Allison*, No. 5:21-cv-01817-SPG-SHK, 2023 WL 9319247, at *12 (C.D. Cal. Sept. 28, 2023) ("While pro se litigants are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:25-cv-08210-MWC-PVC                              Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*


excused from following court rules, [citation], in this instance, the Court will consider
Plaintiff's Opposition but will assume that unless otherwise shown in the Opposition, the
material facts as claimed by Defendants are undisputed.") (internal citation omitted), *R. &
R. adopted*, 2024 WL 1217369 (C.D. Cal. Mar. 20, 2024), *aff'd*, 2026 WL 18916 (9th Cir.
Jan. 2, 2026).

At the same time, the "Court is not obligated to look any further in the record for
supporting evidence other than what is actually and specifically referenced in the Statement
of Uncontroverted Facts, the Statement of Genuine Disputes, and the Response to
Statement of Genuine Disputes."  C.D. Cal. L.R. 56-4.  Accordingly, for the purposes of
reciting the background information in this case, the Court defers to the relevant allegations
contained in Plaintiff's Third Amended Complaint ("TAC").  *Cf. Loyd*, 2023 WL 9319247,
at *3; *see also* Dkt. # 228 ("*TAC*").  The Court will address the parties' factual disputes as
necessary further below.

B.      Relevant Allegations in Plaintiff's TAC

Plaintiff brings this copyright infringement lawsuit against Defendants Mark
Skipper *a/k/a* Skip Archimedes ("Skipper"), Michael Maloy, and Empirical Media LLC
(collectively, "Defendants") for their unlicensed reproduction and competing claim to the
rights of the film, "Quest for Youth," formerly known as "Fountain of Youth" ("Quest for
Youth" or "the Film").  *See TAC* at 1.  The TAC alleges as follows:

Plaintiff is a "self[-]made" independent film veteran who works as a Director,
Writer, and Producer.  *Id.* ¶ 34.  In January 2023, Thomas Harrison, on behalf of the
Vanguard Talent Agency, approached Plaintiff to represent and manage her film and
television career, including the film "Quest for Youth."  *Id.* ¶ 41.  The film is a two-hour
long documentary containing "at a minimum 90% of Plaintiff's raw footage" consisting of
interviews with experts on how to reduce stress and live a healthier, longer life.  *See id.*
¶¶ 2–4, 41, 61.  Plaintiff had "cut" the film in November 2018 and signed an agreement
with Harrison for its distribution.  *See id.* ¶ 41.

In January 2023, Plaintiff met Defendant Maloy, owner of Empirical Media LLC.
*Id.* ¶ 42.  Maloy agreed to work for Plaintiff on a "for hire" basis to edit and fill in gaps of
Plaintiff's film with stock footage licensed from third party platforms.  *See id.* ¶¶ 3, 9, 15,
21, 42.  In August 2023, Plaintiff sent four drives to Maloy "with all raw A and B roll

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                                    Date: June 23, 2026

Title:        April Chandler v. Mark Skipper, *et al.*

footage" for the film project.  *Id.* ¶ 44.  After receiving the footage, Defendant "tried to seal Plaintiff's film" and "to this day [has not] returned her intellectual property" and still possesses her raw footage.  *Id.* ¶ 45.  Plaintiff believes Maloy shared this footage with Skipper.  *Id.* ¶ 46.  In February 2024, Skipper contacted Plaintiff's sale agent, "Big Media," attempting to steal her film and damage her reputation.  *Id.* ¶¶ 10, 12.  Specifically, Defendants contacted Big Media, stating that Plaintiff lacked authorization to sign the distribution agreement, and promising to make a "better version" of the film without Plaintiff; Defendants attempted to sign a new agreement with Big Media, excluding Plaintiff from the deal.  *Id.* ¶¶ 16–18, 54 (alleging that Maloy contacted Big Media, representing that he owned the rights to Quest for Youth and that Plaintiff lacked authority to sign an agreement with them).  Defendants provided Big Media with a YouTube link "showing Defendant[s] were attempting to make their own version of Plaintiff's film with her copyrighted materials[.]"  *Id.* ¶ 63 (YouTube link omitted).

Plaintiff owns the complete Chain of Title and all raw footage used for the film.  *Id.* ¶ 8.  The experts in the film each signed video releases agreeing that the footage belonged to Plaintiff.  *See id.* ¶ 15.  On February 8, 2024, Plaintiff filed her copyright registration for the film with the U.S. Copyright Office ("USCO").  *Id.* ¶ 5.  The USCO delayed providing Plaintiff with her Copyright Certificate pending a two-month investigation after Maloy filed a competing copyright claim for the film on January 14, 2024.  *Id.* ¶¶ 7, 21.

