Michael Maloy
*Pro se*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APRIL CHANDLER,<br>*Plaintiff,*<br>*v.*<br>MICHAEL MALOY, et al.,<br>*Defendants.* | Case No.: 2:25-cv-08210-MWC-PVC<br>**DEFENDANT MICHAEL MALOY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>Hon. Michelle Williams Court |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff seeks partial summary judgment declaring herself the exclusive owner of the copyright in Quest for Youth, extinguishing Defendant's claimed ownership interest, establishing liability on the central issues underlying her copyright claims, and disposing of Defendant's counterclaims as a matter of law. Those requests rest on a common premise: that the evidentiary record admits only one reasonable interpretation. It does not.

Although Plaintiff presents more than one hundred pages of briefing, exhibits, and supporting materials, her Motion repeatedly asks the Court to perform tasks that Rule 56 does not permit. It asks the Court to resolve competing interpretations of contracts, infer legal consequences from disputed historical facts, accept Plaintiff's characterization of documentary evidence as though it

were undisputed fact, and treat observations made during earlier stages of this litigation as binding factual determinations. Those are matters reserved for the trier of fact or for resolution after the Court has determined the legal significance of disputed evidence. They are not appropriate subjects for summary judgment.

The procedural posture of this case is materially different from that presented when Defendant's earlier Motion for Summary Judgment was denied. Discovery has now closed. Plaintiff has had a full opportunity to obtain documents, identify witnesses, and develop the evidentiary record supporting every element of her remaining claims. The question before the Court is therefore no longer whether additional evidence might emerge through discovery. It is whether the evidence actually produced entitles Plaintiff to judgment as a matter of law.

The completed record does not support that result.

Plaintiff's motion is built upon a series of inferential steps that remain genuinely disputed. Plaintiff argues that because she commissioned Defendant's editing services, Defendant necessarily acted as a work-made-for-hire contractor; because Defendant was allegedly a contractor, Plaintiff necessarily acquired exclusive ownership of the finished film; and because Plaintiff claims exclusive ownership, Defendant's competing copyright registration, editorial contributions, and ownership assertions necessarily fail as a matter of law. Whether those conclusions ultimately prove correct is not the question presented by Rule 56. The question is whether they are the only reasonable conclusions that may be drawn from the evidence.

They are not.

Nor does Plaintiff's motion eliminate longstanding evidentiary deficiencies concerning several elements on which she bears the burden of proof at trial. Plaintiff continues to rely upon disputed contractual documents whose legal effect remains contested, an asserted chain of title that Defendant contends is incomplete, appearance releases that expressly grant non-exclusive authorization to record the signatories' likenesses and voices and do not identify the pre-existing interview footage, and demonstrative exhibits prepared for this litigation rather than the underlying audiovisual works themselves.

Plaintiff's own discovery responses confirm several of these deficiencies directly: Plaintiff has admitted she possesses no email or metadata corroborating the creation or transmission of the alleged Work-Made-for-Hire Agreement (Ex. 33, RFA Nos. 28–29), and the appearance releases she has produced cover only five of the Film's seventeen on-camera participants (ECF No.122 Ex. 4).

Much of Plaintiff's presentation consists not of undisputed historical facts, but of arguments concerning what the evidence should mean. Rule 56 does not authorize the Court to resolve those arguments in Plaintiff's favor simply because Plaintiff presents them persuasively.

Because genuine disputes of material fact remain concerning ownership, infringement, and the legal significance of the parties' agreements, and because Plaintiff has not carried her burden of demonstrating that she is entitled to judgment as a matter of law, Plaintiff's Motion for Partial Summary Judgment should be denied.

## II. PLAINTIFF'S MOTION RESTS UPON A MISAPPLICATION OF RULE 56

### *A. Rule 56 Requires the Court to Distinguish Between Evidence, Inference, and Legal Conclusion*

Plaintiff's Motion asks the Court to resolve a series of issues concerning copyright ownership, infringement, and Defendant's counterclaims as matters of law. Rule 56 permits such relief only where the evidentiary record, viewed in the light most favorable to the non-moving party, establishes that no genuine dispute of material fact exists and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).*

That standard is particularly important where, as here, the moving party bears the burden of proof at trial. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (movant must show "there can be but one reasonable conclusion as to the verdict").* Plaintiff must establish each essential element of the issues upon which she seeks judgment through admissible evidence, not through competing interpretations of disputed documents or by asking the Court to draw factual inferences in her favor. Throughout her Motion, Plaintiff frequently moves from documentary evidence to legal conclusion without acknowledging the intermediate factual questions that remain disputed.

