FILED
CLERK, U.S. DISTRICT COURT
08/28/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

Central District of California

APRIL CHANDLER
Plaintiff

-against-

MARK SKIPPER AKA SKIP ARCHIMEDES,
MICHAEL MALOY, EMPIRICAL MEDIA LLC.

Defendants

Case No.: 2:25-cv-08210-MWC-PVC
Hon. Michelle Williams Court

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL OF DEFENDANT EMPIRICAL MEDIA LLC (DKT. 339)**

**I. EMPIRICAL MEDIA LLC WAS ALREADY VALIDLY SERVED, AND ALREADY AN APPEARING PARTY, BEFORE THE TAC WAS FILED**

The Court's August 28, 2026 Order (Dkt. 339) correctly concluded that Dkt. 267 did not establish service under Rule 4. Plaintiff now brings to the Court's attention a separate, earlier proof of service filed in the transferor court, N.D.N.Y. Dkt. No. 28, which establishes that Empirical Media LLC was personally served on March 30, 2024 — before this action was ever transferred to this District.

A summons issued for Empirical Media LLC on February 13, 2024 in Chandler v. Skipper, No. 3:24-cv-00206-GTS-ML (N.D.N.Y.). N.D.N.Y. Dkt. No. 3. The executed return, N.D.N.Y. Dkt. No. 28, reflects that process server Adam Jensen personally delivered the summons and complaint on March 30, 2024, to "Michael Maloy, owner," at Empirical Media's own business address, 440 N. Venice Blvd., Venice, CA 90291, and states the

summons was served on an individual "designated by law to accept service of process on behalf of" Empirical Media LLC. A true and correct copy of N.D.N.Y. Dkt. No. 28 is attached as Exhibit A. This satisfies Rule 4(h)(1)(B) — personal delivery to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" — and establishes that Empirical Media was validly served and subject to the court's jurisdiction as of March 30, 2024.

This Court's own docket confirms Empirical Media's continued status as an already-served, appearing party. On December 8, 2025 — before the TAC was filed — this Court granted Plaintiff's motion for compliance after finding that Defendant Michael Maloy had been improperly attempting to file papers in this action on Empirical Media's behalf, and ordered Empirical Media to "address the Court through only a licensed attorney," citing Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). Dkt. 221 at 4-5. The Court's own recognition that Empirical Media was already a defendant in need of counsel confirms that the litigation as to Empirical Media did not begin with the TAC.

**II. BECAUSE EMPIRICAL MEDIA WAS ALREADY SERVED AND APPEARING, SERVICE OF THE TAC WAS GOVERNED BY RULE 5(b), NOT A SECOND RULE 4 SERVICE**

The premise underlying the Court's Rule 4(h) analysis of Dkt. 267 was that Plaintiff needed to serve Empirical Media under Rule 4 after the TAC was filed. Because Empirical Media was already validly served and already an appearing party, that premise does not apply. Rule 4 governs service establishing jurisdiction in the first instance; Rule 5 governs service of subsequent pleadings on a party already before the court, and expressly permits service by mail. Fed. R. Civ. P. 5(a)(1), 5(b)(2)(C).

The chronology confirms this is one continuing action: Empirical Media was served March 30, 2024; its N.D.N.Y. counsel litigated a Rule 12 motion through reply; the N.D.N.Y. court transferred (not dismissed) Plaintiff's copyright claims to this District under 28 U.S.C. § 1400(a), N.D.N.Y. Dkt. No. 142 at 27-28, 36-37, effective September 8, 2025, Dkt. 145; this

Court addressed Empirical Media's representation on December 8, 2025, Dkt. 221; and the TAC was filed December 19, 2025 pursuant to that same order. The SAC and TAC are amended pleadings in that continuing action, not new complaints against a previously unserved defendant, and the February 5, 2026 mailing (Dkt. 267) satisfies Rule 5(b)(2)(C) on its face as service of a subsequent pleading on an appearing party.

## III. IN THE ALTERNATIVE, EMPIRICAL MEDIA WAIVED ANY OBJECTION TO THE ORIGINAL SERVICE UNDER RULE 12(h)(1)

Even if the Court concludes the March 30, 2024 service does not independently resolve this matter, Empirical Media's N.D.N.Y. counsel moved to dismiss the SAC under Rules 12(b)(2), (3), and (6), and briefed a reply, without ever asserting Rule 12(b)(5), insufficient service of process. N.D.N.Y. Dkt. Nos. 103, 127. That motion was denied as to all six of Plaintiff's copyright causes of action — the same claims now pleaded in the TAC. N.D.N.Y. Dkt. No. 142 at 27-29. Having affirmatively contested personal jurisdiction and venue while never contesting service, and having consolidated its Rule 12 defenses as Rule 12(g)(2) requires, Empirical Media waived any objection to the original service under Rule 12(h)(1)(A).

## IV. IN THE ALTERNATIVE, GOOD CAUSE EXISTS FOR AN EXTENSION UNDER RULE 4(m)

Should the Court decline to find the foregoing sufficient, dismissal is not the only remedy available under Rule 4(m), which also permits an order for service within a specified time upon a showing of good cause — precisely why the Court issued this OSC rather than dismissing Empirical Media outright. Empirical Media cannot credibly claim lack of notice or prejudice from a short extension: its own counsel litigated the merits of these exact claims in N.D.N.Y. for over a year; it was personally served through its owner in 2024; and this Court's own December 8, 2025 order already addressed its obligation to appear through counsel in this District. The record establishes Empirical Media's continuing, actual knowledge of these claims throughout; no purpose served by Rule 4(m) would be advanced by dismissal here.

**V. CONCLUSION**

Plaintiff respectfully requests that the Court decline to dismiss Empirical Media LLC on any of three independent grounds: (1) Empirical Media was validly served under Rule 4(h)(1)(B) in 2024; (2) because already served and appearing, the TAC was properly served under Rule 5(b); and, in the alternative, (3) Empirical Media waived any service objection under Rule 12(h)(1), or good cause exists under Rule 4(m) for a reasonable extension to file corrected proof of service.

Respectfully submitted,

Dated: 08/28/2026

April Chandler, Plaintiff