UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-08210-MWC-PVC Date: September 8, 2026

Title: April Chandler v. Mark Skipper, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER *SUA SPONTE* DISMISSING DEFENDANT EMPIRICAL MEDIA LLC WITHOUT PREJUDICE (DKTS. [341] [342])**

On August 28, 2026, the Court denied Plaintiff April Chandler's ("Plaintiff" Application for Entry of Default Against Defendant Empirical Media LLC ("Empirical Media") and issued an Order to Show Cause ("OSC") as to why the Court should not dismiss Empirical Media without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Dkt. # 339. On that same date, Plaintiff responded to the Court's OSC ("Response") and filed an accompanying exhibit. *See* Dkts. # 341 ("*Response to OSC*") & 342. After reviewing Plaintiff's Response, the Court is not persuaded that Plaintiff properly served Empirical Media under the Federal Rules of Civil Procedure, and further, does not find that good cause exists to extend Plaintiff's service deadline. Accordingly, the Court **DISMISSES** Defendant Empirical Media LLC from this action **WITHOUT PREJUDICE**.

I. Background & Procedural History

On February 12, 2024, Plaintiff brought this copyright infringement action against, among others, Empirical Media, in the Northern District of New York. *See* Dkt. # 1. On February 13, 2024, Plaintiff requested the Northern District of New York issue a summons for Empirical Media, Dkt. # 2-1, and on that same date, the Clerk issued the summons, Dkt. # 3-1. On March 10, 2024, Plaintiff filed her First Amended Complaint ("FAC"), also brought against Empirical Media. Dkt. # 14. On April 2, 2024, Plaintiff filed her Proof of

Service for Defendant Empirical Media, demonstrating that she served the summons on Empirical Media's owner, Michael Maloy, at his address in Venice, California.[1] Dkt. # 28.

On April 5, 2024, counsel for Empirical Media filed a Notice of Appearance. Dkt. # 32. On April 22, 2024, Empirical Media filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(6). Dkt. # 46. Plaintiff thereafter sought leave to file an amended Complaint on May 27, 2024, which Empirical Media opposed, Dkts. # 69–70, and which the court granted on June 18, 2024. Dkt. # 81. On June 28, 2024, Plaintiff filed her Second Amended Complaint, Dkt. # 99 ("*SAC*"), mooting Empirical Media's Motion to Dismiss. Dkt. # 102.

On July 11, 2024, Empirical Media filed a renewed Motion to Dismiss, Dkt. # 103, which the court granted in part on August 25, 2025. Dkt. # 142. On September 8, 2025, this case was transferred to this Court. Dkt. # 145. On September 14, 2025, counsel for Empirical Media withdrew from this action. Dkt. # 151. On December 8, 2025, the Court granted Plaintiff's motion seeking leave of Court to file an amended Complaint, and further granted Plaintiff's request that Empirical Media only address the Court through licensed counsel. *See* Dkt. # 221. On December 19, 2025, Plaintiff filed her operative Third Amended Complaint ("TAC"). Dkt. # 228 ("*TAC*").

On January 6, 2026, Plaintiff requested the Clerk of Court enter default against Empirical Media. Dkts. # 239 & 242. On January 22, 2026, the Clerk of Court issued a Notice of Deficiency regarding Plaintiff's request, noting that the Proof of Service does not indicate what was served and is lacking required information. Dkt. # 250. On that same date, Plaintiff renewed her request for the Clerk of Court to enter default against Empirical Media, representing that she "personally served Michael Maloy, the owner of Empirical Media LLC with the Summons, [TAC]," and other initiating documents. *See* Dkt. # 252 at 1. Plaintiff thereafter filed a Motion for Default Judgment against Empirical Media and an accompanying Proof of Service. Dkts. # 254 & 255. The Clerk of Court referred Plaintiff's request for entry of default to this Court, Dkt. # 260, and on that same date, the Court denied Plaintiff's request without prejudice. Dkt. # 261. In the Court's Order denying Plaintiff's Request for Entry of Default, the Court noted that personal service by mail was improper. *See id.* The Court thereafter denied Plaintiff's Motion for Entry of Default Judgment against Empirical Media. Dkt. # 262.

[1] It is unclear whether Plaintiff also served either the Complaint or FAC on Empirical Media.

