FILED
CLERK, U.S. DISTRICT COURT
9/12/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jji DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

Central District of California

APRIL CHANDLER
Plaintiff

-against-

MARK SKIPPER AKA SKIP ARCHIMEDES,
MICHAEL MALOY, EMPIRICAL MEDIA LLC.

Defendants

Case No.: 2:25-cv-08210-MWC-PVC
Hon. Michelle Williams Court

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME AND TEMPORARY STAY OF MEDIA DRIVES RETURN ORDER (DKT. 346)**

## I. INTRODUCTION

Plaintiff April Chandler, pro se, opposes Defendant Michael Maloy's Ex Parte Application (Dkt. 346). The Application presents no genuine emergency: the timing is Defendant's own doing, the underlying Motion was not preceded by the conference Local Rule 7-3 requires, and Defendant has not shown any legitimate need to retain Plaintiff's property pending his Motion for Reconsideration. Plaintiff's opposition to that Motion is addressed in full in her concurrently filed brief; this filing addresses only the emergency relief sought here.

## II. THE EMERGENCY IS SELF-CREATED, AND DEFENDANT NEVER RAISED A STAY DURING THE PARTIES' CONFERRAL

The Court entered the Order on September 2, 2026. Local Rule 7-18 afforded Defendant fourteen days to seek reconsideration. On September 3, 2026, Defendant emailed Plaintiff to initiate the Local Rule 7-3 conferral, stating that he anticipated filing his Motion "on September 10th" and that he "will make myself available any time that is convenient for you." Chandler Decl. ¶ 6, Ex. B. That email made no mention of any urgency, any ex parte application, or any request for a stay.

Defendant's next communication, on September 8, 2026, first raised the prospect of an ex parte application seeking to shorten time — but still made no mention of a stay of the return order. Chandler Decl. ¶¶ 3-4, 7, Ex. A. The first time Defendant mentioned a stay at all was in the Application and Motion he filed on September 11, 2026. Chandler Decl. ¶ 7.

Defendant's own declaration states that the parties' conferral did not conclude until a telephone conference on September 10, 2026, one day before he filed. The compression Defendant now cites as an emergency is a product of his own timing and his own silence, during two prior written communications, about the very relief he now claims cannot wait. Nothing in the Application identifies an intervening event or circumstance outside Defendant's control that made the return order suddenly urgent between September 8 and September 11.

**III. THE MOTION WAS NOT CONFERRED UPON SEVEN DAYS BEFORE FILING**

Defendant's own declaration places the parties' conference on September 10, 2026; he filed the Motion and this Application the next morning, September 11 — one day later, six days short of the seven Local Rule 7-3 requires.

This is not an isolated lapse. On August 3, 2026, Defendant filed a Motion for Leave to File Successive Motion for Summary Judgment, Dkt. 329, five days after the parties' July 29, 2026 meet-and-confer conference — two days short of the seven Local Rule 7-3 requires. Plaintiff's sworn declaration, filed the day before that motion on August 2, 2026, states that Defendant was reminded of the seven-day requirement during that conference and responded that he would file regardless. Chandler Reply Decl. ¶ 8 (Dkt. 331). The Court subsequently

denied that Motion for Leave. Dkt. 345. This Court has already found it necessary to caution Defendant generally regarding compliance with the Local Rules. Dkt. 262 at 8. The Court should not expedite a motion that once again skipped the rule governing its own filing.

**IV. THIS IS NOT ABOUT EVIDENCE PRESERVATION**

Defendant claims the drives are needed as evidence, Dkt. 347 at 23-24, but identifies no reason why any preservation interest requires his continued possession of Plaintiff's physical property, rather than its return. His own September 8 email confirms the point: he represents he will return the drives while separately withholding the first cut — a position inconsistent with any genuine preservation concern, since a real concern for preserving the drives' contents would apply equally to all of the property at issue. Chandler Decl. ¶¶ 3-4, Ex. A. Dkt. 340 found that Defendant continued to retain 'Plaintiff's media drives, raw footage copies, and the first cut in editable format' and granted summary judgment on conversion on that basis. Dkt. 340 at 16-17. The operative paragraph's reference to 'media drives' is properly read as shorthand for the property just described in the Court's own findings, not as a narrower category excluding the very items the Court found Defendant wrongfully retained. Defendant's contrary reading does not establish a basis to stay the Court's existing order.

Defendant's reliance on Exhibit 31 fares no better: he claims to have "carefully preserved" the messages' metadata, Dkt. 347 at 13, yet produces none, and Plaintiff's uncontroverted Reply Declaration shows the exhibit's dates do not match native formatting. Chandler Reply Decl. ¶ 21 (Dkt. 331). The Court already found Exhibit 31 unauthenticated and, independently, immaterial to conversion liability regardless. Dkt. 340 at 17.

**V. DEFENDANT HAS NOT ESTABLISHED IRREPARABLE HARM, AND THE BALANCE OF HARDSHIPS FAVORS PLAINTIFF**

A stay requires a strong showing of likelihood of success on the merits, irreparable injury absent a stay, absence of substantial injury to the opposing party, and the public interest. Nken v. Holder, 556 U.S. 418, 434 (2009). The party seeking a stay bears the burden of

demonstrating that these circumstances justify the exercise of the Court's discretion. Id. at 433-34.

Defendant has not made that showing. His likelihood of success is weak: as Plaintiff's concurrently filed opposition to Dkt. 347 explains, Defendant's Motion for Reconsideration identifies no new fact, no intervening change in law, and no material fact the Court failed to consider, and repeats arguments Local Rule 7-18 prohibits. Nor has Defendant shown irreparable injury from returning the physical drives while his Motion is pending; he identifies no reason preservation of any evidentiary value requires his continued possession of Plaintiff's property rather than its return.

The balance of hardships favors Plaintiff. The Court already determined the media drives should be returned and ordered their delivery within fourteen days. Dkt. 340 at 17, 21. Plaintiff has been deprived of the production materials she entrusted to Defendant for approximately three years; a stay would extend that deprivation beyond the period the Court itself determined appropriate.

Nor does the public interest favor a stay. The public interest favors prompt compliance with existing judicial orders, particularly where the party seeking emergency relief created the timing problem himself: Defendant waited until the eve of filing to complete the required conference, never raised a stay during the parties' earlier communications, and now seeks emergency relief based on a schedule of his own making.

Finally, the mere filing of a Motion for Reconsideration does not itself establish entitlement to a stay. Defendant must independently demonstrate that the stay factors justify suspending the Court's existing return order before the Court resolves that Motion; he has not done so.

**VI. CONCLUSION**

Plaintiff respectfully requests that the Court: (1) DENY the Ex Parte Application in its entirety; (2) DECLINE to shorten time or stay the September 2, 2026 Order; and (3) confirm that the September 16, 2026 deadline set by Dkt. 340 remains in effect.

Respectfully submitted,

Dated: 09/12/2026

April Chandler, Plaintiff