FILED
CLERK, U.S. DISTRICT COURT
9/12/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jji DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

Central District of California

APRIL CHANDLER )
Plaintiff )
-against- )
MARK SKIPPER AKA SKIP ARCHIMEDES, )
MICHAEL MALOY, EMPIRICAL MEDIA LLC. )
Defendants )

Case No.: 2:25-cv-08210-MWC-PVC
Hon. Michelle Williams Court

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER (DKT. 347)**

## I. INTRODUCTION

Plaintiff April Chandler, pro se, opposes Defendant Michael Maloy's Motion for Reconsideration (Dkt. 347). Defendant identifies no material fact presented to the Court that the Court failed to consider within the meaning of Local Rule 7-18(c). Indeed, the Motion's own description of the evidence confirms the opposite of a failure to consider: Defendant identifies the same evidence the Court addressed in Dkt. 340 and asks the Court to reach different conclusions from it. Dkt. 347 at 5-7. He shows only that the Court did not assign that evidence the legal significance he believes it deserves. That is disagreement with the Court's reasoning, not a failure to consider material facts. The Motion also was not preceded by the conference Local Rule 7-3 requires.

Plaintiff recognizes that the Court has not ruled in her favor on every issue presented, and she has respected the Court's reasoning where the record did not support the relief she sought.

Reconsideration, however, is governed by the specific grounds set forth in Local Rule 7-18 and is not a vehicle to obtain a different result from evidence and arguments the Court has already considered. Plaintiff respectfully requests that the Court decline to consider the Motion under Local Rule 7-4 or, alternatively, deny it because Defendant has not established any permissible ground under Local Rule 7-18.

**II. THE COURT MAY DECLINE TO CONSIDER THE MOTION FOR FAILURE TO COMPLY WITH LOCAL RULE 7-3**

Local Rule 7-4 provides that "the Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." The timing is established by Defendant's own declaration: the conference concluded on September 10, 2026, and the Motion was filed on September 11. Dkt. 347 at 27. This Court has already found it necessary to caution Defendant that he "must exercise greater care going forward to ensure that he follows the rules applicable to all litigants before this Court." Dkt. 262 at 8. The Court should decline to consider the Motion under Local Rule 7-4.

**III. DEFENDANT HAS NOT ESTABLISHED ANY PERMISSIBLE GROUND UNDER LOCAL RULE 7-18**

Although Rule 54(b) permits revision of an interlocutory order before entry of final judgment, Defendant's Motion remains subject to the Local Rules governing motions for reconsideration in this District. Local Rule 7-18 specifically prescribes the permissible grounds for reconsideration of a decision on a motion, and Defendant has not identified any ground satisfying that rule. Defendant's citation to Rule 54(b) does not itself identify an error, new fact, change in law, or overlooked material fact warranting revision.

**A. No basis under Local Rule 7-18(a)**

Local Rule 7-18(a) requires a material difference in fact or law from that presented to the Court that, with reasonable diligence, could not have been known at the time Dkt. 340 was entered. Defendant identifies no such difference. Every item of evidence identified in the Motion predates the Order and was known to Defendant well before it was entered.

**B. No basis under Local Rule 7-18(b)**

Local Rule 7-18(b) requires the emergence of new material facts or a change in controlling law occurring after the Order. Defendant identifies no new material fact and no change in law arising after September 2, 2026.

**C. No basis under Local Rule 7-18(c)**

Local Rule 7-18(c) permits reconsideration only upon "a manifest showing of a failure to consider material facts presented to the Court before" the Order. Defendant identifies no specific material factual proposition that was presented to the Court before Dkt. 340 and then omitted from the Court's analysis; instead, he identifies evidence and arguments that he contends should have produced a different result. The relevant question is therefore not whether Defendant believes the Court should have reached a different conclusion, but whether he can identify a material factual proposition presented before Dkt. 340 that the Court manifestly failed to consider. He cannot. The Court did not merely state that it considered the record. It expressly ruled on all ten of Defendant's evidentiary objections; analyzed the Work-for-Hire Agreement and the parties' competing contractual arguments; addressed the Quitclaim and chain-of-title arguments; considered Defendant's copyright registration; addressed the Skipper declaration and explained why it was not properly before the Court; and explained why the remaining evidence did not establish a transfer of copyright ownership. Dkt. 340 at 8-14. Section IV below addresses each category of evidence Defendant identifies and shows, in each instance, that the Court considered it.

