FILED
CLERK, U.S. DISTRICT COURT
9/12/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jji DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

Central District of California

APRIL CHANDLER.

Plaintiff

-against-

MARK SKIPPER AKA SKIP ARCHIMEDES,
MICHAEL MALOY, EMPIRICAL MEDIA LLC.

Defendants

Case No.: 2:25-cv-08210-MWC-PVC
Hon. Michelle Williams Court

**DECLARATION OF APRIL CHANDLER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION (DKT. 347)**

I, April Chandler, declare and state as follows, pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action, pro se, and over the age of eighteen years. I have personal knowledge of the facts stated in this declaration, and if called to testify, I could and would competently testify to the same.

2. I make this Declaration in support of Plaintiff's Opposition to Defendant's Motion for Reconsideration of Interlocutory Order (Dkt. 347).

3. On September 8, 2026, I received an email from Defendant Michael Maloy, sent to my email address, addressing his compliance with the Court's September 2, 2026 Order (Dkt. 340)

directing return of the media drives. A true and correct copy of that email is attached hereto as Exhibit A.

4. In that email, Defendant stated, in relevant part: "With respect to the media drives, I will comply with the Court's Order subject to any relief sought concerning that portion of the Order in the Motion. I note that the Order does not address an editable file." Ex. A. Defendant did not state any disagreement with, or identify any overlooked fact concerning, the Court's finding that he continued to retain the raw footage and the first cut in editable format, in addition to the physical drives themselves.

5. At no point in that correspondence, nor at any point during the telephonic conference held on September 10, 2026, did Defendant use the word 'stay,' state that he intended to seek a stay, or describe any request to suspend or delay the deadline for returning the media drives. Defendant's only reference to the drives was a general statement that he would comply with the Order 'subject to any relief sought... in the Motion' — language that did not identify what relief, if any, would be sought, or that it would take the form of a stay.

6. As of the date of this Declaration, Defendant has not returned the media drives, the raw footage, or the first cut of the Film to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Dated: September 12, 2026

April Chandler

Plaintiff, Pro Se

**EXHIBIT A**

**TO DECLARATION OF APRIL CHANDLER**

**Description:** True and correct copy of an email from Defendant Michael Maloy to Plaintiff April Chandler, dated September 8, 2026, confirming the parties' Local Rule 7-3 meet-and-confer conference scheduled for September 10, 2026, and providing notice of Defendant's intended Motion for Reconsideration and Ex Parte Application.

**Date of Communication:** September 8, 2026

**Sender:** Michael Maloy

**Recipient:** April Chandler

**Relevant Portion:** The email states, in relevant part: "With respect to the media drives, I will comply with the Court's Order subject to any relief sought concerning that portion of the Order in the Motion. I note that the Order does not address an editable file." The email does not use the word 'stay,' specify that any relief sought would take the form of a stay, or otherwise describe a request to suspend or delay the return deadline.

**Offered To Show:** That Defendant represented an intent to return the physical media drives while separately asserting that the Court's Order does not extend to the editable first cut, and that Defendant's position on the scope of his compliance obligation was fixed as of this date. The email is further offered to show that Defendant's subsequent request for a stay, first raised in his Ex Parte Application and Motion for Reconsideration filed September 11, 2026, was not previously disclosed during the parties' Local Rule 7-3 conferral.

MM **Michael Maloy** September 8, 2026 at 12:48

Meet and Confer Motion for Reconsideration

To: April Chandler

April,

Thank you for your response. This is to confirm a meet and confer telephonic conference between us on September 10, 2026 at 4pm PDT. I will initiate.

Your intention to oppose the Motion for Reconsideration is duly noted.

To be specific, the Motion is predicated on Federal Rule of Civil Procedure 54(b) and Central District of California Local Rule 7-18(c), which provides that an interlocutory order adjudicating fewer than all claims or the rights and liabilities of fewer than all parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Central District Local Rule 7-18(c) permits reconsideration upon: "a manifest showing of a failure to consider material facts presented to the Court before such decision or at any time before entry of judgment."

To that end, the Motion will identify the specific portions of the Order in which the Court's characterization of the evidentiary record does not correspond to material evidence Defendant had already placed before the Court, including the disputed WMFH agreement, limited appearance releases, incomplete quitclaim, and asserted chain of title, amongst others, which raise the question whether the Order resolved factual disputes that should instead have been left for the factfinder.

With respect to the media drives, I will comply with the Court's Order subject to any relief sought concerning that portion of the Order in the Motion. I note that the Order does not address an editable file.

I am also providing advance notice that I will be concurrently filing an Ex Parte Application pursuant to Local Civil Rules 7-18 and 7-19 and Section 11 of the Court's Standing Order, seeking an order shortening time for consideration of the Motion for Reconsideration. This is necessitated by the Court's Civil Trial Order setting September 25, 2026 as the last day motions may be heard.

Both the Motion and Ex Parte Application will be filed with the Court on September 11, 2026. Per the Standing Order, in addition to the standard NEF service you have consented to, the application will be emailed to you on September 11 as well.

Also per the Court's Standing Order governing Ex Parte Applications, an opposition must be filed within 24 hours after the application is filed, subject to Rule 6(a)(2). Given the intervening weekend, the anticipated deadline for your opposition is Monday, September 14, 2026.

Cordially,

Mike Maloy
310-962-3122
maloytv@mac.com