UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-08210-MWC-PVC Date: October 5, 2026

Title: April Chandler v. Mark Skipper, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER *SUA SPONTE* DISMISSING DEFENDANT MARK SKIPPER WITHOUT PREJUDICE (DKTS. [350], [357], [358], [359], [360])**

On September 16, 2026, the Court denied Plaintiff April Chandler's ("Plaintiff" Application for Entry of Default Against Defendant Mark Skipper *a/k/a* Skip Archimedes ("Mark Skipper") and issued an Order to Show Cause ("OSC") as to why the Court should not dismiss Mark Skipper without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Dkt. # 350. On September 18, 2026, Plaintiff responded to the Court's OSC ("Response"), Dkt. # 357 ("*Response to OSC*"), and filed: (1) the Declaration of April Chandler, Dkt. # 358 ("*Chandler Decl.*"), and an accompanying exhibit, Dkt. # 359; and (2) the Declaration of Tony Robinson, Dkt. # 360 ("*Robinson Decl.*"). After reviewing Plaintiff's Response, the Court is not persuaded that Plaintiff properly served Mark Skipper under the Federal Rules of Civil Procedure. Accordingly, the Court **DISMISSES** Defendant Mark Skipper from this action **WITHOUT PREJUDICE**.

I. Background & Procedural History

On February 12, 2024, Plaintiff brought this copyright infringement action against, among others, Mark Skipper, in the Northern District of New York. *See* Dkt. # 1. On February 13, 2024, Plaintiff requested the Northern District of New York issue a summons for Mark Skipper at his residence in Norfolk in the United Kingdom, *see* Dkt. # 2-4, and on that same date, the Clerk issued the summons, Dkt. # 3-4. On March 10, 2024, Plaintiff filed her First Amended Complaint ("FAC"), also brought against Mark Skipper. Dkt.

# 14. On April 3, 2024, Plaintiff filed her Proof of Service for Defendant Mark Skipper, demonstrating that Terry Barnett personally served the summons on Mark Skipper in Norfolk on March 25, 2024.[1] Dkt. # 30.

On June 18, 2024, the Northern District of New York noted that "the time for Defendant Mark Skipper to answer or otherwise respond to the complaint has expired," and further directed Plaintiff to file a request for clerk's entry of default as to Mark Skipper by no later than June 25, 2024. Dkt. # 81. On June 22, 2024, Plaintiff filed her first Request for Entry of Default as to Mark Skipper, Dkt. # 86, which the Clerk granted on June 24, 2024, Dkt. # 88. Thereafter, on June 24, 2024, the Northern District of New York ordered Plaintiff to move for default judgment against Mark Skipper pursuant to Federal Rule of Civil Procedure 55(b), or to file a detailed status report. Dkt. # 89. On June 25, 2024, Plaintiff filed her motion for default judgment as to Mark Skipper. Dkt. # 92.

On June 28, 2024, Plaintiff filed her Second Amended Complaint against Mark Skipper, Dkt. # 99. In light of the amended Complaint, the Northern District of New York denied Plaintiff's motion for default judgment without prejudice, Dkt. # 100. Plaintiff again requested the clerk enter default against Mark Skipper, Dkt. # 105, which the clerk of the Northern District of New York granted on July 16, 2024, Dkt. # 107. On July 29, 2024, Plaintiff filed her Proof of Service for Defendant Mark Skipper, demonstrating that Process Server Lou Richardson personally served the summons on "Defendant's Mum" on July 18, 2024. Dkt. # 112. On August 12, 2024, Plaintiff again requested default judgment against Mark Skipper. Dkt. # 119. Upon transferring the action to this Court, the Northern District of New York denied Plaintiff's motion for default judgment without prejudice. Dkt. # 142. On December 19, 2025, Plaintiff filed the operative Third Amended Complaint ("TAC") against Mark Skipper. Dkt. # 228.

On August 30, 2026, Plaintiff applied to the Clerk of Court seeking entry of default against Defendant Mark Skipper. Dkt. # 343 ("*Appl.*"). Plaintiff submitted with her Application a copy of the Proof of Service, which shows that "Server" Tony Robinson personally served Mr. Skipper on January 12, 2026. *See* Ex. 1 to *Appl.*, Dkt. # 343-2 at 2. On September 16, 2026, the Clerk of Court referred the request to this Court. Dkt. # 349. On that same date, the Court denied Plaintiff's application for deficient service. *See* Dkt. # 350. Specifically, the Court noted "there are at least two issues regarding the sufficiency of Plaintiff's service on Mr. Skipper": *first*, there was no indicia that the individual who

[1] It is unclear whether Plaintiff also served either the Complaint or FAC on Mark Skipper.

served Mr. Skipper with a copy of the TAC was a registered process server; and *second*, there is no indication that the process server is a judicial officer. *See id.* at 3. The Court also noted that Mr. Robinson failed to explain whether he personally served a copy of the TAC on Mr. Skipper. *See id.* at 4. Accordingly, the Court denied Plaintiff's Application for Entry of Default against Defendant Mark Skipper and ordered Plaintiff to show cause as to why the Court should not dismiss Mr. Skipper without prejudice from this action pursuant to Rule 4(m). *See id.* On September 18, 2026, Plaintiff responded to the Court's OSC. *Response to OSC*.

