UNITED STATES DISTRICT COURT

Central District of California

| | |
|---|---|
| APRIL CHANDLER<br>Plaintiff<br><br>-against-<br><br>MARK SKIPPER AKA SKIP ARCHIMEDES,<br>MICHAEL MALOY, EMPIRICAL MEDIA LLC.<br><br>Defendants | ) |

Case No.: 2:25-cv-08210-MWC-PVC
Hon. Michelle Williams Court

**PLAINTIFF APRIL CHANDLER'S RESPONSE AND EVIDENTIARY OBJECTIONS TO DEFENDANT MICHAEL MALOY'S NOTICE OF LODGING COMPLIANCE WITH SEPTEMBER 2, 2026 ORDER (DKT. 363)**

Plaintiff April Chandler respectfully responds to Defendant Michael Maloy's October 7, 2026 Notice of Lodging Compliance (Dkt. 363).

Plaintiff does not dispute that four physical LaCie Rugged hard drives were delivered on September 17, 2026. The material issue is what Dkt. 363 actually establishes—and what it does not.

Defendant does not state that he returned Plaintiff's raw footage, the First Cut in editable format, editable project files, or all copies of Plaintiff's footage. He declares "absolute and timely compliance" based solely on the shipment and delivery of four physical devices. That distinction is critical.

**I. DKT. 363 DOES NOT CLAIM RETURN OF THE RAW FOOTAGE OR EDITABLE FIRST CUT**

Dkt. 363 asserts that Defendant "completely fulfilled" the Court's mandate because four physical "MEDIA DRIVES" were shipped and delivered. The Notice does not state that Defendant returned:

Plaintiff's raw footage;

the First Cut in editable format;

editable project files;

consolidated copies of Plaintiff's media; or

any other materials Defendant possessed that the Court identified in its conversion findings.

This is not a semantic distinction. The Court's September 2, 2026 Order expressly found that Defendant continued to retain:

Plaintiff's media drives;

raw footage copies; and

the First Cut in editable format.

Dkt. 340 at 16–17. The Court further found that Plaintiff owned the property and that Defendant wrongfully dispossessed her of it. Id. at 17. The Court then ordered return of the media drives and granted summary judgment on conversion "on this basis."

Plaintiff received the four physical devices. Defendant himself does not claim in Dkt. 363 that he returned the raw footage or the editable First Cut. The Court should evaluate the Notice according to what it actually says.

**II. THE TIMING OF DKT. 363 IS MATERIAL**

Dkt. 363 did not arise in a vacuum. The chronology is as follows:

**September 2, 2026** – The Court entered Dkt. 340, granting summary judgment on Plaintiff's Sixth Cause of Action for conversion and making factual findings concerning Defendant's retention of the media drives, raw footage, and First Cut in editable format.

**September 3 – September 14, 2026** – Defendant sought to stay or delay enforcement of the return obligation and maintained a narrow interpretation of what he was required to return. Those filings were stricken by the Court on September 14 (Dkt. 348).

**September 15, 2026** – Defendant shipped the four physical drives.

**September 17, 2026** – Plaintiff received the four physical drives.

Thereafter – Plaintiff inspected the returned drives and found that the expected raw footage was not present on the drives, neither was the Avid drive with the first cut included in the shipment.

**September 29 – October 1, 2026** – Because mediation was already scheduled for September 29, Plaintiff waited to see whether the outstanding materials could be resolved in that process. During mediation, Defendant proposed a "net-zero walk-away" under which he would return Plaintiff's raw footage and First Cut only if Plaintiff agreed to dismiss the entire case with prejudice and without any monetary recovery. Plaintiff declined to accept the return of her own property as settlement consideration, particularly because the Court had already granted summary judgment on conversion and determined that the property belonged to her. Thereafter, Plaintiff specifically demanded that Defendant provide her raw footage and First Cut in editable format that remained outstanding and requested a conference regarding compliance.

**October 2, 2026** – Plaintiff sent a follow-up detailed email requesting a meet-and-confer that same day or by Monday, October 5, regarding Defendant's continued failure to provide the raw footage and First Cut in editable format. Plaintiff stated that unless the matter was resolved she intended to file a motion seeking compliance with the Court's September 2, 2026 Order on October 12. (See Exhibit A.)

**October 5, 2026** – Defendant refused to confer, maintained that delivery of the physical drives constituted full compliance, and declined a telephonic conference. (See Exhibit B.)

**October 6, 2026** – Plaintiff sent a final request demanding that Defendant provide the raw footage copies and First Cut in editable format by 5:00 p.m. PDT on October 9, 2026, and stated that if the materials were not provided she would file a motion seeking compliance on October 12. (See Exhibit C.)

**October 7, 2026** – Defendant ignored Plaintiff's final request email and instead filed Dkt. 363 declaring "absolute and timely compliance," without stating that the raw footage or editable First Cut had been returned.

The email chain documents Plaintiff's repeated demands for the return of her property, meet-and-confer requests, and Defendant's refusal. The chronology shows that after Plaintiff specifically identified the disputed materials and requested a conference, Defendant responded not by confirming their return, but by filing a notice limited to the physical devices.

## III. EVIDENTIARY OBJECTIONS

**Objection No. 1 – "Absolute and timely compliance" is a legal conclusion.**

Whether Defendant complied with Dkt. 340 is a determination for the Court. Defendant's declaration of "absolute and timely compliance" is his position, not evidence establishing compliance. The underlying factual assertions establish only that physical drives were shipped and delivered.

**Objection No. 2 – Exhibit A to Dkt. 363 establishes delivery, not contents.**

Plaintiff does not dispute the fact of delivery. A delivery receipt does not establish the contents of the package, the presence of raw footage, the presence of an editable First Cut, or that Defendant no longer possesses copies of Plaintiff's property.

**Objection No. 3 – Dkt. 363 omits the materials Plaintiff demanded.**

When Defendant filed the Notice, he was on explicit notice that Plaintiff was demanding the raw footage and First Cut in editable format. The Notice does not state that either was returned. The Court should not transform that omission into an affirmative finding that the omitted property was returned.

**Objection No. 4 – A "Notice of Lodging Compliance" is not a judicial determination.**

The Court—not Defendant—determines whether its Order has been satisfied. Dkt. 363 provides notice of Defendant's position. That position remains disputed.

## IV. THE COURT'S FINDINGS CONTROL

The Court did not find merely that Plaintiff owned four pieces of hardware. It found that Plaintiff retained ownership of the media drives, all raw footage, and any first cut or editable version of the Film, and that Defendant continued to retain the media drives, raw footage copies, and the First Cut in editable format. Dkt. 340 at 16–17. Those findings formed the basis for the grant of summary judgment on conversion.

Dkt. 363 establishes only that four physical devices were delivered. It does not establish return of all the property identified in the Court's conversion findings. That distinction should be preserved.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

Decline to treat Dkt. 363 as establishing that Defendant returned Plaintiff's raw footage or First Cut in editable format;

Accept Defendant's Exhibit A, if at all, only for the limited proposition that four physical devices were delivered;

Treat Defendant's assertion of "absolute and timely compliance" as his legal position rather than as evidence establishing compliance;

Find that Dkt. 363 does not establish return of the raw footage, First Cut in editable format, or other materials identified in the Court's conversion findings;

Clarify and enforce the scope of the September 2, 2026 Order in connection with Plaintiff's accompanying Motion For Compliance;

Require Defendant to identify and return all property encompassed by the Court's conversion adjudication; and

Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

Dated: October 12, 2026

April Chandler, Plaintiff