Michael Maloy
*Pro se*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APRIL CHANDLER,<br>*Plaintiff,*<br>*v.*<br>MICHAEL MALOY,<br>*Defendant.* | Case No.: 2:25-cv-08210-MWC-PVC<br>**DEFENDANT MICHAEL MALOY'S OPPOSITION TO PLAINTIFF APRIL CHANDLER'S MOTION TO ENFORCE COURT ORDER**<br>Hearing Date: November 13, 2026<br>Time: 1:30 p.m.<br>Courtroom: 6A<br>Judge: Hon. Michelle Williams Court |

## I. INTRODUCTION

Plaintiff April Chandler, in her Response and Evidentiary Objections, ECF No. 364, asks the Court to find that Defendant Michael Maloy's Notice of Lodging did not comply with the Court's summary judgment Order, ECF No. 340, to clarify and enforce the scope of the Order, and to require Mr. Maloy "to identify and return all property encompassed by the Court's conversion adjudication." ECF No. 364 at 5-6. The Court construed Ms. Chandler's Response as a "Motion to Enforce Court Order" and set a hearing date of November 13, 2026, via ECF No. 365.

Mr. Maloy, appearing pro se, hereby opposes that Motion. Ms. Chandler's Response asks the Court to construe and enforce the Order as requiring Mr. Maloy to deliver not only the four physical media drives addressed in the Court's operative directive, but also "Plaintiff's raw footage; the First Cut in editable format; editable project files; consolidated copies of Plaintiff's media; or any other materials Defendant possessed that the Court identified in its conversion findings." ECF No. 364 at 2.

The Court's September 2, 2026 Order states explicitly that Mr. Maloy is ordered to deliver Plaintiff's media drives, ECF No. 340 at 21, referring to the "four LaCie Rugged hard drives (the 'MEDIA DRIVES') containing all raw A-roll and B-roll footage." Id. at 16. Its conversion discussion likewise focuses solely on Plaintiff's asserted ownership of the physical drives and Defendant's alleged failure to return them. Id. at 16–17. The Order does not separately direct Defendant to deliver an editable First Cut, an Avid drive, or any other materials.

Mr. Maloy filed a Notice of Lodging Compliance, ECF No. 363, along with proof of transmission and delivery of the media drives, and stands behind his assertion of that compliance. Each drive was sent in its original, unaltered form as provided to him by Ms. Chandler, including all data and raw footage. He confirmed this in writing to Ms. Chandler, see ECF No. 364-1, Exhibit B.

Ms. Chandler acknowledges that the drives were delivered, but states that she "inspected the returned drives and found that the expected raw footage was not present on the drives, neither was the Avid drive with the first cut included in the shipment" ECF No. 364 at 3. She also contends that not only did they not contain the footage she expected but are "empty" and that additional materials remain in Defendant's possession. Id. at 5; ECF No. 364-1 ¶¶ 7–8.

Mr. Maloy disputes Plaintiff's characterization of the drives and submits contemporaneous evidence documenting their contents, including a drive-by-drive inventory, directory listings, screenshots of actual media files, and photographs of the drives at the time of shipment. See Declaration of Michael Maloy ("Maloy Decl.") ¶¶ 7 – 9, Exs. 34 – 36.

Given Mr. Maloy's affirmation of compliance with the express language of the Order, the Court should deny Ms. Chandler's request to expand that Order beyond its express directive to deliver only the physical media drives and compel him to "return all property encompassed by the Court's conversion adjudication." ECF No. 364 at 6.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The September 2 Order expressly directed delivery of the physical media drives.

On September 2, 2026, the Court entered its Order granting in part and denying in part Ms. Chandler's motion for partial summary judgment, ECF No. 340. In its conversion analysis, the Court recounted her assertion that she had shipped four LaCie Rugged hard drives containing raw A-roll and B-roll footage to Defendant in August 2023. Id. at 16. The Court also recounted her position that the drives had been supplied for editing services and that she retained ownership of the drives, raw footage, and an editable first cut. Id. at 16.

The Court then concluded that Ms. Chandler had adduced evidence that she owned the rights to the media drives and that Mr. Maloy had wrongfully dispossessed her of that property. Id. at 17. It quoted the relief requested in her motion: an order directing Defendant to return "all MEDIA DRIVES, all raw footage copies, and the first cut in editable format within seven (7) days of the Court's Order." Id. at 17.

The Court's own operative directive, however, stated: "Defendant is ORDERED to return the media drives to Plaintiff within fourteen (14) days of this Order." Id. at 17. The conclusion repeated that directive: "Defendant is ORDERED to deliver Plaintiff's media drives within fourteen (14) days of this Order." Id. at 21.

The distinction between Plaintiff's requested relief and the Court's operative directive is central to this opposition. The Order identifies the media drives in its express command. It does not separately identify an editable first cut, an Avid drive, or separate digital copies of undefined raw footage as items that Mr. Maloy must deliver.

