Michael Maloy
*Pro se*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APRIL CHANDLER,<br>*Plaintiff,*<br>*v.*<br>MARK SKIPPER et al.,<br>*Defendants.* | Case No.: 2:25-cv-08210-MWC-PVC<br>**DEFENDANT MICHAEL MALOY'S UNILATERAL EX PARTE APPLICATION FOR ORDER AUTHORIZING REMOTE CONDUCT OF LOCAL RULE 16-2 PRETRIAL CONFERENCE VIA VIDEOCONFERENCE (ZOOM)**<br>Hon. Michelle Williams Court |

**NOTICE OF APPLICATION**

Defendant Michael Maloy ("Defendant"), proceeding pro se, hereby submits this Unilateral Application for an Order authorizing the parties to conduct their mandatory Local Rule 16-2 Pretrial Conference remotely via videoconference (Zoom).

This Application is made pursuant to Central District of California Local Rule 16-2 on the grounds that the 40-day compliance deadline is November 8, 2026, the Final Pretrial Conference is scheduled for December 18, 2026, and the Parties are unable to reach a workable agreement on an in-person meeting location due to geographical separation. Plaintiff represents that she resides in upstate New York, while Defendant resides in Los Angeles, California.

Plaintiff requested that the conference be conducted remotely. Plaintiff did not specify a particular remote platform. Defendant does not oppose Plaintiff's request to meet remotely and proposes that the conference be conducted by Zoom.

This Application is brought unilaterally solely because the parties have reached an impasse regarding the phrasing of a joint stipulation. Plaintiff has not independently sought the Court's authorization for remote attendance, and Defendant wishes ensure his own compliance with LR 16-2.

Pursuant to Local Rule 7-19, Defendant certifies that on October 30, 2026, notice of this Application was served upon Plaintiff via email. Plaintiff was advised that any opposition to this Application must be filed with the Court within 24 hours of service, or the Court may rule on the moving papers alone.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION & SUMMARY OF RELIEF REQUESTED

The November 8, 2026 compliance date is imminent. Given the lack of authorization from the Court that the conference may be conducted remotely, and the time required for ordinary noticed practice, Defendant seeks an expedited determination so that the parties can proceed in accordance with the Court's Civil Trial Order. Defendant is not seeking to alter any other pretrial requirement or deadline.

### II. RELEVANT FACTUAL TIMELINE

- October 6, 2026: Plaintiff initiated the Local Rule 16-2 scheduling process via email, suggesting potential dates without specifying where the conference would occur.

- October 19, 2026: Defendant accepted the date of October 28, 2026, and requested a professional meeting venue in Los Angeles (the forum district).

- October 26, 2026: Defendant sent a follow-up email to finalize arrangements. Plaintiff replied that she could not arrange transcontinental travel on the available notice and requested the conference be conducted remotely. Plaintiff later requested an in-person meeting in New York.

- October 27, 2026: Defendant sent Plaintiff a proposed joint stipulation requesting authorization to conduct the conference remotely. The parties were unable to agree on the proposed language and scope of the submission.

## III. ARGUMENT: GOOD CAUSE EXISTS TO PERMIT A REMOTE ZOOM CONFERENCE

The Court has authority under Federal Rule of Civil Procedure 16 to manage pretrial proceedings. Defendant is prepared to comply with the in-person requirement but does not oppose Plaintiff's request for a remote conference. Given the parties' geographic separation, authorizing a videoconference would permit them to complete the substantive work required by Local Rule 16-2 without changing the pretrial schedule.

In support of this Application, Defendant relies upon the following Declaration.

Dated: October 30, 2026

/s/ Michael Maloy

________________

Michael Maloy
Defendant, Pro Se

# Declaration of Michael Maloy

## IN SUPPORT OF EX PARTE APPLICATION

I, MICHAEL MALOY, hereby declare and state as follows, pursuant to 28 U.S.C. § 1746:

1. I am the self-represented Defendant in this action and over the age of eighteen years. I have personal knowledge of the facts stated in this declaration, and if called to testify, I could and would competently testify to the same and provide ample documentary evidence.

2. Under Local Rule 16-2 and this Court's Civil Trial Order, the parties are required to meet in person to prepare for the Final Pretrial Conference at least 40 days before that conference, currently scheduled for December 18, 2026. I have identified November 6, 2026, as a practical target date to complete the conference before the calendar deadline of November 8, 2026.

3. On October 6, 2026, Plaintiff April Chandler initiated the meet-and-confer process via email. She proposed three dates for the conference, October 28, 29 or 30th. She did not specify a location.

4. On October 19, 2026, I responded and accepted Plaintiff's proposed conference date of October 28, 2026, and requested a professional, physical location in Los Angeles to hold the meeting.

