Michael Maloy
*Pro se*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

APRIL CHANDLER,

*Plaintiff,*

*v.*

MARK SKIPPER et al.,

*Defendants.*

Case No.: 2:25-cv-08210-MWC-PVC

# DEFENDANT'S REPLY TO PLAINTIFF'S REQUEST FOR REMOTE ATTENDANCE

Hearing Date: November 13, 2026
Time: 1:30 p.m.
Courtroom: 6A
Judge: Hon, Michelle Williams Court

Defendant Michael Maloy does not oppose Plaintiff April Chandler's request to attend the Friday, November 13, 2026 hearing remotely. However, he files this response to correct the record regarding Plaintiff's untimeliness and continued non-compliance with the Local Rules.

On October 13, 2026, this Court issued its order setting a hearing on the Motion to Enforce Court Order, ECF No. 365. On October 26, 2026, this Court determined that the hearing would proceed as scheduled on November 13th, ECF No. 368. As stated in this Court's Civil Trial Order, all hearings shall proceed in person, and requests to appear via Zoom must be e-filed seven days before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3, ECF No. 210.

On November 8, 2026, the parties conducted their mandatory LR 16-2 pretrial conference. During that conference, Plaintiff made reference to the upcoming hearing. When Defendant asked if she would attend in person, she replied that she would request to appear remotely and asked if Defendant would object. Defendant replied that, in theory, he would not. This was the first mention of her request, and Defendant would not have found out if he had not posed the question during that conference.

The Court's 7-day threshold for requesting remote attendance would have been November 6th, with prior LR 7-3 notice due to Defendant. Plaintiff filed her request on November 8, ECF No. 372. She asserts that the "short delay" in presenting the request was due to her efforts to confer with Defendant first, yet she made no efforts to confer with Defendant until the day she filed. Given the Court's first notice of the hearing on October 13th, there was ample time for her to announce her intentions and confer with Defendant.

Defendant makes mention of this because Plaintiff has repeatedly accused Defendant of gamesmanship regarding LR 7-3 requirements, and the Court has taken her accusations at face value, reminding Defendant to observe rules and protocols. That same standard should apply to both parties.

Further, while Plaintiff makes mention in her request that the Northern District of New York (NDNY) is 2,700 miles from the Central District of California (CACD), making cross-country travel "impracticable," she has never declared or provided a verifiable physical residence address on the record, opting only to provide a P.O. Box in Endicott, NY.

**CONCLUSION**

To ensure the efficient resolution of the matters scheduled for November 13, 2026, Defendant does not object to Plaintiff being allowed to appear remotely. However, he respectfully requests the Court use its discretion when evaluating Plaintiff's request and note Plaintiff's procedural deficiencies and unverified residency claims to prevent further inequitable accusations of gamesmanship in this litigation.

Dated: November 9, 2026

Respectfully submitted,

/s/ Michael Maloy

Michael Maloy
Defendant, Pro Se