II.      Procedural History

On September 8, 2025, the Northern District of New York transferred this action to this Court.  Dkt. # 145.  On December 19, 2025, Plaintiff filed her TAC, alleging six (6) causes of action for: (1) direct copyright infringement for the unlicensed copying, reproduction, distribution, adaptation, or public display of the Film; (2) direct copyright infringement for the unauthorized creation of copies of the Film; (3) inducement of copyright infringement for inducing the infringing acts on platforms such as YouTube; (4) contributory copyright infringement; (5) vicarious copyright infringement; and (6) conversion for the unlawful possession of the Film.  *See TAC* at 16–23.  On February 18, 2026, the Court judicially noticed Plaintiff's copyright registration and subsequently denied Maloy's motion to dismiss.  *See* Dkt. # 262 at 3–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                                Date: June 23, 2026

Title:    April Chandler v. Mark Skipper, *et al.*

III.    Legal Standard

    A.    Rule 56

Summary judgment is appropriate under Rule 56 when the moving party demonstrates the absence of a genuine dispute as to any material fact and entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Idaho Conservation League v. Poe*, 86 F.4th 1243, 1246 (9th Cir. 2023).  "A fact is 'material' only if it might affect the outcome of the case[.]"  *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014); *Jelinek v. Am. Nat'l Prop. and Cas. Co.*, 747 F. App'x 513, 514 (9th Cir. 2018); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgments.").  Factual disputes that are irrelevant or unnecessary will not preclude a grant of summary judgment.  *Anderson*, 477 U.S. at 248.  On the other hand, "[a]n issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Airlines for Am. v. City and Cnty. of S.F.*, 78 F.4th 1146, 1152 (9th Cir. 2023) (internal quotation marks and citation omitted); *Fresno Motors*, 771 F.3d at 1125.

"To prevail at summary judgment, the defendant-movant must demonstrate that, even viewing the evidence in the light most favorable to the plaintiff, the plaintiff cannot satisfy its burden to prove its claims."  *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1159 (9th Cir. 2021) (internal quotation marks and citation omitted); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).  The movant "bears the burden of establishing the basis for its motion and identifying evidence that demonstrates the absence of a genuine issue of material fact."  *Davis v. United States*, 854 F.3d 594, 599 (9th Cir. 2017) (citation omitted).  The movant may satisfy its initial burden by either showing that the nonmoving party "does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial," *G and G Closed Circuit Events, LLC v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022) (internal quotation marks and citation omitted), or alternatively, by "producing affirmative evidence negating an essential element of the nonmoving party's claim or defense."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1105 (9th Cir. 2000).  However, "[a] moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence."  *Nissan Fire*, 210 F.3d at 1105 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                          Date: June 23, 2026

Title:       April Chandler v. Mark Skipper, *et al.*

If the movant satisfies its burden, the burden then shifts to the non-moving party to "designate specific facts demonstrating the existence of genuine issues for trial." *Oracle Corp.*, 627 F.3d at 387 (citation omitted).  "This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence" and more than "some metaphysical doubt as to the material facts at issue." *Id.* (internal quotation marks and citation omitted).  "In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citation omitted); *Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1122 (9th Cir. 2024) ("[T]here must be evidence on which the jury could reasonably find for the plaintiff. . . . The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.").  In other words, "the nonmoving party may not rest upon mere allegations or denials of his pleading[.]" *Zellmer*, 104 F.4th at 1122 (internal quotation marks and citation omitted).  Nor will the Court "scour the record in search of a genuine issue of triable fact.  [The Court] rel[ies] on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citations omitted); *Perez v. City of Fresno*, 591 F. Supp. 3d 725, 737 (E.D. Cal. 2022) ("The parties have the obligation to particularly identify material facts, and the court is not required to scour the record in search of a genuine disputed material fact.").

Finally, when evaluating a motion for summary judgment, the Court does "not engage in credibility determinations or weigh evidence; rather, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Munden v. Stewart Title Guaranty Co.*, 8 F.4th 1040, 1044 (9th Cir. 2021) (cleaned up) (internal quotation marks and citation omitted); *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) ("[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence, as those are functions reserved for the jury.") (cleaned up) (internal quotation marks and citation omitted).

IV.      Discussion

Before resolving the merits of Defendant's motion, the Court first addresses several threshold issues, including Plaintiff's Motion to Withdraw Admissions, contained in her Opposition brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                    Date: June 23, 2026

Title:    April Chandler v. Mark Skipper, *et al.*

A.    C.D. Cal. Local Rule 7-3

In the Court's February 18, 2026 Order denying Defendant's motion to dismiss and Plaintiff's motion to strike, the Court admonished Defendant to comply with this Court's Local Rules. *See* Dkt. # 262 at 8.  The Court stated that it "will not excuse pro se litigants from complying with the Local Rules, . . . and Mr. Maloy must exercise greater care going forward to ensure that he follows the rules applicable to all litigants before this Court," including C.D. Cal. Local Rule 7-3. *See id.*  Since that time, the Court has repeatedly admonished both parties to comply with Local Rule 7-3's meet-and-confer requirement. Even still, Plaintiff's Opposition brief represents that prior to filing the instant Motion for Summary Judgment, "no such conference occurred." *See Opp'n* at 51.

Attached as Exhibit A to Plaintiff's Opposition is a copy of the parties' email correspondence. *See* Ex. A to *Chandler Decl.* at 18–20.  On May 1, 2026, Maloy emailed Plaintiff indicating that he "intend[s] to file a Rule 56 motion for summary judgment on the grounds that Plaintiff cannot establish the essential elements of her claims," and asking to meet and confer via "email, phone, or Zoom at your convenience." *Id.* at 19.  That same day, Plaintiff responded that she was "willing to meet and confer regarding your anticipated Rule 56 motion," summarizing her grounds for opposition. *See id.* at 18.  Defendant responded a few hours later that he "will proceed with filing." *Id.*  Plaintiff followed up asking to "schedule time next week to discuss the issues," but Defendant ignored her request and stated he "will proceed with filing." *Id.*