Documents are repeatedly described as "demonstrating," "confirming," or "establishing" propositions that Defendant disputes. *See S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982) (a party "cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda").* The Statement of Uncontroverted Facts similarly incorporates legal conclusions, characterizations of prior judicial rulings, and argumentative descriptions of documentary evidence alongside genuinely historical facts.

Rule 56 requires the Court to separate those categories, accepting evidence as evidence while recognizing that competing interpretations of that evidence ordinarily present questions for trial rather than summary judgment.

By way of example, Plaintiff's Statement of Uncontroverted Facts repeatedly characterizes this Court's prior orders denying Defendant's earlier Motion for Summary Judgment as merits determinations resolving ownership, infringement, and conversion in Plaintiff's favor. (See, e.g., Pl. SUF Nos. 14, 17, 52, 56, 64, 85, 95, 103.) As set forth in Section II.C below, those characterizations misstate the nature and effect of the Court's prior rulings.

The Court's task therefore is not to determine whether Plaintiff has presented a persuasive narrative. It is to determine whether the record permits only one reasonable interpretation. If competing reasonable inferences remain, summary judgment must be denied.

***B. Plaintiff's Motion Depends Upon a Series of Inferential Steps That Remain Disputed***

The central premise of Plaintiff's Motion is not a single undisputed fact. Rather, it is a chain of legal and factual inferences. Plaintiff argues that because Defendant described himself in prior filings as having been "commissioned" to provide production services, Defendant necessarily served as a work-made-for-hire contractor; because Defendant allegedly acted as a work-made-for-hire contractor, Plaintiff necessarily acquired exclusive ownership of the completed film; because Plaintiff claims exclusive ownership, Defendant's competing copyright registration and authorship claims necessarily fail; and because ownership is thereby resolved, Plaintiff is entitled to judgment on the central issues underlying her copyright claims. Rule 56 does not authorize the Court to choose among competing legal interpretations of disputed contractual relationships where material factual questions remain.

***C. Plaintiff Repeatedly Relies Upon Prior Procedural Rulings as Though They Were Findings of Fact***

Plaintiff's Motion repeatedly invokes language from this Court's prior orders denying Defendant's earlier Motion for Summary Judgment, characterizing those rulings as though they resolved disputed factual issues in Plaintiff's favor. They did not.

When the Court denied Defendant's earlier motion, the Court addressed whether Defendant, as the moving party, had demonstrated entitlement to judgment as a matter of law on the record then before it. The denial of Defendant's motion did not constitute affirmative findings establishing Plaintiff's ownership theory, authenticate disputed documents, resolve questions concerning the parties' contractual relationship, or determine the legal significance of Defendant's creative contributions.

The present Motion presents the opposite procedural posture. Plaintiff now bears the burden of establishing her own entitlement to judgment as a matter of law. The Court must therefore evaluate Plaintiff's evidence independently under Rule 56, rather than treating observations made in the context of Defendant's earlier motion as dispositive findings supporting Plaintiff's claims.

For example, Plaintiff asserts that the Court's discussion of the Twentieth Century Fox presumption established, as a matter of fact, that her copyright "lies ab initio" with her. (Pl. SUF No. 64.) Plaintiff similarly asserts that the Court's denial of Defendant's motion on the YouTube issue constitutes a finding that Defendant infringed her copyright (Pl. SUF No. 85), and that the Court's discussion of Defendant's conversion defense rejected that defense as a matter of law (Pl. SUF No. 103).

Each of these characterizations describes a ruling made on the record then before the Court in connection with Defendant's motion, not an adjudication of the merits for purposes of Plaintiff's own motion. Accordingly, Plaintiff cannot satisfy Rule 56 by repeatedly asserting that “the Court has already held” propositions that remain subject to dispute on the present record.

### *D. The Court's Prior Findings of Genuine Dispute Apply With Equal Force Where Plaintiff Now Seeks to Resolve Those Same Questions in Her Own Favor*

The standard governing summary judgment is directional: evidence must be viewed in the light most favorable to whichever party is not moving. *JL Beverage Co., LLC v. Jim Beam Brands Co., 828 F.3d 1098, 1105 (9th Cir. 2016).* When Defendant moved for summary judgment, that standard required the Court to resolve close questions in Plaintiff's favor. Plaintiff now moves for summary judgment on several of the same issues. The same standard requires the Court to resolve those questions in Defendant's favor. Although the record has since been supplemented, Plaintiff still bears the affirmative burden on her own Motion of eliminating the genuine disputes material to the relief she seeks.