On March 4, 2026, Plaintiff renewed her request for the Clerk of Court to enter default against Empirical Media and filed a concurrent Motion for Entry of Default. Dkts # 271, 274. On March 11, 2026, the Court again denied Plaintiff's request without prejudice because "Plaintiff's service by mail lacks the requisite evidence of receipt by Empirical Media LLC." Dkt. # 275. On March 13, 2026, Plaintiff filed a Certificate of Service regarding her service of the TAC on Empirical Media. Dkt. # 277.

On August 7, 2026, the Court issued an Order to Show Cause Re Dismissal for Lack of Prosecution as to Empirical Media, ordering Plaintiff to show cause in writing why the action should not be dismissed regarding overdue responses as to Empirical Media. Dkt. # 334. On August 11, 2026, Plaintiff again requested the Clerk of Court enter default against Empirical Media, citing Docket Number 267 as her evidence that she properly served Empirical Media with the summons and TAC. Dkt. # 336. On August 28, 2026, the Court denied Plaintiff's request, explaining that she failed to properly serve Defendant pursuant to Rule 4, and further ordered Plaintiff to show cause as to why the Court should not dismiss Empirical Media without prejudice from this action pursuant to Rule 4(m). Dkt. # 339. On that same date, Plaintiff responded to the OSC. *Response to OSC*.

## II. Discussion

Plaintiff agrees that she did not properly serve Empirical Media pursuant to Rule 4. *Id.* at 1 ("The Court's August 28, 2026 Order (Dkt. 339) correctly concluded that Dkt. 267 did not establish service under Rule 4."). Instead, Plaintiff points to Docket Number 28 to establish that Plaintiff "personally served" Empirical Media on March 30, 2024.

But the Proof of Service at Docket Number 28 is also deficient. The Proof of Service indicates that a person named Adam Jensen served only the summons to Michael Maloy, the owner of Empirical Media, at his place of business in Venice, California. There is nothing in the papers to identify whether Adam Jensen is a registered process server, or whether he is above eighteen (18) years of age, and there is no indicia that the Complaint (or, whether Jensen served either the initial Complaint or FAC) was also served on Empirical Media. *See* Fed. R. Civ. P. 4(c)(1), (c)(2).

Plaintiff next points to Rule 5 as governing service of subsequent pleadings on a party already before the Court. *See Response to OSC* at 2. Because Empirical Media was never properly served in the first instance, Rule 5 has little application. In any event, Rule 5 is not satisfied either.

Federal Rule of Civil Procedure 5(a)(2) states that: "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Here, Empirical Media has appeared in this action but not filed an Answer. Dkt. # 32. Service is therefore required. *See, e.g.*, *Henry v. Cent. Freight Lines*, No. 2:16-cv-00280-DAD-JDP, 2023 WL 8698373, at *2 (E.D. Cal. Dec. 15, 2023) ("Here, the district judge found that defendant defaulted not for failing to appear, but for failing to secure new counsel following defense counsel's withdrawal. . . . Accordingly, plaintiff's assertion that Rule 5(a)(2) applies is inapposite."). Furthermore, Empirical Media withdrew from this action before the filing of the TAC. The TAC asserts at least a new claim for relief in Plaintiff's request that Defendants return "all raw footage, drives, and the first cut of the film, . . ." *Compare SAC* at 39, *with TAC* at 24. Plaintiff was thus obligated to serve the TAC in accordance with Rule 5. Fed. R. Civ. P. 5(a)(2). Even if Rule 5(b) applied, the Court is not convinced Empirical Media received notice of the action by mail, as several docket entries in this case sent to Empirical Media's address in Venice, California have been returned to sender as undeliverable. *See, e.g.*, Dkts. # 256–58, 294; Fed. R. Civ. P. 5(b)(2)(C).

Finally, Plaintiff argues that Defendant waived any objection to original service under Rule 12(h)(1). *Response to OSC* at 3. At this juncture, however, on a default judgment posture, the Court was required to assess the adequacy of service. *See* Dkt. # 339 at 2. And the Court may, on its own motion, dismiss a defendant who has not been served after providing notice to the plaintiff. Fed. R. Civ. P. 4(m). Plaintiff's remaining argument does not warrant extending the time to serve Empirical Media, particularly because the parties' trial date approaches in three months. *Cf.* Dkt. # 210.

III. Conclusion

For the foregoing reasons, the Court **ORDERS** that Defendant Empirical Media LLC is **DISMISSED WITHOUT PREJUDICE** from this action pursuant to Federal Rule of Civil Procedure 4(m).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-08210-MWC-PVC Date: September 8, 2026

Title: April Chandler v. Mark Skipper, *et al.*

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