Defendant also identifies no circumstance preventing him from presenting these arguments when the underlying motion was originally litigated. Reconsideration is not a vehicle for supplying a more extensive presentation of evidence or argument that was available before the Court entered Dkt. 340.

**D. The Motion independently fails because it repeats arguments made on the original motion**

Independent of Defendant's failure to identify a material fact the Court failed to consider, Local Rule 7-18 expressly provides that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." Defendant's Motion repeatedly does exactly that. The Motion revisits the same Work-for-Hire Agreement, Letter of Agreement, Quitclaim, predecessor-footage evidence, copyright registration, Big Media communications, Exhibit 31, conversion evidence, and ownership arguments that were presented to the Court before Dkt. 340. Defendant's disagreement with the Court's conclusions does not transform previously presented evidence and arguments into a permissible reconsideration motion.

## IV. DEFENDANT IDENTIFIES NO MATERIAL FACT THE COURT FAILED TO CONSIDER

### A. The Work-for-Hire Agreement

The Court considered Defendant's authenticity challenge to the Work-for-Hire Agreement and found Plaintiff's explanation of its execution and transmission plausible, while Defendant offered only a sworn denial unsupported by any competing document or record. Dkt. 340 at 12. The Court already considered and resolved the evidentiary issue Defendant presented. Defendant's present disagreement with that resolution is not a showing that the Court failed to consider a material fact.

### B. The Letter of Agreement

Defendant's reliance on the LOA likewise fails because he does not identify a material fact contained in the LOA that the Court failed to consider. The existence and contents of the LOA were known to the parties and presented to the Court before the Order. Defendant's present argument is that the Court should assign the LOA greater legal significance than it did — specifically, that the absence of a work-for-hire designation in that document should displace the express terms of the signed Work-for-Hire Agreement. That is a contract-interpretation argument, not a factual omission. The Order already found that Defendant

"fails to offer any competing clause, provision, term, etc." in the agreements he relies upon. Dkt. 340 at 11.

**C. Chain of title and predecessor footage**

Defendant's chain-of-title argument fails first because the Court expressly considered the underlying evidence and concluded it did not establish a transfer of copyright ownership. Dkt. 340 at 13-14. Defendant's attempt to recast Big Media's later chain-of-title inquiry as proof of a pre-existing defect asks the Court to draw a different inference from the same record. The Court already considered the Quitclaim Agreement, the underlying-footage evidence, Skipper's declaration, and Plaintiff's discovery responses and explained why those matters did not establish a transfer of copyright ownership. Dkt. 340 at 13-14.

Defendant's related argument that Plaintiff's quitclaim exhibit consists only of partial "screenshots of elements" likewise identifies no overlooked fact. The record already before the Court included the electronically executed version of the Quitclaim Agreement, bearing both parties' signatures, as well as a hard copy of Mr. Bailey's own signature that he separately mailed to Plaintiff following that electronic execution. Dkt. 324-1 (Ex. D) at 8-9. The fully executed, dual-signature version was therefore already part of the record the Court considered in reaching its chain-of-title determination; Defendant's characterization of the exhibit as incomplete does not identify a document, or a portion of a document, that the Court failed to consider.

Defendant's Section E argument concerning purported predecessor-footage documents fails for a more fundamental reason: Frazer Bailey and Play TV are the first link in the chain of title, not the parties to the documents Defendant cites. Defendant's own Statement of Genuine Disputes concedes this directly: "Defendant does not dispute that Bailey/Play TV's interests potentially establish a first chain of title link." Dkt. 328-1 at SUF No. 9. Mr. Bailey assigned all right, title, and interest in the Film to Plaintiff by the Quitclaim Agreement. Dkt. 324-1 (Ex. D) at 7-9. And when Defendant went directly to Mr. Bailey to investigate ownership, Mr. Bailey confirmed to Defendant — not Plaintiff — that Plaintiff, and not Mr. Skipper,

owned the Film. Defendant does not dispute that this exchange occurred. Dkt. 328-1 at SUF No. 29. Days after receiving that confirmation, Defendant filed a competing copyright registration for the Film. Dkt. 326, SUF No. 30. Defendant identifies no basis on which the documents described in his Motion could disturb a chain of title that his own admission and his own investigation support as running from Mr. Bailey to Plaintiff.