## II. Discussion

The Court previously found that "Plaintiff failed to adequately serve Defendant Mark Skipper," and ordered Plaintiff to show cause as to whether good cause exists under Rule 4(m) to extend Rule 4's service deadline. *See* Dkt. # 350. Nevertheless, rather than argue for an extension, Plaintiff argues that she adequately served Mr. Skipper with a copy of the TAC and summons in this case. *See generally Response to OSC*. Plaintiff proffers the Declaration of Tony Robinson, who declares that he is "over the age of eighteen (18) years and [is] not a party to this action." *Robinson Decl.* ¶ 1. Robinson further declares that "[t]here is no statutory licensing or registration requirement for [him] to perform process-serving work in England and Wales," and that he personally delivered the TAC and summons on Mr. Skipper on January 12, 2026. *See id.* ¶¶ 2, 4–5. Plaintiff therefore argues that she sufficiently served Mr. Skipper according to the United Kingdom's Civil Procedure Rules. *See Response to OSC* at 3.

Article 10 of the Hague Convention permits "the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination[.]" *See* CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS ("Hague Convention"), art. 10(b); *see also Miramontes v. Mills*, No. CV 11-08603 MMM (SSx), 2014 WL 12738922, at *3 (C.D. Cal. June 25, 2014) (same). "The purpose of the Hague Convention is to ensure that individuals receive timely notice of judicial/extrajudicial documents, and provide a simple and expeditious method for giving notice of a proceeding to a foreign citizen or corporation." *Miramontes*, 2014 WL 12738922, at *3 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-08210-MWC-PVC Date: October 5, 2026

Title: April Chandler v. Mark Skipper, *et al.*

Federal Rule of Civil Procedure 4(f)(2)(C)(i) allows a plaintiff to serve a foreign defendant by personal service. *See* Fed. R. Civ. P. 4(f)(2)(C)(i) (stating that a plaintiff must "deliver[] a copy of the summons and of the complaint to the individual personally"). The plaintiff must comply with both Rule 4(c) and "the law of the place of service," if possible. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1135 (4th ed. Apr. 2026 update) ("*Wright & Miller*") ("Service under subdivision f(2)(C)(i), personal delivery, probably should be made by someone who is qualified to serve process by both Rule 4(c) and the law of the place of service whenever that is possible, . . . Certainly the identity or activities of the person delivering the process should not violate local law."). The United Kingdom's Civil Procedure Rules 1998 ("C.P.R."), Rule 6.3 provides that a claim form may be personally served in accordance with rule 6.5. *See* C.P.R. 6.3(1)(A). C.P.R. 6.4 prescribes that "[t]he court will serve the claim form" except in three delineated instances: (a) where a "rule or practice direction provides that the claimant must serve it"; (b) where "the claimant notifies the court that the claimant wishes to serve it"; or (c) where the court orders otherwise. *See* C.P.R. 6.4(1)(a)–(c).

As explained in the Order denying Plaintiff's Application for Entry of Default, Plaintiff has adduced no evidence that Mr. Robinson is a judicial officer or person qualified to effect service under the Hague Convention or English Law. *See* Dkt. # 350 at 3. Plaintiff argues that she complied with C.P.R. 6.5(3)(a) because Mr. Robinson personally delivered the TAC on Mr. Skipper, *see Response to OSC* at 3, but Plaintiff's Response and Mr. Robinson's declaration both fail to demonstrate whether Mr. Robinson could properly serve the TAC pursuant to C.P.R. 6.4(1) in the first instance. Even if Mr. Robinson was authorized to serve the TAC on Mr. Skipper, Plaintiff still failed to adduce adequate proof of service according to Federal Rule of Civil Procedure 4(l). *See* Fed. R. Civ. P. 4(l)(2)(B) ("Service not within any judicial district of the United States must be proved as follows . . . if made under 4(f)(2) or (f)(3), **by a receipt signed by the addressee**, . . .") (emphasis added). "This requirement is intended to assure a level of proof of service that provides a high degree of confidence that the process was properly served in the foreign country." *Wright & Miller* § 1136. Because Plaintiff does not request an extension of time to serve Mr. Skipper, but only "requests that the Court find that Defendant Mark Skipper was validly served . . . and decline to dismiss him from this action," the Court declines to conduct a good cause analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-08210-MWC-PVC Date: October 5, 2026

Title: April Chandler v. Mark Skipper, *et al.*

III. Conclusion

For the foregoing reasons, the Court **ORDERS** that Defendant Mark Skipper *a/k/a* Skip Archimedes is **DISMISSED WITHOUT PREJUDICE** from this action pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