**B. Defendant sought a stay and then arranged shipment of all four physical drives.**

After entry of the September 2 Order, Mr. Maloy sought relief from the delivery directive. His ex parte application and motion for reconsideration were struck on September 14, 2026 for procedural deficiencies, ECF No. 348. After the applications were struck, Mr. Maloy immediately arranged shipment of all four physical media drives to Ms. Chandler. They were shipped via USPS on September 15, 2026, and the tracking record reflects delivery on September 17, 2026.

**C. Contemporaneous records document the drives' contents before shipment.**

Before returning the drives, Mr. Maloy prepared four Drive Manifests, documenting each drive's identifiers, directory structures, folders, and contents so as to ensure they contained all original media and preserve that record for trial. See Maloy Decl. ¶ 9, Ex. 34. The manifests identify the four drives as follows, corresponding to their handwritten labels:

1. **Drive 1:** A Roll, All Interviews, Eternal Youth the Movie
2. **Drive 2:** Days 1, 2, 3, B-Roll, MH, Eternal Youth the Movie
3. **Drive 3:** Days 4, 5, 6, B-Roll, BTS, Eternal Youth the Movie
4. **Drive 4:** Days, PRE & POST, B-Roll, Eternal Youth the Movie

The manifests document folders organized by year, production category, interview subject, and type of footage. They also document the date each drive was created, their format, manufacturer, and stored content – a combined total of 6.68 Terabytes across all four drives.

As a companion to the manifests, screenshots showing all folders, subfolders, individual video/audio files and associated filenames were generated. Id. ¶ 9, Ex. 36.

For example, the manifest for Drive 1 identifies a folder named "Bradley Nelson" containing a sub folder named "Bradley Nelson-CU". The corresponding screen shots show those folders and thumbnails of video files with names like "Bradley Nelson-CU-4.mov" and "MVI_9443.MOV".

Mr. Maloy also generated photographs of the hand-labeled physical drives before shipment. Id. ¶ 8, Ex. 35. These photographs, manifests and screenshots provide contemporaneous evidence of the condition and contents of the drives before they left his possession.

Mr. Maloy disputes Ms. Chandler's conclusion that her inspection establishes that the drives contained no data upon delivery when they contained 6.68 Terabytes of information at the time of shipment. These contemporaneous records demand a more specific inquiry into what was present on the drives at time of delivery, what she expected to find, and whether the returned drives were properly accessed and inspected.

**III. ARGUMENT**

The Court's operative directive requires delivery of the media drives; it does not command delivery of separate materials, drives or an editable first cut.

The Order recites Ms. Chandler's broader request for "all MEDIA DRIVES, all raw footage copies, and the first cut in editable format." ECF No. 340 at 17. But that recital appears in the Court's discussion of the relief Plaintiff requested. It is not the language of the Court's own operative command. The Court's directive identifies only the four media drives and does not separately order delivery of raw-footage copies or an editable first cut.

That distinction has weight.

Ms. Chandler infers that every item mentioned in the Court's discussion of her request means the Court expressly ordered their delivery. A party's request for relief is not a judicial order granting that relief. Nor can a recital of requested relief be treated as an independent command when the Court's express directive identifies a narrower category of property. Ms. Chandler claims that the Court made factual findings concerning "Defendant's retention of the media drives, raw footage, and First Cut in editable format", and contends that her email demands "for the return of her property" have legal effect. ECF No. 364 at 3, 4.

Yet, the Court's directive is specific: it orders only the return of "the media drives," referring to the four LaCie hard drives identified in the Order. Mr. Maloy complied with that order. Ms. Chandler has provided no evidence that establishes a possessory interest in any files beyond those contained on the media drives, or identified any language in the Order that covers them.

The Court's conversion analysis likewise addressed only Plaintiff's claimed rights in those media drives and Defendant's alleged failure to return them. It did not make factual findings concerning undefined raw footage or editable cuts despite Ms. Chandler's claim to the contrary.

Neither did it separately analyze or adjudicate, in its operative directive, the delivery of any separate footage, editable project file or drive. Broad inferences, unsupported claims and extra-judicial demands do not substitute for, and cannot alter, a clearly defined court order.

**IV. CONCLUSION**

For the foregoing reasons, Defendant Michael Maloy respectfully requests that the Court:

1. Deny Plaintiff's motion to enforce ECF No. 340 as an existing order requiring delivery of separate raw-footage copies, an editable First Cut, an Avid project drive, or other additional materials not expressly identified in the Court's operative directive;
2. Find that Defendant's Notice of Lodging Compliance addresses the delivery of all four physical media drives, as documented by the shipping and delivery records;
3. Consider Defendant's contemporaneous drive inventory, directory listings, screenshots, and photographs in evaluating Plaintiff's assertion that the delivered drives were empty;
4. Grant such other relief as the Court deems just and appropriate.

Dated: October 19, 2026

/s/ Michael Maloy

__________________

Michael Maloy
Defendant, Pro Se