5. On October 26, 2026, Plaintiff informed me that she resides in upstate New York and my nine-day advance notice did not permit her sufficient time to secure travel and lodging in Los Angeles. Plaintiff requested that the conference be conducted remotely. She later altered her stance and requested an in-person meeting in New York on October 28, 2026 or thereafter.

6. I communicated that I was willing to accommodate Plaintiff's travel hardships and did not oppose her request to meet remotely with the caveat that I could not agree to that request without this Court's authorization. I did not respond to her request to conduct the meeting in New York.

7. Instead, on October 27, 2026, I prepared and sent a streamlined, neutral joint stipulation to Plaintiff to seek this Court's authorization for a remote conference via Zoom, see attached Exhibit A.

8. Plaintiff did not agree to the proposed joint stipulation in the form submitted. Her proposed revisions included additional characterizations of the parties' scheduling communications and a declaration addressing separate requests for remote appearances at future court proceedings. The parties were unable to agree on the language and scope of a joint submission and therefore it could not be filed jointly.

9. On October 29, 2026, I advised Plaintiff in writing that I would seek the Court's guidance regarding the parties' inability to arrange the required in-person conference. I also advised Plaintiff during our email correspondence that I would seek ex parte relief.

10. Given the approaching deadline, the parties' inability to agree on a joint stipulation, and the time required for ordinary motion practice, Defendant submits this unilateral application to obtain timely authorization for the parties to conduct their Local Rule 16-2 pretrial conference remotely via Zoom, in lieu of the in-person meeting otherwise required by Local Rule 16-2, with all other pretrial deadlines and requirements remaining unchanged.

11. In compliance with the Court’s Civil Standing Order regarding the use of generative artificial intelligence (AI) in court filings, I certify that generative AI tools were utilized strictly as a supplemental resource for legal research.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of October, 2026

/s/ Michael Maloy

________________

Michael Maloy
Defendant, Pro Se

# EXHIBIT A

## Defendant's Proposed Joint Stipulation (Unsigned by Plaintiff)

Defendant Michael Maloy, appearing pro se, and Plaintiff April Chandler, appearing pro se (collectively, the "Parties"), jointly request authorization to conduct their mandatory Local Rule 16-2 pretrial conference by videoconference (Zoom), in lieu of an in-person meeting. The Parties respectfully submit that good cause supports this request for the following reasons:

1. Local Rule 16-2 requires the Parties to meet in person at least 40 days before the Final Pretrial Conference, currently scheduled for December 18, 2026. The 40-day date is November 8, 2026.
2. Plaintiff resides in upstate New York, and Defendant resides in Los Angeles, California.
3. On October 6, 2026, Plaintiff initiated the scheduling process by email and proposed several possible dates for the conference.
4. On October 19, 2026, Defendant accepted October 28, 2026, and requested a professional meeting location in Los Angeles.
5. On October 26, 2026, Defendant followed up regarding the meeting arrangements. Plaintiff advised that she could not arrange travel to Los Angeles on the proposed notice and requested that the conference be conducted remotely. Plaintiff subsequently proposed meeting in New York.
6. Because the Parties are located on opposite coasts, they have encountered practical difficulties agreeing on arrangements for an in-person meeting. They seek the Court's authorization to conduct the conference remotely so that they can complete the required discussions without further delay.

7. The Parties are prepared to discuss the matters required by Local Rule 16-2, including witness and exhibit lists and proposed stipulations, by videoconference. The requested accommodation will not require modification of any other pretrial deadline.

The Parties therefore jointly request that the Court authorize them to conduct the Local Rule 16-2 conference by Zoom, subject to the Court's approval.

**IT IS SO STIPULATED.**

Dated: October 27, 2026

/s/ Michael Maloy

| | |
|---|---|
| ________________ | ________________ |
| Michael Maloy<br>Defendant, Pro Se | April Chandler<br>Plaintiff, Pro Se |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APRIL CHANDLER,<br>*Plaintiff,*<br>*v.*<br>MARK SKIPPER et al.,<br>*Defendants* | Case No.: 2:25-cv-08210-MWC-PVC<br>**[PROPOSED] ORDER GRANTING DEFENDANT'S UNILATERAL APPLICATION FOR ORDER AUTHORIZING REMOTE CONDUCT OF LOCAL RULE 16-2 PRETRIAL CONFERENCE VIA VIDEOCONFERENCE (ZOOM)**<br>Hon. Michelle Williams Court |

The Court, having considered Defendant Michael Maloy's Unilateral Application for an Order Authorizing a Remote Zoom Conference for the parties' Local Rule 16-2 Pretrial Conference, and finding good cause appearing therefor:

IT IS ORDERED that the Application is GRANTED. The parties are authorized to conduct their mandatory Local Rule 16-2 Pretrial Conference remotely via video conference (Zoom) within the time required by the Court's Civil Trial Order. All other deadlines and requirements remain unchanged.

IT IS SO ORDERED.

DATED: _______________

HON. MICHELLE WILLIAMS COURT
United States District Judge