Defendant has once more flouted this District's Local Rules and the Court's Standing Order.  C.D. Cal. Local Rule 7-3 requires that the parties hold a pre-filing conference either "in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." *See* C.D. Cal. L.R. 7-3; *see also* Standing Order, Dkt. # 149 at 4 ("Counsel must comply with Local Rule 7-3, . . .").  Local Rule 7-3 does not contemplate that email correspondence may substitute for a pre-filing conference.  Moreover, the conference must take place at least seven (7) days prior to the filing of any motion.  Yet here, it appears that Defendant believed the pre-filing conference took place via email six days prior to the filing of his pending motion.  Defendant is mistaken and the Court may deny or strike Plaintiff's motion on this basis alone. *See Est. of Martinez v. Cnty. of L.A.*, No. 2:23-cv-05586-ODW (MAAx), 2026 WL 445537, at *1 (C.D. Cal. Feb. 17, 2026) (stating that Local Rule 7-3 "is of such importance that a district court may deny, strike, or decline to consider a party's motion for failing to comply with its requirements."); *see, e.g.,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                              Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

*Bosco v. First Advantage Background Servs. Corp.*, No. 2:25-cv-12019-MCS-MAA, 2026 WL 1365815, at *1 (C.D. Cal. May 11, 2026); *Mission Wealth Mgmt., LP v. Flores*, No. 2:26-cv-00035-MCS-MAA, 2026 WL 1453929, at *1 (C.D. Cal. Apr. 20, 2026).   The Court exercises its discretion to reach the merits of Defendant's motion but admonishes the parties to comply with this District's Local Rules and the Court's Standing Order.

> B.      Plaintiff's Motion to Withdraw Admissions

Defendant's motion principally relies on Plaintiff's failure to respond to his Requests for Admission ("RFAs").  *See MSJ* at 9.  Defendant recites that on March 31, 2026, he served a set of Requests for Admission, Interrogatories, and Requests for Production.  *Id.*; *Maloy Decl.* ¶ 53 ("I served [RFAs] on Plaintiff via electronic mail. Plaintiff did not respond within the 30 day deadline, and no responses have been received to date.").  In response, Plaintiff declares that she "did not receive any such discovery requests . . . through CM/ECF or by any other means." *Chandler Decl.* ¶ 24; *see also Opp'n* at 7–8 ("Plaintiff never received those Requests for Admission.  They were never properly served.").   Alternatively, Plaintiff requests that the Court withdraw those admissions under Federal Rule of Civil Procedure 36(b).  *See Opp'n* at 12.

Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party[.]"  "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b). Rule 36(b) allows the Court to "permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  *Id.*; *see also Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).  Additionally, the Court may "consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits."  *Conlon*, 474 F.3d at 625.

Though Rule 36(a)'s language is self-executing, "[t]he Ninth Circuit . . . has recognized the authority of the district court to permit late responses to requests for admissions," *Kirk v. Richards*, No. CIV S-10-0373 GEB CKD P, 2011 WL 4374999, at *2 (E.D. Cal. Sept. 19, 2011) (citation omitted), and has recognized the district court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                              Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

discretion to permit a party to withdraw its admissions under Rule 36.  *See Conlon*, 474 F.3d at 625.  The first half of the test for withdrawing admissions "is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case."  *Kirk*, 2011 WL 4374999, at *2 (citation omitted).  Under the second half of Rule 36(b), "the party relying on the deemed admission has the burden of proving prejudice," which contemplates "not simply that the party who obtained the admission will now have to convince the factfinder of its truth," but rather assesses the "difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (internal quotation marks and citations omitted).

Here, the Court is satisfied that both prongs of Rule 36(b) are met to warrant the withdrawal of Plaintiff's admissions.  First, the presentation of the merits of this action would be subserved if Defendant were allowed to prevail on matters deemed admitted under Rule 36.  Defendant propounded a total of thirty-one (31) RFAs on Plaintiff, several of which directly address liability for Plaintiff's underlying copyright claims.  *See* Ex. 29, Dkt. # 312 at 44–47 ("*RFAs*").  For example, RFA No. 14 asks Plaintiff to admit that she "did not possess exclusive copyright ownership of all footage used in the Film at the time it was created," and RFA No. 17 asks Plaintiff to admit she "has not identified any specific act by Defendant Maloy that constitutes copyright infringement." *See id.* at 44–45.  Several other RFAs also ask Plaintiff to admit that Maloy did not distribute or reproduce the Film, and to admit that Maloy did not edit the Film on a "for hire" basis.  *See id.* at 44–47.  The Court is satisfied that upholding the admissions would eliminate the need for a presentation of the merits of this case.  *Kirk*, 2011 WL 4374999, at *2.

Regarding the second half of the Rule 36(b) test, Defendant has failed to satisfy his burden to show he would suffer prejudice if the Court granted Plaintiff's request.  *See Reply* at 7–8.  Instead, Defendant repeats that he served the RFAs via email to Plaintiff's address of record, and "never received a 'Mail Delivery Failure' or bounce-back message indicating the email failed to send[.]" *Reply* at 7.  Thus, the Court is satisfied that both prongs of Rule 36(b) are met.  The Court is further persuaded to grant Plaintiff's motion in light of her sworn affirmation that she never received the RFAs, and because her Declaration and Opposition brief demonstrate a strong case on the merits, *see infra*. *Conlon*, 474 F.3d at 625.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Withdraw her RFA Admissions.  Plaintiff is **ORDERED** to respond to Defendant's various

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                                    Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

discovery requests by no later than **Friday, July 3, 2026**.  Failure to timely respond will result in the Court deeming Defendant's written discovery requests as admitted.