The Court's June 23, 2026 Order found, among other things, that “there is at least a genuine dispute as to whether Defendant Maloy participated in uploading the Film to YouTube prior to its takedown,” that “there is at least a reasonable inference that Maloy acted as Mark Skipper's supervisor,” and that, even assuming Defendant created an independent work, Defendant had “come forward with no evidence to dissect the works, compare their protectable aspects, or demonstrate the lack of substantial similarity in any way.” Each of these findings identified a live, unresolved factual question. None of them was resolved in Plaintiff's favor as an undisputed fact — they were identified as disputes sufficient to defeat summary judgment for the party then moving.

Nothing in the record developed since that Order converts those same disputes into undisputed facts now that Plaintiff is the movant. Plaintiff nonetheless asserts that this same finding establishes a factual causal link between Defendant and co-defendant Mark Skipper's communications with Big Media. (Pl. SUF No. 92.) The sworn declaration of Mark Skipper — the one individual with direct personal knowledge of whether such coordination occurred — directly states otherwise. (ECF No. 301 Ex. 23 ¶ 20.)

The Court's treatment of the alleged Work-Made-for-Hire Agreement stands on different footing and requires separate analysis, precisely because that standard is directional. In evaluating Defendant's prior motion, the Court credited Plaintiff's evidence concerning that agreement because the applicable standard required resolving close questions in Plaintiff's favor as the non-movant. Plaintiff is no longer the non-movant with respect to her own Motion. The same evidence must now be evaluated in the light most favorable to Defendant, including Defendant's longstanding and specific challenge to that document's authenticity, discussed in Section III below.

Accordingly, Plaintiff's Motion asks the Court either to treat as newly undisputed the very questions it has already identified as genuinely disputed, or to apply a favorable inference to herself that the governing standard no longer affords her. Rule 56 permits neither result.

## III. PLAINTIFF HAS NOT ESTABLISHED EXCLUSIVE COPYRIGHT OWNERSHIP AS A MATTER OF LAW

### *A. Ownership Is the Foundation of Plaintiff's Motion, and Plaintiff Bears the Burden of Establishing It Without Genuine Dispute*

Plaintiff's Motion is fundamentally an ownership motion. Every significant form of relief Plaintiff seeks depends upon her request that the Court declare, as a matter of law, that she is the

exclusive owner of the copyright in Quest for Youth and that Defendant possesses no ownership interest in the work. That burden rests entirely with Plaintiff.

Copyright ownership is not established merely because a party possesses a copyright registration, relies upon a series of agreements, or presents a coherent narrative concerning the parties' relationship. Plaintiff must demonstrate that the evidentiary record admits only one reasonable conclusion regarding ownership. If the legal effect of the governing agreements, the scope of the rights conveyed, or the parties' respective ownership interests remain genuinely disputed, Rule 56 requires denial of summary judgment. The present record does not eliminate those disputes.

***B. Plaintiff's Motion Conflates the Existence of Agreements with Their Legal Effect***

Much of Plaintiff's Motion proceeds from the assumption that because certain agreements exist, their legal consequences are undisputed. They are not. Defendant does not deny that the parties entered into an agreement preceding the production of the documentary. Nor does Defendant dispute that Plaintiff engaged his company to provide production services for the project. The dispute concerns what that agreement accomplished.

Plaintiff asks the Court to conclude that the alleged Work-Made-for-Hire Agreement, the subsequent Quitclaim, the appearance releases, and related documents collectively establish an uninterrupted chain of exclusive copyright ownership. Defendant disputes both the legal significance of those documents and whether they convey the exclusive rights Plaintiff now claims. Those are not merely semantic disagreements. They concern the interpretation and legal effect of the very documents upon which Plaintiff's Motion depends. Summary judgment is not appropriate where the dispositive issue turns upon competing interpretations of contractual documents whose legal consequences remain contested.