Defendant's argument concerning the appearance releases identifies no overlooked material fact either. The releases were not merely part of the record; the Order itself expressly cites them among the evidence supporting Plaintiff's chain of title: "Plaintiff cites: a copy of her federal copyright registration... the parties' Work-for-Hire Agreement... her Quitclaim Agreement with Fraser Bailey... several copies of Release Forms executed by cast members in the Film... and a copy of Plaintiff's Distribution Agreement." Dkt. 340 at 13. Defendant's assertion that the Order "did not address" the releases is therefore contradicted by the Order's own text. The specific objections Defendant now raises to the releases — their non-exclusivity, their omission of the Film's title, and their execution date — are new arguments about those same, already-cited documents, not a showing that the Court failed to consider the documents themselves.

The circumstances of the releases' execution and distribution were likewise before the Court. Plaintiff's Statement of Uncontroverted Facts — filed with her Motion and before the Court when it entered the Order — states that the complete set of releases was shared with Thomas Harrison on December 15, 2023, Dkt. 326, SUF No. 6, and that Plaintiff instructed Mr. Harrison in writing not to share those releases with Defendant specifically, Dkt. 326, SUF No. 7; Ex. A to MSJ, Dkt. 324 at 39-40 — a documented decision, not an evidentiary gap. The same exhibit reflects Defendant's own awareness that the predecessor project was renamed Quest for Youth, Ex. A to MSJ, Dkt. 324 at 5, confirming that the releases pertain to the same Film notwithstanding the name change Defendant knew about.

**D. Defendant's copyright registration**

Defendant's copyright registration does not establish a previously unconsidered material fact. The registration was already part of the record and is identified in the Motion itself as evidence previously presented. Dkt. 347 at 18-20. That Defendant obtained a registration does not establish that the Court failed to consider it; it establishes only that Defendant disagrees with the legal effect the Court assigned to it. The Order's ownership determination already accounted for Plaintiff's registration as part of the complete chain of title, alongside the Work-for-Hire Agreement and the absence of any signed instrument transferring rights to Defendant. Dkt. 340 at 13-14. In any event, where a work is made for hire, copyright ownership vests initially in the commissioning party by operation of law and does not depend on which party files a registration first. Twentieth Century Fox Film Corp. v. Ent. Distrib., 429 F.3d 869, 881 (9th Cir. 2005).

Defendant's related argument that Plaintiff never registered a copyright for the predecessor film, Fountain of Youth, identifies no overlooked material fact either. Registration is not a prerequisite to copyright ownership; an author's copyright exists "immediately upon the work's creation." Dkt. 262 at 5 (quoting Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296, 300-01 (2019)); Enter. Mgmt. Ltd. v. Construx Software Builders, Inc., 73 F.4th 1048, 1056 (9th Cir. 2023). This Court has already rejected substantially the same argument once, when Defendant raised the timing of his own registration relative to Plaintiff's: "it is of no import than Mr. Maloy registered a copyright on the same work days before Plaintiff, since 'the owner of an original work has a copyright immediately upon the work's creation.'" Dkt. 262 at 5. Defendant raises the identical registration-timing theory again in this Motion. The absence of a registration for the predecessor film bears on neither Plaintiff's ownership of that work nor her ownership of Quest for Youth, and Defendant identifies no authority to the contrary.

**E. The Skipper Declaration**

Defendant's broader argument that the Order's discussion of his Statement of Genuine Disputes "does not account for" his separately filed Additional Material Facts is contradicted

by the Order's own language. The Order states: "Though Defendant's Additional Material Facts provides citations to the Record, Defendant failed to cite any evidence in the body of his Statement of Genuine Disputes." Dkt. 340 at 2. That sentence expressly distinguishes the two filings and acknowledges that the Additional Material Facts contain citations; it does not overlook them.

Nor does Defendant's disagreement with the Court's treatment of the Skipper Declaration establish a failure to consider material facts. The Court expressly addressed the declaration and explained that Defendant had failed to specifically identify where it was located in the Record. Dkt. 340 at 13 n.3. Defendant now asks the Court to revisit that record-management determination and consider evidence the Court expressly declined to consider because of Defendant's failure to comply with Local Rule 56-4. That is not a manifest failure to consider a properly presented material fact; it is an attempt to cure a prior failure to identify the evidence properly. In any event, this is not the first time the Court has considered this declaration. Defendant submitted the same Skipper Declaration as an exhibit to his own original Motion for Summary Judgment, which the Court denied. Even under the summary-judgment standard applicable to Defendant as the movant, the Court found a reasonable inference that Defendant acted as Mr. Skipper's supervisor notwithstanding the Skipper Declaration Defendant submitted in his own favor. Dkt. 321 at 19. The declaration did not change that result then, and Defendant identifies no reason reconsideration would change it now.