        C.      Rule 56(d) Request

Next, Plaintiff asks the Court to defer resolving the instant motion for summary judgment until after the close of fact discovery because Plaintiff attests "she has had no opportunity to conduct any discovery in this action," and "requires at minimum the opportunity to depose Defendant, Mark Skipper, and Thomas Harrison regarding the nature of Defendant's work-made-for-hire engagement, . . ." *Opp'n* at 11.  Plaintiff avers that Defendants' communications, financial records, and "any agreements purporting to affect rights ownership in the film" are "exclusively within Defendant[s'] possession and Plaintiff has had no opportunity to obtain them." *Id.*  Plaintiff's arguments lack merit.

Federal Rule of Civil Procedure 56(d) permits the Court to defer consideration of, or to outright deny, a motion for summary judgment if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]"  Fed. R. Civ. P. 56(d)(1).  "Rule 56(d) is a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Dr.'s Best, Inc. v. Nature's Way Prods., LLC*, 143 F.4th 1101, 1112 (9th Cir. 2025) (citations omitted).  However, "[d]istrict courts have discretion to deny a Rule 56(d) motion when the nonmovant has failed to diligently pursue discovery." *Id.* at 1112–13 (citation omitted); *see also Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

On November 5, 2025, the Court issued its Civil Trial Order in this case, setting the Fact Discovery Cut-Off for Friday, July 3, 2026. *See* Dkt. # 210 at 3.  The Civil Trial Order advised the parties that "the discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard, not filed." *Id.* at 2.  Additionally, the Court's Standing Order advises that "[p]arties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment." Dkt. # 149 at 7.  Plaintiff has failed to diligently pursue discovery in this case under the false assumption that the pleadings must first be "settled" before the parties may conduct

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                               Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

discovery.[2]  *See Opp'n* at 8–9.  That is not the case.  The Court set the fact discovery deadline well over seven months ago, informing Plaintiff that she had until July 3, 2026 to pursue discovery in this litigation.  Dkt. # 210.  That "Plaintiff has [taken] no discovery whatsoever—no depositions, no document production, no interrogatory responses" is a consequence of her own inaction.  *Opp'n* at 9.  Moreover, the parties need not wait until the close of discovery to bring a summary judgment motion.  Therefore, because Plaintiff raises untimely discovery requests and has not demonstrated any diligence in pursuing discovery in this case, the Court **DENIES** Plaintiff's Rule 56(d) request.

     D.       Plaintiff's Opposition Brief

The Court's Standing Order provides that "[m]emoranda of points and authorities in support of <u>or in opposition to</u> motions shall not exceed 25 pages" unless the movant demonstrates good cause exists to extend these page limitations.  Dkt. # 149 ¶ 6c (emphasis

---

[2] Plaintiff states that because Rule 26(d)(1) "prohibits discovery before the parties have conferred as required by Rule 26(f)," and because "[n]o Rule 26(f) conference has ever occurred in this case" in light of the Court's vacatur of the parties' Scheduling Conference, that Defendant's motion is therefore premature.  *Opp'n* at 8.  It thus appears that Plaintiff has conflated the parties' obligations under Rule 26(f) with the Court's Scheduling Conference.

While Rule 26(d)(1) prohibits parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f)," Fed. R. Civ. P. 26(d)(1), a Rule 26(f) Conference takes place independent of the Court's Scheduling Conference.  *See* Fed. R. Civ. P. 26(f)(1).  Rule 26(f) provides that "the parties *must* confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."  *Id.* (emphasis added).  On September 23, 2025, the Court set the parties' Scheduling Conference for October 31, 2025, and ordered the parties to file their Joint Rule 26(f) Report by no later than October 17, 2025.  Dkt. # 154.  On October 9, 2025, the Court continued the parties' Scheduling Conference to November 7, 2025.  Dkt. # 173.  On October 23, 2025, Defendant filed his Unilateral Rule 26(f) Report, representing that Plaintiff "failed to provide a Joint Rule 26(f) Report for Defendants . . . to review[.]"  Dkt. # 191.  Though Defendant mistakenly believed that it was Plaintiff's burden to create a draft Report—both parties were obligated to work together to create a Joint Report—the Court vacated the Scheduling Conference and issued its Civil Trial Order thereafter.  Dkt. # 210.  However, vacating the parties' Scheduling Conference did not excuse the parties' Rule 26(f) obligations, nor their obligations to exchange initial disclosures under Rule 26(a).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                                Date: June 23, 2026

Title:     April Chandler v. Mark Skipper, *et al.*

added).   Plaintiff has filed a fifty-seven (57) page brief in opposition to Defendant's motion.  Dkt. # 307.  Plaintiff did not seek leave of Court before filing her Opposition brief, nor did she make any showing as to the existence of good cause.  That Plaintiff is proceeding *pro se* does not excuse her from complying with this Court's Standing Order.  *See, e.g.*, *Sutton v. Mullin*, No. EDCV 23-2103 JGB (ACCVx), 2026 WL 980232, at *2 (C.D. Cal. Apr. 8, 2026) ("Even pro se plaintiffs are expected to comply with the Court's standing order, and do so frequently."); *Bakan v. U.S. Citizenship and Immigr. Servs.*, No. 8:23-cv-00671-FWS-ADS, 2023 WL 8898600, at *1 n.1 (C.D. Cal. Nov. 27, 2023).  The Court therefore **STRIKES** Plaintiff's Opposition Brief (Dkt. # 307) for failing to comply with the Court's Standing Order.[3]