Discovery has sharpened, rather than eliminated, the factual dispute concerning the purported Work-Made-for-Hire Agreement. The document filed by Plaintiff bears an execution date of January 23, 2023—the same date as the parties' undisputed Letter of Agreement. Yet in response to discovery concerning the document's execution and transmission, Plaintiff stated that an executed copy was returned to her in person on March 22, 2023, and identified no contemporaneous email or metadata documenting its transmission. (Ex. 33, Interrog. Nos. 11–12; ECF No. 122 Ex. 7.) On Plaintiff's Motion, that record cannot be resolved against Defendant as an undisputed question of authenticity or execution.

### *C. Plaintiff's Reliance Upon the Term "Commissioned" Does Not Resolve the Ownership Question*

Plaintiff devotes substantial attention to Defendant's prior use of the word "commissioned," arguing that Defendant's own filings establish that he served only as a commissioned contractor and therefore possessed no ownership interest in the film. That argument oversimplifies both the record and the governing legal questions. Defendant has never disputed that Plaintiff engaged his company to provide production services in connection with the documentary.

The existence of a commissioned professional relationship, however, does not itself resolve the issues presented by this Motion. The question before the Court is not whether Plaintiff commissioned production services. The question is whether the parties' contractual relationship, viewed in light of the governing agreements and the Copyright Act, conclusively establishes that Plaintiff acquired the exclusive ownership interest she now claims while extinguishing any competing ownership interests asserted by Defendant. Plaintiff repeatedly treats those propositions as interchangeable. They are not.

Whether the parties created a statutory work made for hire, whether particular agreements transferred exclusive rights, and whether Defendant retained legally cognizable interests arising from his contributions are precisely the questions the Court is asked to resolve. Plaintiff cannot establish those propositions merely by repeatedly characterizing Defendant's work as "commissioned."

***D. Plaintiff's Documentary Evidence Does Not Eliminate Material Questions Concerning Chain of Title***

Plaintiff also argues that the documentary record establishes an unbroken chain of title as a matter of law. The record is not so clear. Plaintiff relies upon multiple documents executed at different times and for different purposes, including the alleged Work-Made-for-Hire Agreement, the Quitclaim Agreement, appearance releases, and the copyright registration. Plaintiff asks the Court to treat those documents collectively as establishing exclusive ownership. Defendant disputes that conclusion. The record includes a May 25, 2015 Documentary Film Investment & Production Agreement among Wealth Mentors Pte Ltd (Aaron Sim), Phoenix Moon Film Pty Ltd, (Leonardo Michael) and Mark Skipper concerning rights associated with the documentary project and underlying footage.

The agreement contains provisions concerning the parties' respective rights and restrictions upon transfer or exploitation. (ECF No. 301 Ex. A; Ex. 23 ¶¶ 4–6, 19; Ex. 24 ¶¶ 2, 5, 7.) Neither Frazer Bailey nor his production company, Play TV, is identified as a party to that agreement. (Ex. 23 (Skipper Decl.) ¶ 4; Ex. 24 (Sim Decl.) ¶ 2.) Defendant is not aware of, and Plaintiff has not produced, any evidence that Wealth Mentors Pte Ltd or Mark Skipper consented to Mr. Bailey's subsequent conveyance to Plaintiff.

The quitclaim Plaintiff obtained from Mr. Bailey recites that "the Film" was "produced by AC and FB" — that is, jointly by Plaintiff and Mr. Bailey. (ECF No. 122 Ex. 12) That recital does not eliminate the competing evidence concerning the provenance of the footage. Plaintiff's own email, addressed to counsel in a separate action and filed as an exhibit in that action, states that she obtained the underlying footage and rights from Leonardo Michael, not from Mr. Bailey. (Ex. 32.) Mark Skipper's declaration further states that Plaintiff was first introduced to the project in 2017, years after the footage at issue was filmed. (Skipper Decl. ¶ 10.) Mr. Skipper also declares that he was not a party to, and did not transfer any rights through, the Quitclaim and Settlement Agreement between Plaintiff and Leonardo Michael. (Skipper Decl. ¶¶ 15–17.)

In response to Interrogatory No. 15, Plaintiff admitted she lacks personal knowledge of how Mark Skipper originally obtained the footage now incorporated into the Film. (Ex. 33, Interrog. No. 15.) In response to Interrogatory No. 5, which requested the factual and legal basis for Plaintiff's ownership claim, Plaintiff identified only her copyright registration, the work-for-hire agreement, the Bailey quitclaim, and unspecified cast releases, without identifying any underlying facts supporting her claim to have created or acquired rights in the underlying materials. (Ex. 33, Interrog. No. 5.)