**F. Exhibit 31**

The Court found Exhibit 31 to be 'screenshots of an unidentifiable text exchange' and held that Defendant had not properly authenticated it. Dkt. 340 at 17. That finding was well supported, and Defendant's Motion does not overcome it. Defendant now asserts that he 'was careful to preserve the dates and timestamps appearing in the messages as well as their related metadata,' Dkt. 347 at 13, but he produces no metadata and offers no explanation of how that preservation was accomplished. His assertion is directly contradicted by Plaintiff's

uncontroverted Reply Declaration, Dkt. 331, filed in support of her Reply (Dkt. 333) to her Motion for Partial Summary Judgment, which explains that the exhibit does not reflect complete, continuous text threads and that its displayed dates do not match the native formatting of the Apple Messages application. Chandler Reply Decl. ¶ 21 (Dkt. 331). Defendant's Motion does not address, or even acknowledge, that specific discrepancy. In any event, even if the exhibit were authenticated, the Court identified an independent reason it would not alter the conversion analysis: Defendant did not deny that he failed to return the physical drives after Plaintiff demanded their return. Id. Reconsideration is therefore unwarranted on either theory. Defendant's attack on the authentication ruling serves the purpose stated later in his own Motion: a request, embedded on page 24 of 27, that the Court 'stay or reconsider the portion of ECF No. 340 directing immediate return of the drives.' Dkt. 347 at 24. Defendant has wrongfully possessed that property for approximately three years. Dkt. 340 at 16-17.

**G. Conversion and ownership of the physical drives**

Defendant's challenge also conflates two distinct issues: ownership of the copyright and ownership of, and the right to possess, the physical media drives. Dkt. 340 separately addressed Plaintiff's evidence that she owned the physical drives, delivered them to Defendant for editing, demanded their return, and that Defendant failed to return them. Dkt. 340 at 16-17. Defendant reduces that analysis to Plaintiff's demand alone, but that is not what the Court did: it considered Plaintiff's ownership and possession of the drives, Defendant's receipt of them for editing, his acknowledgment that the footage was Plaintiff's, his statement that he would return the drives, Plaintiff's subsequent demand, and Defendant's failure to return them. Id. Defendant does not identify a material fact concerning those events that the Court failed to consider; he asks the Court to draw a different conclusion from the same evidence. The editable cut and other production materials present a separate question concerning the scope of the relief, not the factual basis for conversion.

Defendant's position is that the Court's return order does not extend to the editable first cut, notwithstanding the Order's recognition that Defendant continues to retain the first cut in editable format. Chandler Decl. Opp. to Mot. for Reconsideration ¶¶ 3-4, Ex. A. Plaintiff maintains that the editable first cut, like the physical media drives and all of the A-roll, B-roll, and other raw footage and production materials contained on or associated with those drives, is material Plaintiff entrusted to Defendant in connection with the project and has never received back. That production material included, from the outset of the engagement, a link to Plaintiff's existing cut of the predecessor film. Defendant's own declaration confirms this, describing what Plaintiff sent him as "a documentary film she claimed to have produced" and "a link to a rough cut." Dkt. 198 ¶ 6 (Ex. E to MSJ, Dkt. 324). Plaintiff has now been without all of the production materials she entrusted to Defendant for approximately three years. Defendant's continued retention of those materials should not be conflated with a right to possess them. Ownership and conversion liability are already resolved. Dkt. 340 at 13-14, 20. Plaintiff intends to present both films directly to the Court and the jury, together with an analytical comparison identifying the specific protectable elements of each work — including plot, structure, sequence of events, and the corresponding cast interview segments common to both — consistent with the extrinsic-test comparison the Court found lacking in the record before it. Dkt. 340 at 14-15. Fact discovery has closed, and Defendant never sought production or inspection of the drives, the raw footage, or the first cut during that period. Defendant identifies no reason his continued possession of Plaintiff's property is now necessary to try those issues. Whether the existing return order encompasses the editable first cut is a question concerning the scope or implementation of the remedy, not a material fact that the Court failed to consider in deciding conversion. Plaintiff also addresses the requested preservation and return of those materials, including the editable cut, in her separate opposition to Defendant's Ex Parte Application (Dkt. 346) concerning the requested stay.