####     E.     Plaintiff's Copyright Claims

To prevail on her copyright infringement claims, Plaintiff must show that she (1) owns a valid copyright in the Film; and (2) that Defendants copied protected aspects of her work.  *See Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 940 (9th Cir. 2023) (citation omitted).   Title 17 U.S.C. § 410 prescribes that "[i]n any judicial proceedings[,] the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  *See also Enter. Mgmt. Ltd. v. Construx Software Builders, Inc.*, 73 F.4th 1048, 1056–57 (9th Cir. 2023).  Previously, the Court judicially noticed that Plaintiff is the owner of the certificate of copyright registration in registration number PAU004219986.  Dkt. # 262 at 4; *see also Chandler Decl.* ¶ 4 ("I hold U.S. Copyright Registration No. PAU004219986 for Quest for Youth, . . .").  Defendant must therefore rebut Plaintiff's presumption of validity.

#####         i.     *Work-Made-For-Hire*

Defendant first attacks Plaintiff's theory that she commissioned Defendant to work on the Film on a "for hire" basis, asserting that the "undisputed evidence shows that the governing Letter of Agreement contains no work-for-hire provision and no assignment of rights by Defendant to his independently created work."  *MSJ* at 10.  But this argument misses the mark.  If a work is "specially ordered or commissioned for use . . . as part of a

---

[3] To the extent that Plaintiff seeks sanctions against Defendant under Rule 11, *see Opp'n* at 56–57, the Court **DENIES** this request as improper.  *See* Fed. R. Civ. P. 11(c)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                            Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

motion picture or other audiovisual work," and "if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire," then the "employer or other person for whom the work was prepared is considered the author" and unless expressly agreed otherwise, "owns all of the rights comprised in the copyright." 17 U.S.C. §§ 101, 201(b); *see also Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 738 (1989); *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010).

As the holder of a valid copyright registration, whether Plaintiff commissioned Defendant to edit the Film on a "for hire" basis does not rebut the presumption of validity afforded to Plaintiff.  In any event, Plaintiff has cited to a signed agreement in the Record, which illustrates that on January 5, 2023, the parties entered into a "work for hire agreement," whereby Defendant ("Editor") would "create a revised version of the existing documentary film" and "manage all aspects of the editing for the documentary."  Ex. 7, Dkt. # 122 at 44; *see also Chandler Decl.* ¶¶ 7–8.  The agreement defined Plaintiff April Chandler as "the Recipient" and Defendant Michael Maloy as the "Contractor," *id.*, and explicitly provides that the "Work (and all rights therein including, without limitation, copyright) belongs to and shall be the sole and exclusive property of the Recipient"—*i.e.*, Plaintiff.  *Id.* at 45, ¶ 5.  Defendant's arguments therefore lack merit, as Plaintiff has proffered evidence to support her claims that she commissioned Defendant to edit the Film on a "for hire" basis.  As such, "the copyright lies *ab initio*" with Plaintiff.  *Twentieth Century Fox Film Corp. v. Ent. Distrib.*, 429 F.3d 869, 881 (9th Cir. 2005).

           ii.      *Originality of Work*

An accused infringer can rebut the presumption of validity by offering some evidence or proof to dispute or deny the plaintiff's prima face case of infringement.  *See Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076 (9th Cir. 2000) (citation omitted); *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 553 F. Supp. 3d 803, 821 (S.D. Cal. 2021).  The accused infringer may attack the originality of the work to rebut the presumption.  *See Ets-Hotkin*, 225 F.3d at 1076; *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.3d 1031, 1033 (9th Cir. 1992) (presumption of validity "may be rebutted by a showing on the part of the defendant that the plaintiff's work is not original.").

Defendant attacks Plaintiff's originality of the Film, arguing that the "undisputed evidence further confirms that Defendant independently created substantial original

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                           Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

expression" and that the "new film is not a minor revision of Plaintiff's work — it is a substantially new and independently created work in which Defendant's contributions predominate[.]" *MSJ* at 10–11.  Defendant proffers that "[t]he footage itself confirms that Plaintiff did not originate it" because it includes "camera slates and audio recordings" from Director Frazer Bailey's footage back in 2009 and 2011, and because the "person conducting the interviews was a male with an Australian accent."  *Id.* at 11.  To these points, Defendant misunderstands the originality requirement.

The originality requirement "does not mean that for valid copyright protection, the copyright must represent something entirely new under the sun."  *N. Coast Indus.*, 972 F.2d at 1033 ("No large measure of novelty is required.").  Instead, all that is required is that the author "contributed something more than a merely trivial variation, something recognizably [her] own."  *Id.*; *see also Experian Info. Sols., Inc. v. Nationwide Marketing Servs. Inc.*, 893 F.3d 1176, 1181 (9th Cir. 2018) ("The term 'original' indicates that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.") (citation omitted).  In other words, originality does not prohibit actual copying.  *N. Coast Indus.*, 972 F.2d at 1033.  Nor does it require that "facts be presented in an innovative or surprising way." *Experian Info.*, 893 F.3d at 1181.  Thus, the test "is whether the difference between the copyrighted work and the preexisting work is non-trivial."  *N. Coast Indus.*, 972 F.2d at 1033.  To establish that a plaintiff copied a preexisting work, "a defendant must show that plaintiff had access to the prior work and that plaintiff's work is substantially similar to the prior work in both ideas and expression."  *Id.* at 1033–34.