The legal significance of the asserted Quitclaim remains contested. The appearance releases produced by Plaintiff, by their express terms, grant non-exclusive rights and are future looking, i.e. for future recordings, and do not, standing alone, establish the exclusive ownership Plaintiff seeks to enforce. (ECF No. 122 Ex. 4.) Nor do those releases account for every participant appearing in the film: Plaintiff has produced releases from only five of the Film's seventeen on-camera participants. Plaintiff's copyright registration similarly reflects Plaintiff's asserted ownership position but does not itself resolve competing claims where ownership is disputed.

Whether these documents, individually or collectively, establish the uninterrupted chain of exclusive rights Plaintiff asserts is a question that cannot be resolved simply by accepting Plaintiff's characterization of their legal effect.

### *E. Plaintiff's Motion Continues to Rely Upon Interpretation Rather Than Undisputed Proof*

Perhaps most significantly, Plaintiff's ownership theory continues to depend upon interpretation rather than undisputed evidence. Throughout the Motion, Statement of Uncontroverted Facts, Declaration, and Master Exhibit List, Plaintiff repeatedly characterizes documents as "showing," "confirming," or "establishing" ownership. Those characterizations are advocacy. They are not evidence. The Court may ultimately agree with Plaintiff's interpretation after weighing the evidence at trial. Rule 56, however, asks a different question: whether Plaintiff's interpretation is the only reasonable one supported by the completed record. On this record, it is not. Accordingly, Plaintiff has not demonstrated entitlement to summary judgment on the threshold issue of copyright ownership.

## IV. PLAINTIFF HAS NOT ESTABLISHED COPYRIGHT INFRINGEMENT AS A MATTER OF LAW

### *A. Ownership Alone Does Not Establish Infringement*

Even if Plaintiff could establish ownership of Quest for Youth as a matter of law — which Defendant disputes — that conclusion would not itself entitle Plaintiff to summary judgment on infringement. Copyright ownership and copyright infringement are distinct inquiries. *Rentmeester v. Nike, Inc., 883 F.3d 1111, 1116 (9th Cir. 2018).* Ownership concerns who possesses the exclusive rights protected by the Copyright Act. Infringement concerns whether another party violated one or more of those exclusive rights.

Plaintiff therefore bears the burden of establishing both elements through evidence that leaves no genuine dispute of material fact. Her Motion does not do so. As detailed below, the specific evidentiary gaps concerning infringement are independent of, and would remain even if the Court resolved the ownership question in Plaintiff's favor.

***B. Plaintiff's Infringement Theory Depends Upon Demonstrative Comparisons Rather Than Undisputed Evidence***

Plaintiff relies extensively upon Exhibit F, which consists primarily of side-by-side image screenshot comparisons, promotional materials, and other demonstrative compilations prepared for purposes of this litigation. Those materials may assist Plaintiff in presenting her theory of the case. They do not eliminate factual disputes. A copyright infringement analysis ordinarily requires examination of the allegedly infringed work and the accused work themselves. Indeed, the version of the Film Plaintiff identifies as the baseline for her own comparison is accessible only through a link that is no longer functional, and Plaintiff has produced no expert or technical analysis separating allegedly protectable expression from common source footage, factual subject matter, or other unprotectable elements. Instead, Exhibit F is a demonstrative comparison Plaintiff prepared herself from selected screenshots and segments. (Chandler Decl. ¶20; Ex. F.)

Defendant does not dispute that the two versions contain common elements, including portions of the same underlying interview footage. That fact does not itself establish that Defendant copied protectable expression or that Plaintiff's selected similarities compel only one inference concerning actionable copying.

***C. Plaintiff Continues to Conflate Access, Participation, and Infringement***

A recurring premise of Plaintiff's Motion is that Defendant's participation in the production of Quest for Youth necessarily establishes infringement. The record does not support that conclusion. It is undisputed that Defendant participated in aspects of the documentary's production. From that historical fact, however, Plaintiff asks the Court to infer unauthorized copying of protected expression. Those are different propositions. Participation in a collaborative production does not, standing alone, establish that a participant later infringed another person's copyright.