**H. The declaratory judgment counterclaim**

This claim is derivative of the ownership and work-for-hire findings addressed above. Because Defendant has not shown those findings rest on a failure to consider material facts, the dismissal of Defendant's declaratory judgment counterclaim should stand. Dkt. 340 at 20.

**V. RELEVANCE OF THE DRIVES DOES NOT ESTABLISH A POSSESSORY ENTITLEMENT**

Defendant separately argues the media drives should not be returned because they allegedly show what materials Plaintiff delivered, what he later acquired, and how the completed Film was constructed. Dkt. 347 at 23-24. Even assuming the drives contain evidence relevant to issues remaining for trial, evidentiary relevance does not create a possessory right. Defendant identifies no authority permitting a litigant to retain another party's property indefinitely merely because the property may contain evidence relevant to a pending claim or defense. Fact discovery has closed, and Defendant never sought production or inspection of the drives, the raw footage, or the first cut during that period. Having forgone the opportunity to formally address these materials while discovery was open, Defendant identifies no basis for treating their continued possession, rather than their return, as necessary now.

**VI. DEFENDANT CANNOT USE THE SAME RECORD TO OBTAIN A SECOND MERITS DETERMINATION**

Several of the rulings Defendant challenges were based on multiple evidentiary and legal considerations that Defendant's Motion does not displace. The conversion analysis included both the Court's treatment of Exhibit 31 and Defendant's failure to return the drives after demand. Dkt. 340 at 17. The ownership determination was based on the Work-for-Hire Agreement, the Quitclaim Agreement, the appearance releases, the absence of any signed transfer instrument to Defendant, and the prima facie evidentiary effect of Plaintiff's registration. Id. at 11-14. The declaratory judgment dismissal is derivative of that ownership determination. Id. at 20. Even assuming Defendant could establish error in one evidentiary ruling, he has not shown that correcting that ruling would alter the ultimate disposition.

At bottom, Defendant's Motion seeks a second merits determination based on the same record. The relief Defendant seeks would require the Court to revisit its prior factual and legal evaluation of the Work-for-Hire Agreement, the LOA, the chain of title, the registration, the Skipper Declaration, Exhibit 31, and the conversion evidence — not merely correct an overlooked material fact. Those are arguments concerning the correctness of the Court's prior reasoning, not evidence that the Court failed to consider material facts. That is precisely what Local Rule 7-18's anti-repetition provision forecloses. The Court decided what it decided. Defendant cannot use reconsideration to make the Court revisit those decisions simply because he disagrees with the conclusions.

**VII. THE PUBLIC-PERFORMANCE CLAIM REMAINS FOR TRIAL**

For avoidance of doubt, Dkt. 340 did not adjudicate Plaintiff's public-performance claim on the merits. Plaintiff withdrew only her request for summary judgment on that claim because a factual issue remained for trial. Dkt. 340 at 9. The claim remains pending and is not at issue in this reconsideration request.

**VIII. THE STAY REQUESTED IN THIS MOTION SHOULD BE DENIED**

Defendant's Motion, both in its title and in its Conclusion, separately requests a stay of the media-drive return order pending adjudication of this Motion. Dkt. 347 at 1, 26 (Request No. 4). That request fails for the same reasons set forth in Sections IV and V above: Defendant has identified no fact the Court failed to consider, and evidentiary relevance does not establish a possessory right in Plaintiff's property. Defendant separately renewed this same request in an Ex Parte Application, Dkt. 346, which Plaintiff opposes in a concurrently filed brief addressing the applicable stay factors in full. To the extent the Court considers the stay request embedded in this Motion, Plaintiff respectfully requests that it be denied for the same reasons set forth in that Opposition and herein.

**IX. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) decline to consider the Motion pursuant to Local Rule 7-4 because Defendant failed to comply with

Local Rule 7-3; (2) alternatively, deny the Motion because Defendant has not established any permissible ground for reconsideration under Local Rule 7-18 and impermissibly repeats arguments previously presented to the Court; and (3) deny the stay requested in this Motion, Dkt. 347 at 1, 26, for the reasons set forth in Sections IV, V, and VIII above, and for the additional reasons set forth in Plaintiff's separate Opposition to Defendant's Ex Parte Application, Dkt. 346.

Respectfully submitted,

Dated: 09/12/2026

April Chandler, Plaintiff