Here, Defendant's originality attack fails on the first prong—he has proffered no evidence that Plaintiff had access to Frazer Bailey's footage back in 2009 and 2011.  *See MSJ* at 11.  To the extent that Defendant relies on publicly available footage, *see SUF* ¶ 33, Defendant has not adequately shown that Plaintiff's work is substantially similar to Bailey's work in both ideas and expression.[4]  In any event, Plaintiff declares that Frazer

---

[4] Defendant further maintains that in prior state court litigation, Plaintiff admitted that she obtained the footage from third parties and that "ownership resided with others involved in its original production."  *MSJ* at 11.  In support, Defendant proffers a screenshot of an August 14, 2020 email from Plaintiff where she states she purchased nondescript "footage" from producer and director, Leonardo Michael and Phoenix Moon Products.  *See SUF* ¶ 34; Ex. 25, Dkt. # 312 at 38.  However, the email does not identify the nature of the footage, nor does it indicate that the Film is not an original work—only that Plaintiff stated she purchased footage from a third party.  Defendant has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                          Date: June 23, 2026

Title:     April Chandler v. Mark Skipper, *et al.*

Bailey formally assigned her all rights to the film in a January 4 Quitclaim Agreement in exchange for an agreed producer fee of 15% from sales remuneration. *See Chandler Decl.* ¶ 3 ("Mr. Bailey's decision to formally assign all rights to me while retaining a 15% backend fee is itself evidence that he recognized me as the rightful owner of the film."). Plaintiff further attests that the Film "contains, at a minimum 90% of [Plaintiff's] raw footage including A Roll interviews with experts conducted from around the world spanning years, [her] B Roll footage, and [her] voice as narrator from the beginning of the film to the end." *Id.* ¶ 5. Thus, not only has Defendant failed to carry his burden to demonstrate a lack of originality, but Plaintiff has adequately proffered evidence to support her claim and illustrate that the Film is her original creation.

### iii.    *Protectable Expression*

Defendant next asserts that the "undisputed evidence establishes [ ] that Defendant independently created the new film, including its narrative, scripts, structure, and final edit." *MSJ* at 13. Defendant suggests that "Plaintiff's role was limited to supplying certain materials and recording narration based on Defendant's scripts." *Id.* In support, notwithstanding Plaintiff's withdrawn admissions, Defendant offers that in December 2022, he created a document that "more thoroughly analyzed the existing film and began conceiving a new narrative structure for it." *Maloy Decl.* ¶ 14. Defendant testifies that he drafted a "series of notes . . . as ideas emerged and were refined," and that he began editing in the summer of 2023. *Id.* Defendant attests that his sixteen-page document "contains historical and scientific research, script drafts and random thoughts that eventually found expression in the new film, such as a libretto from a Bach aria, the mythology of the fountain of youth, the theory of cymatics and the science of protein synthesis." *Id.* Defendant also attests that he sought to obtain the license and use of third-party footage and music to supplement the Film. *Id.* ¶ 15.

Though Defendant is correct that "independent creation is a complete defense to copyright infringement," *Biani v. Showtime Networks, Inc.*, 153 F.4th 957, 962 (9th Cir.

---

still failed to adduce any evidence, let alone make any argument, that the Film lacks some minimal degree of Plaintiff's creativity. *Experian Info. Sols., Inc. v. Nationwide Marketing Servs. Inc.*, 893 F.3d 1176, 1181 (9th Cir. 2018). Further, Plaintiff disputes that she ever appeared in that state court action, let alone made any representations as a party. *See Chandler Decl.* ¶ 19. Defendant's proffered exhibit therefore fails to alter the Court's analysis.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                                    Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

2025) (internal quotation marks and citation omitted), Defendant's arguments are inapposite.  Plaintiff repeatedly asserts that Defendant worked for her on a "for hire" basis, and that Defendant agreed to render these exact services on the Film while also agreeing that Plaintiff alone would retain the exclusive copyright to the film.  *See, e.g.*, *Chandler Decl.* ¶¶ 7–8; *see also Opp'n* at 29.  Indeed, the parties' agreement states that the "Editor," Defendant Maloy, "will create a revised version of the existing documentary" and "will manage all aspects of the editing for the documentary, including graphics, music, voice-over mix and color correction." Ex. 7, Dkt. # 122 at 44.  The parties' agreement also reflects that Defendant agreed to render these services on a "work made for hire" basis, and that only Plaintiff would retain the exclusive copyright to the film.  *See id.* at 45.  In other words, Defendant is not asserting that he created a new film—independent of Plaintiff's Film—that lacks any substantial similarity to her Film. *See MSJ* at 13.  Instead, Defendant is only maintaining that the services he rendered on the Film created something "new" and "independent" in its own right.  *See id.*  However, at this juncture, these arguments are foreclosed in light of Plaintiff's cited agreement.