Whether Defendant's work incorporated protected expression in a manner prohibited by the Copyright Act depends upon factual and legal questions that remain disputed. Indeed, the one individual with direct personal knowledge of whether Defendant coordinated with co-defendant Mark Skipper regarding the trailer and communications at issue states directly that he had no involvement in Defendant's creation of the completed film and that Defendant did not provide him any footage. (ECF No. 301 Ex. 23 ¶ 20.) That sworn, uncontroverted testimony further illustrates that Plaintiff's infringement theory rests upon inference rather than undisputed fact.

***D. The Completed Record Does Not Eliminate Material Questions Concerning the Works at Issue***

Plaintiff repeatedly asserts that Defendant's version of the documentary "Quest for Youth "— expressly authorized by her — appropriates protected elements of the predecessor film "Fountain of Youth". Whether that assertion is ultimately correct cannot be resolved on the present Motion. The parties dispute the extent to which the respective works reflect common source material, independently created editorial decisions, separately licensed footage, original narration, and distinct creative expression. Plaintiff asks the Court to resolve those disputes by adopting Plaintiff's interpretation of the evidence.

Rule 56 does not authorize the Court to do so. Whether the similarities identified by Plaintiff arise from protectable expression, common factual subject matter, authorized use of production materials, or other causes presents factual questions that cannot be resolved simply through Plaintiff's demonstrative exhibits and accompanying argument.

### *E. Plaintiff Is Not Entitled to Summary Judgment on Infringement*

The issue before the Court is not whether Plaintiff has identified evidence supporting her infringement theory. She has. The issue is whether Plaintiff has demonstrated that no reasonable factfinder could interpret the completed record differently. Given the parties' continuing disputes concerning ownership, the legal significance of their agreements, the nature of Defendant's creative contributions, and the relationship between the respective works — including the demonstrative comparisons discussed in Section IV.B and the uncontroverted testimony discussed in Section IV.C above — Plaintiff has not carried that burden. Accordingly, summary judgment on infringement should be denied.

## V. PLAINTIFF HAS NOT ESTABLISHED ENTITLEMENT TO SUMMARY JUDGMENT ON DAMAGES

### *A. Plaintiff Bears the Burden of Establishing Recoverable Damages Through Admissible Evidence*

Plaintiff's Motion also relies upon alleged economic injury, but the completed discovery record does not establish the amount or cause of any such injury as an undisputed fact. In response to Interrogatory No. 13, Plaintiff stated that calculation of exact damages remained “ongoing and subject to expert testimony,” and her response to RFP No. 9 identified no damages computation or accounting record. (Ex. 33.) Moreover, Big Media's correspondence states that distribution was paused pending resolution of chain-of-title issues. (ECF No. 122 Ex. 6.)

To the extent Plaintiff seeks any summary adjudication concerning damages or causation, genuine disputes remain.

## VI. PLAINTIFF HAS NOT ESTABLISHED HER CONVERSION CLAIM AS A MATTER OF LAW

### *A. Plaintiff Has Not Eliminated Genuine Disputes Concerning the Elements of Conversion*

Plaintiff also seeks summary judgment on her conversion claim arising from Defendant's alleged retention of production materials. As with her copyright claims, Plaintiff bears the burden of establishing each element of conversion through evidence that leaves no genuine dispute of material fact. The completed record does not do so.

The parties continue to dispute, among other matters, the circumstances under which production materials were delivered, the scope of Defendant's authority during the parties' working relationship, the nature of Defendant's possession of those materials, and the legal consequences of that possession. The record reflects that Plaintiff voluntarily delivered the media drives to Defendant for the purpose of producing the Film, and that Plaintiff's own contemporaneous communications refer to the drives being prepared for Defendant as backup drives and state that the materials were also backed up on her Google Drive. (Ex. 31.) That evidence creates a genuine dispute concerning Plaintiff's contention that Defendant's continued possession of the drives deprived her of access to the underlying materials. Conversion requires a wrongful exercise of dominion over property inconsistent with the owner's rights, not mere continued possession following an authorized and voluntary delivery. *Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 451–52 (1997)* (conversion requires the defendant's wrongful act or disposition of property rights, in addition to the plaintiff's ownership interest and resulting damages).

### *B. Plaintiff Has Not Established Damages for Conversion as a Matter of Law*

Plaintiff likewise has not demonstrated through undisputed evidence the value of the property allegedly converted or the damages allegedly resulting from its retention. Whether Plaintiff can ultimately establish those elements is a matter for trial. On the present record, Plaintiff has not demonstrated entitlement to judgment as a matter of law.