Even if Defendant were correct, and even if he did *not* work for Plaintiff on a "for hire" basis, Defendant has failed to come forth with any evidence to disprove that the two works are substantially similar. *See also Ambrosetti v. Or. Catholic Press*, 151 F.4th 1211, 1223–24 (9th Cir. 2025).  For instance, to succeed on her copyright infringement claims, Plaintiff must prove "the defendant copied enough of the plaintiff's protected expression of ideas or concepts to render the two works substantially similar." *Biani*, 153 F.4th at 963.  Unlawful appropriation is assessed under the "extrinsic" and "intrinsic" tests. *Id.* "Courts apply only the extrinsic test at summary judgment," which considers "whether two works share a similarity of ideas and expression as measured by external, objective criteria." *Ambrosetti*, 151 F.4th at 1223–24.  The extrinsic test "often requires analytical dissection of a work and expert testimony" to "break[] the works down into their constituent elements, and compar[e] those elements for proof of copying as measured by substantial similarity." *Id.* at 1223 (internal quotation marks and citation omitted).  Here, however, Defendant proffers no expert testimony nor any "analytical dissection" of his "new" Film.  Nor does Defendant distinguish between the protected and unprotected material in Plaintiff's work. *See id.*  Even if Defendant created a new, independent Film, on this Record, the Court cannot grant summary judgment in Defendant's favor because he has come forward with no evidence to dissect the works, compare their protectable aspects, or demonstrate the lack of substantial similarity in any way.  The Court therefore denies Defendant's motion on this basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                    Date: June 23, 2026

Title:    April Chandler v. Mark Skipper, *et al.*

### iv.    *Plaintiff's Authorization*

Defendant next disputes that he worked on the Film on a "for hire" basis, stating that "the undisputed evidence shows that Plaintiff commissioned the work" and that she "admits [to] voluntarily providing materials without restrictions" by sending him the drives of the footage. *MSJ* at 13. Defendant believes that "[e]ven if Plaintiff could establish ownership of certain underlying materials, her claims fail because she granted Defendant an implied nonexclusive license to use those materials in creating the new film." *Id.* at 13–14.

The Court has already considered and disposed of this argument, *supra*. Plaintiff has pointed to evidence in the Record reflecting that the parties specifically agreed that, in exchange for compensation, Defendant would render editing services on Plaintiff's film but that all rights to the film would "be the sole and exclusive property" of Plaintiff. *See* Ex. 7, Dkt. # 122 at 44–45. Defendant's complaint that Plaintiff has failed to compensate him for his services is not relevant to the instant motion. *MSJ* at 13. Further, Defendant's repeated assertion that "Plaintiff commissioned the work," *id.* at 13–14, only serves to undermine Defendant's own arguments. *Cf. Twentieth Century Fox*, 429 F.3d at 881 ("Where we determine that a work was produced at the instance and expense of another party, we indulge the legal presumption that it is a work-for-hire—that the copyright lies *ab initio* with the commissioning party."); *see also* 17 U.S.C. § 101 (defining a "work made for hire" as "a work specially ordered or commissioned for use as a contribution to a collective work, as part of a motion picture or other audiovisual work, . . ."). Defendant's motion is denied on this basis.

### v.    *Lack of Evidence*

Defendant next contends that Plaintiff lacks evidence to support her theories of infringement. *MSJ* at 14–15. Defendant suggests that the evidence reflects that "Defendant did not provide any footage to Mr. Skipper" and did not upload any content onto YouTube. *See id.* Accordingly, absent any evidence "linking Defendant to any act of reproduction, distribution, or public performance, Plaintiff cannot establish causation or liability." *Id.* at 15. However, Plaintiff has already adduced evidence in the Record demonstrating that (1) YouTube removed the Film from its website upon receiving notice from Mark Skipper stating he was the "legal owner of all the footage within the video," Ex. 14, Dkt. # 122 at 58–60; and (2) email correspondence from Mark Skipper to Big Media representing that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08210-MWC-PVC                          Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

he "own[s] all the footage that has been used for the documentary Quest For Youth."  Ex. 2, Dkt. # 122 at 34; *see also Chandler Decl.* ¶¶ 15–17.  The Court cannot conclude that Plaintiff lacks evidence to support her claims.  Accordingly, the Court denies Defendant's motion on this basis as well.

For all these reasons, the Court **DENIES** Defendant's Motion for Summary Judgment on Plaintiff's first two causes of action for direct copyright infringement.

F.      Remaining Arguments

Defendant challenges Plaintiff's remaining claims, asserting they fail as a matter of law and for lack of evidence.  *See MSJ* at 15–18.  The Court briefly addresses each in turn.

***Public Performance & Reproduction.***  First, Defendant states that Plaintiff "has identified no transmission by Defendant to any public audience and no evidence that Defendant displayed any content on YouTube or any other medium."  *MSJ* at 15–16.  Defendant also insists that Plaintiff "has produced no admissible evidence that Defendant made any copies," and that the evidence shows "Defendant created the film rather than copying it."  *Id.* at 16.  Plaintiff has pointed to Mark Skipper's email to Big Media, containing a YouTube link to the Film wherein he stated, "this was the trailer that my team had created," and that Maloy "created the edit for Quest For Youth and we believe that we can finish this project at a higher level which will have more impact."  Ex. 2, Dkt. # 122 at 34.  There is at least a genuine dispute as to whether Defendant Maloy participated in uploading the Film to YouTube prior to its takedown.  Similarly, the same evidence suggests that Maloy and Skipper "reached an agreement to proceed with their own version of Quest For Youth using [Plaintiff's] copyrighted footage and materials."  *Chandler Decl.* ¶ 20; Ex. 2, Dkt. # 122 at 34–35.  Plaintiff has therefore produced evidence to show copying of the Film.  For both of these reasons, Defendant's motion is **DENIED**.