## VII. PLAINTIFF HAS NOT ESTABLISHED ENTITLEMENT TO JUDGMENT ON DEFENDANT'S COUNTERCLAIMS

### *A. Plaintiff's Breach of Contract Argument Does Not Eliminate Genuine Disputes*

Plaintiff argues that the undisputed record establishes that Defendant, not Plaintiff, materially breached the governing agreement by failing to deliver a final cut of the completed film.

The record does not support that characterization as undisputed fact. Neither Plaintiff’s purported work-made-for-hire agreement or Defendant’s Letter of Agreement contains provisions defining “final cut,” requiring delivery in any particular editable format, or otherwise specifying the technical form of delivery Plaintiff now contends was required. Nothing in either agreement supports Plaintiff's assertion that delivery of a password-protected copy, rather than an editable master file, constituted nonperformance.

To the contrary, the record reflects that Defendant delivered the completed version on September 26, 2023, Plaintiff recorded narration from scripts authored by Defendant and incorporated into the work, and Plaintiff subsequently used the delivered version to obtain the Big Media distribution agreement.

The record further reflects that Plaintiff failed to satisfy her own payment obligations under the governing agreement notwithstanding delivery of the completed film. Those facts at minimum create a dispute concerning Plaintiff's contention that Defendant materially failed to perform.

***B. Plaintiff's Attack on the Unjust Enrichment and Declaratory Judgment Counterclaims Assumes the Very Ownership Question This Opposition Demonstrates Is Genuinely Disputed***

Plaintiff argues that Defendant's unjust enrichment and declaratory judgment counterclaims fail because Defendant holds no independent ownership or co-authorship interest in the completed film. That argument does not eliminate a factual dispute — it assumes the outcome of one. As set forth in Section III above, the parties' respective ownership interests, and the legal effect of the agreements Plaintiff relies upon to establish exclusive ownership, remain genuinely disputed. Plaintiff cannot resolve Defendant's counterclaims by treating as settled the identical ownership question that defeats her own Motion for Partial Summary Judgment. If the record does not permit the Court to resolve ownership in Plaintiff's favor as a matter of law, it likewise does not permit the Court to resolve that same question against Defendant for purposes of his counterclaims.

***C. Plaintiff's Attack on the Unjust Enrichment Counterclaim Rests on the Wrong Legal Standard***

Plaintiff's argument that a “work-for-hire contractor” cannot assert unjust enrichment where an agreement “expressly allocated all intellectual property rights to the commissioning party” conflates the elements of copyright ownership under 17 U.S.C. §§ 101 and 201(b) with the elements of an unjust enrichment claim under California law. These are distinct bodies of law addressing distinct questions. An unjust enrichment claim concerns whether a party has been unjustly enriched at another's expense, not who holds legal title to a copyrighted work.

Defendant's counterclaim rests upon Plaintiff's retention of the benefit of Defendant's uncompensated labor, expertise, and third-party licensing expenditures, notwithstanding the delivery and commercial use of the completed film and her failure to satisfy her payment obligations under the parties' agreement.

Whether Defendant holds an independent copyright interest has no necessary bearing on whether Plaintiff was unjustly enriched by retaining the benefit of his work without paying for it. Plaintiff's authority addressing copyright ownership does not resolve, and is not directed to, the elements of this claim.

**VIII. CONCLUSION**

Plaintiff's Motion asks the Court to resolve the central disputed issues in this litigation without a trial. Rule 56 permits that result only where the evidentiary record admits no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. The completed record does not satisfy that standard.

Plaintiff's Motion repeatedly depends upon accepting Plaintiff's interpretation of disputed agreements, documentary evidence, and prior proceedings as though those interpretations were themselves undisputed facts. Rule 56 requires a different inquiry. The Court must determine whether the record permits only one reasonable conclusion when viewed in the light most favorable to Defendant. It does not. Material disputes remain concerning copyright ownership, the legal significance of the parties' agreements, the scope of any rights conveyed, the relationship between the parties' respective works, infringement, damages, Plaintiff's conversion claim, and Defendant's counterclaims.

Those disputes cannot be resolved on summary judgment. For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Partial Summary Judgment in its entirety.

Respectfully submitted,

Dated: July 31, 2026

/s/ Michael Maloy
_______________
Michael Maloy
Defendant, Pro Se