***Inducement Theory.***  Defendant avers Plaintiff has identified no evidence "of intentional encouragement of infringement by any third party," in part, because she failed to show any evidence of direct infringement.  *MSJ* at 16–17.  "One infringes contributorily by intentionally inducing or encouraging direct infringement[.]"  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).  A defendant induces the direct infringement of a copyright "through culpable actions resulting in the impermissible reproduction of copyrighted expression, whether those actions involve making available a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                    Date: June 23, 2026

Title:   April Chandler v. Mark Skipper, *et al.*

device or product or providing some service used in accomplishing the infringement." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1033 (9th Cir. 2013) ("[T]he inducement copyright doctrine . . . applies to services available on the Internet as well as to devices or products."). Plaintiff alleges, and has cited evidence in the Record, *supra*, showing that Defendants induced YouTube to directly infringe her copyright by reproducing and publicly performing the Film. *See TAC* at 19–20; Ex. 2, Dkt. # 122 at 34–35; *see also Chandler Decl.* ¶ 20. YouTube removed the Film from its site after Plaintiff submitted a copyright removal request. *See* Ex. 14, Dkt. # 122 at 58–60; *see also Chandler Decl.* ¶ 17. Accordingly, the Court **DENIES** Defendant's motion here as well.

  ***Contributory Copyright Infringement.*** Defendant next contends that Plaintiff has failed to identify evidence supporting Defendant's "knowledge of specific infringing activity and material contribution to it." *MSJ* at 17. However, "liability exists if the defendant engages in personal conduct that encourages or assists the infringement." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001). Defendant's own evidence demonstrates that he helped create the infringing work. *See, e.g.*, *Maloy Decl.* ¶¶ 14–17. Furthermore, Plaintiff has cited to evidence in the Record sufficient to infer that Defendant knew Plaintiff possessed exclusive rights to the Film, yet despite that knowledge, filed a competing copyright claim, refused to return the raw footage to Plaintiff, and assisted in uploading a version of the Film to YouTube. Plaintiff has therefore adduced evidence demonstrating knowledge and contribution. The Court **DENIES** Defendant's motion for summary judgment on this claim.

  ***Vicarious Copyright Infringement.*** Regarding vicarious infringement, Defendant believes Plaintiff has failed to proffer evidence of Defendant's "right and ability to supervise infringing acts, and a direct financial benefit from them." *MSJ* at 17–18. To succeed on her claim for vicarious copyright infringement, Plaintiff must prove that the Defendant has "(1) the right and ability to supervise[] the infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007) (internal footnote and citation omitted). However, "a profit does not have to be realized"; instead, "financial benefit exists where the availability of infringing material acts as a draw for customers." *Paramount Pictures Corp. v. Axnar Prods., Inc.*, No. CV 15-09938 RGK (Ex), 2016 WL 2967959, at *4 (C.D. Cal. May 9, 2016) (internal quotation marks and citations omitted). There is at least a reasonable inference that Maloy acted as Mark Skipper's supervisor when he contacted Big Media on both his and Maloy's behalf. *See* Ex. 2, Dkt. # 122 at 34; *see also Chandler Decl.* ¶ 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                                   Date: June 23, 2026

Title:      April Chandler v. Mark Skipper, *et al.*

(affirming that "Michael Maloy contacted Big Media via their website contact form stating that" he owned the rights to the Film).   Similarly, there is at least a reasonable inference that Maloy stood to benefit financially from Big Media pulling Plaintiff's film from its catalogue.   *Chandler Decl.* ¶ 17 ("Big Media removed Quest For Youth from their catalogue and website.").   Accordingly, the Court **DENIES** Defendant's motion for summary judgment on Plaintiff's vicarious copyright infringement claim.

      ***Conversion.***   Defendant argues Plaintiff's conversion claim fails as a matter of law because it is preempted by the Copyright Act.   *MSJ* at 18.   The Court has already considered and disposed of Defendant's argument in its February 18, 2026 Order, concluding that the "basis for Plaintiff's conversion claim extends beyond the scope of her Copyright Act claims," and that "Plaintiff's claim is not limited to the rights that the Copyright Act protects, preventing preemption."   Dkt. # 262 at 7–8.   Plaintiff has proffered evidence that she sent Defendant the physical drives of the footage, yet despite her repeated requests and formal cease and desist notice, Defendant has yet to return the footage.   *Chandler Decl.* ¶ 11.   The Court **DENIES** Defendant's request for summary judgment on this claim.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08210-MWC-PVC                    Date: June 23, 2026

Title:   April Chandler v. Mark Skipper, *et al.*


V.       Conclusion

For the foregoing reasons, it is **ORDERED** that:

1.   Plaintiff's Motion to Withdraw Admissions is **GRANTED**.  Plaintiff **SHALL** respond to Defendant's various written discovery requests by no later than **Friday, July 3, 2026**.  Failure to timely respond will result in the Court deeming Defendant's requests as admitted.

2.   Plaintiff's Rule 56(d) Request is **DENIED**.

3.   Plaintiff's Opposition brief (Dkt. # 307) is **STRICKEN** from the Record.

4.   Defendant's Motion for Summary Judgment (Dkt. # 301) is **DENIED**. The June 26, 2026 hearing is **VACATED**.

**IT IS SO ORDERED.**

                                                                                    :
                                              **Initials of Preparer**    TJ